B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | **VOLUNTARY PETITION** |
|---|---|
| Southern District of New York | |

| Name of Debtor (if individual, enter Last, First, Middle):<br>NII Holdings, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See Schedule 1 Attached | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>91-1671412 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1875 Explorer Street, Suite 1000<br>Reston, VA, United States<br>ZIP CODE 20190 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Fairfax County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>See Schedule 1 Attached    ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☑ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☑ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☑ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)                                                                                               Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>NII Holdings, Inc. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed:  None | Case Number:<br>N/A | Date Filed:<br>N/A |
|---|---|---|
| Location<br>Where Filed:  N/A | Case Number:<br>N/A | Date Filed:<br>N/A |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor:<br>See Schedule 1 Attached | Case Number:<br>Pending | Date Filed:<br>Date Hereof |
|---|---|---|
| District:<br>Southern District of New York | Relationship:<br>Affiliate | Judge: |

---

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☑ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>  Signature of Attorney for Debtor(s)      (Date) |
|---|---|

---

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

  _____
  (Name of landlord that obtained judgment)

  _____
  (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                          Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>NII Holdings, Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>_____<br>   Telephone Number (if not represented by attorney)<br><br>_____<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code.<br>    Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the<br>    chapter of title 11 specified in this petition.  A certified copy of the<br>    order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>_____<br>   (Printed Name of Foreign Representative)<br><br>_____<br>   Date |
| **Signature of Attorney\*** <br><br>X _____<br>   Signature of Attorney for Debtor(s)<br>Scott J. Greenberg     David G. Heiman<br>Jones Day           Carl E. Black<br>222 East 41st Street    Jones Day<br>New York, New York 10017  North Point<br>Telephone: (212) 326-3939  901 Lakeside Avenue<br>Facsimile: (212) 755-7306  Cleveland, Ohio 44114<br>                    Telephone:  (216) 586-3939<br><br>September 15, 2014<br>_____<br>Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br>   Daniel E. Freiman<br>   Printed Name of Authorized Individual<br>   Treasurer, Vice President - Corp. Dev. & Inv. Relations<br>   Title of Authorized Individual<br>   September 15, 2014<br>   Date | _____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.* |

## SCHEDULE 1

A.    All Other Names Used by the Debtor in the last 8 years (including trade names):

   None.

B.    Location of Principal Assets of Business Debtor (if different from street address):

   The Debtor's principal assets are its equity interests in its subsidiaries and cash held in accounts with financial institutions at the following addresses:

   - Barclays Wealth Management, 200 Park Avenue, New York, NY 10166, United States; and

   - Deutsche Bank Trust Company Americas, 60 Wall Street, New York, NY 10005, United States.

C.    Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

   On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

   1.    NII Holdings, Inc.
   2.    NII Capital Corp.
   3.    NII Global Holdings, Inc.
   4.    Nextel International (Services), Ltd.
   5.    NII Funding Corp.
   6.    NII Aviation, Inc.
   7.    NII International Telecom S.C.A.
   8.    NII International Holdings S.à r.l.
   9.    NII International Services S.à r.l.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                                    :
In re:                                              :    Chapter 11
                                                    :
NII Holdings, Inc.,                                 :    Case No. 14-_____ (___)
                                                    :
                        Debtor.                     :
                                                    :
----------------------------------------------------------------x
```

## EXHIBIT "A" TO VOLUNTARY PETITION

1.    The Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934 and the Securities Exchange Commission file number is 0-32421.

2.    The following financial data refers to the Debtor's condition on a book value basis as of June 30, 2014:

      a.    Total assets                  $2,886,652,844

      b.    Total debts                    $3,471,055,507

      c.    Debt securities held by more than 500 holders:

| Description | Amount | Approximate number of holders |
|---|---|---|
| 10% Senior Unsecured Notes due August 15, 2016 | $800 million | Unknown |
| 8.875% Senior Unsecured Notes due December 15, 2019 | $500 million | Unknown |
| 7.875% Senior Unsecured Notes due August 15, 2019 | $700 million | Unknown |
| 11.375% Senior Unsecured Notes due August 15, 2019 | $900 million | Unknown |
| 7.625% Senior Unsecured Notes due April 1, 2021 | $1.45 billion | Unknown |

      d.    Number of shares of Preferred Stock          0

e.      Number of shares of Common Stock        172,363,259[1]

3.      Brief description of Debtor's business:  NII Holdings, Inc. is the ultimate parent and holding company for its debtor and non-debtor affiliates.  Certain of the Debtors' non-debtor affiliates provide wireless communication services under the Nextel™ brand name for businesses and consumers in Latin America.  Additional information regarding the Debtor is set forth in the Declaration of Daniel E. Freiman in Support of First Day Motions and in Accordance with Local Bankruptcy Rule 1007-2, which has been filed contemporaneously herewith.

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtors:  To the best of the Debtor's knowledge and belief, based on publicly filed disclosures as of September 1, 2014, no entity directly or indirectly owned, controlled or held 5% or more of the voting securities of the Debtor.

---

[1]      Total shares outstanding as of August 1, 2014.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
NII Holdings, Inc.,                         :   Case No. 14-_____ (___)
                                            :
                Debtor.                     :
                                            :
-----------------------------------------------------------------x
```

## CONSOLIDATED LIST OF CREDITORS
## HOLDING TWENTY LARGEST UNSECURED CLAIMS

        The Debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of this petition, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of the twenty largest unsecured creditors of the Debtors (the "Top Twenty List") in lieu of a separate list for each Debtor. The Top Twenty List is based on the Debtors' books and records as of approximately September 12, 2014 and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top Twenty List does not include: (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditors among the holders of the twenty largest unsecured claims. The information presented in the Top Twenty List shall not constitute an admission by, nor is it binding on, the Debtors.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security)[1] |
|---|---|---|---|---|
| 1. Wilmington Savings Fund Society, FSB | Wilmington Savings Fund Society, FSB 500 Delaware Avenue Wilmington, DE 19801 Attention: Patrick J. Healy, VP and Director Tel: 302-888-7420 Fax: 302-421-9137 Email: phealy@wsfsbank.com | Bond Debt - 7.625% Notes | | $1,500,674,479 |
| 2. Wilmington Trust, National Association as Trustee | Wilmington Trust, National Association as Trustee Rodney Square North 1100 North Market Street Wilmington, DE 19890 Attention: Joshua C. Jones, CCTS Tel: 302-636-6484 Fax: 302-636-4149 Email: jjones2@wilmingtontrust.com | Bond Debt - 11.375% Notes | | $961,728,125 |
| 3. Wilmington Savings Fund Society, FSB | Wilmington Savings Fund Society, FSB 500 Delaware Avenue Wilmington, DE 19801 Attention: Patrick J. Healy, VP and Director Tel: 302-888-7420 Fax: 302-421-9137 Email: phealy@wsfsbank.com | Bond Debt - 10% Notes | | $846,666,667 |
| 4. Wilmington Trust, National Association as Trustee | Wilmington Trust, National Association as Trustee Rodney Square North 1100 North Market Street Wilmington, DE 19890 Attention: Joshua C. Jones, CCTS Tel: 302-636-6484 Fax: 302-636-4149 Email: jjones2@wilmingtontrust.com | Bond Debt - 7.875% Notes | | $732,746,875 |

---

[1]     All amounts identified are as of September 12, 2014.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security)[1] |
|---|---|---|---|---|
| 5. U.S. Bank National Association | U.S. Bank National Association<br>1420 Fifth Avenue, 7th Floor<br>Seattle, WA 98101<br>Attention: Diana Jacobs, Vice President<br>Fax: 206-344-4694<br>Email: diana.jacobs@usbank.com | Bond Debt - 8.875% Notes | | $511,093,750 |
| 6. China Development Bank | China Development Bank Shenzhen Branch<br>No. 1093 Shennan Zhong Road, Shenzhen 518031<br>P. R. China<br>Attention: Che Nan, Deputy Director Client Division II<br>Tel: 86-755-25942783<br>Fax: 86-755-25987725<br>Email: chenan@cdb.cn | Guaranty | Contingent and Unliquidated | Undetermined |
| 7. American Tower Do Brazil-Cessão De Infra-Estrutrua-LTDA | American Tower Do Brazil-Cessão De Infra-Estrutrua-LTDA<br>c/o American Tower Corporation<br>116 Huntington Avenue<br>Boston, MA 02116<br>Attention: Ed Disanto<br>Tel: 617-375-7500<br>Fax: 617-375-7575 | Guaranty | Contingent and Unliquidated | Undetermined |
| 8. Ericsson, Inc. | Ericsson, Inc.<br>Attn: Nina Macpherson, General Counsel<br>1300 E Woodfield Rd<br>Schaumburg, IL 60173<br>Tel: 847-619-6227<br>Fax: 972-583-2273 | Trade Debt | | $840,405 |
| 9. American Express | American Express Company, Corporate Services Operations<br>AESC-P<br>20022 North 31st Ave<br>Mail Code AZ-08-03-11<br>Phoenix, AZ 85027<br>Attn: Thomas Tierney, Senior Vice President<br>Fax: 623-492-3884 | Trade Debt | | $52,903 |

  
| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security)[1] |
|---|---|---|---|---|
| 10. UBS Securities, LLC | UBS Securities, LLC 677 Washington Blvd Stamford, CT 06901 Tel: 203-719-3000 Fax: 203-719-1410 | Trade Debt | | $32,076 |
| 11. Wilmington Trust, National Association as Trustee | Wilmington Trust, National Association as Trustee Rodney Square North 1100 North Market Street Wilmington, DE 19890 Attention: Joshua C. Jones, CCTS Tel: 302-636-6484 Fax: 302-636-4149 Email: jjones2@wilmingtontrust.com | Bond Debt - 2.875% Notes | | $23,082 |
| 12. Verizon | Verizon 140 Water Street New York, NY 10007 Attn: Randal S. Milch, General Counsel Tel: 212-395-1000 Fax: 212-571-1897 | Trade Debt | | $20,092 |
| 13. Caten McGuire | Caten McGuire Reston Town Center, 11951 Freedom Drive - Suite 1300 Reston, VA 20190 Tel: 703-251-4485 Fax: 703-953-0565 | Trade Debt | | $14,656 |
| 14. Amazon Web Services, Inc. | Amazon Web Services, Inc. 410 Terry Avenue North Seattle, WA 98109 Attn: Andrew Jassy, Senior Vice President - Web Services Tel: 206-266-1000 Fax: 206-266-7010 | Trade Debt | | $8,135 |
| 15. Tata Communications | Tata Communications 144 Rue Carrie-Derick Montreal, Quebec Canada H3C6W2 Tel: 514-868-7272 Fax: 514-868-7765 | Trade Debt | | $6,233 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security)[1] |
|---|---|---|---|---|
| 16. Expesite, LLC | Expesite, LLC<br>Attn: Van Goodrich, Chief Financial Officer<br>278 N 5th St<br>Columbus, OH 43215<br>Tel: 877-324-2604<br>Fax: 614-917-1101 | Trade Debt | | $3,914 |
| 17. Concur Technologies | Concur Technologies<br>601 108th Ave NE, Suite 1000<br>Bellevue, WA 98004<br>Attn: General Counsel<br>Tel: 425-590-5000<br>Fax: 425-590-5999 | Trade Debt | | $3,319 |
| 18. Offix, LC | Offix, LLC<br>13525 Wellington Center Circle<br>Gainesville, VA 20155<br>Attn: General Counsel<br>Tel: 703-530-1200<br>Fax: 203-530-8728 | Trade Debt | | $3,142 |
| 19. Clearwater Analytics | Clearwater Analytics, LLC<br>950 W. Bannock Street<br>Boise, ID 83702<br>Attn: David Boren, CEO<br>Tel: 208-918-2400<br>Fax: 208-343-2244 | Trade Debt | | $2,218 |
| 20. Impact Office Products | Impact Office Products<br>6800 Distribution Dr<br>Beltsville, MD 20705<br>Attn: Geary FitzPatrick, Executive Vice President<br>Tel: 240-542-1300<br>Fax: 240-542-1395<br>Email: gfitzpatrick@impactofficepro.com | Trade Debt | | $1,997 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
NII Holdings, Inc.,                                     :    Case No. 14-_____ (___)
                                                        :
                    Debtor.                             :
                                                        :
-----------------------------------------------------------------x

### DECLARATION REGARDING THE CONSOLIDATED LIST OF CREDITORS HOLDING TWENTY LARGEST UNSECURED CLAIMS

      I, Daniel E. Freiman, Treasurer, Vice President – Corporate Development & Investor Relations of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing "Consolidated List of Creditors Holding Twenty Largest Unsecured Claims" and that it is true and correct to the best of my knowledge information and belief.[1]

Dated:  September 15, 2014

                                    Daniel E. Freiman
                                    Treasurer, Vice President – Corporate Development
                                    & Investor Relations of NII Holdings, Inc.

---

[1]   *Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
NII Holdings, Inc.,                         :   Case No. 14-_____ (____)
                                            :
                Debtor.                     :
                                            :
------------------------------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

        The Debtor had roughly 131 record holders of its public equity securities as of September 1, 2014 and, as of March 1, 2014, approximately 10,000 beneficial holders. Given the large number of beneficial holders, the Debtor filed a motion on the petition date, pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, requesting a waiver of the requirement to file its equity security holder list with the court.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                            :
In re:                                      :      Chapter 11
                                            :
NII Holdings, Inc.,                         :      Case No. 14-_____ (___)
                                            :
                    Debtor.                 :
                                            :
-------------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT

      Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the above-captioned debtor, on behalf of itself and its affiliated chapter 11 debtors and debtors in possession (collectively, the "Debtors"), respectively represents:

1. To the best of the Debtors' knowledge and belief, as of September 1, 2014 no person or entity held 10% or more of any class of equity securities of NII Holdings, Inc. ("NII Holdings").

2. 100% of NII Capital Corp.'s equity is directly owned by NII Holdings.

3. 100% of Nextel International (Services), Ltd.'s equity is directly owned by NII Holdings.

4. 100% of NII Funding Corp.'s equity is directly owned by NII Holdings.

5. 100% of NII Aviation, Inc.'s equity is directly owned by NII Holdings.

6. 100% of NII Global Holdings, Inc.'s equity is directly owned by NII Capital Corp.

7. 100% of NII International Holdings S.à r.l.'s equity is directly owned by NII Global Holdings, Inc.

8. 100% of NII International Services S.à r.l.'s equity is directly owned by NII International Holdings S.à r.l.

9. 50.002% of NII International Telecom S.C.A.'s equity is directly owned by NII International Holdings S.à r.l. and 49.988% of NII International Telecom S.C.A.'s equity is directly owned by NII International Services S.à r.l.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------x
                                                   :
In re:                                             :    Chapter 11
                                                   :
NII Holdings, Inc.,                                :    Case No. 14-_____ (___)
                                                   :
                    Debtor.                        :
                                                   :
                                                   :
--------------------------------------------------------------x
```

## DECLARATION REGARDING THE CORPORATE OWNERSHIP STATEMENT

I, Daniel E. Freiman, Treasurer, Vice President - Corporate Development & Investor Relations of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing "Corporate Ownership Statement" and that it is true and correct to the best of my knowledge information and belief.[1]

Dated:  September 15, 2014

Daniel E. Freiman
Treasurer, Vice President – Corporate Development
& Investor Relations of NII Holdings, Inc.

---

[1] *Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

# CERTIFICATE OF CORPORATE RESOLUTION

## NII HOLDINGS, INC.

September 14, 2014

I, Daniel E. Freiman, Treasurer, Vice President − Corporate Development & Investor Relations of NII Holdings, Inc., a Delaware corporation (the "Corporation"), do hereby certify that: (a) I am the duly elected, qualified and acting Treasurer, Vice President − Corporate Development & Investor Relations of the Corporation; (b) the following resolutions were duly adopted at a meeting of the Board of Directors of the Corporation as of September 14, 2014 in accordance with the requirements of applicable law; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof:

**WHEREAS**, the Board of Directors of the Corporation has evaluated the Corporation's alternatives in connection with a possible restructuring and has determined that the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Code by the Corporation and certain of its wholly-owned subsidiaries is in the best interest of the Corporation and its stakeholders;

**RESOLVED**, that the Corporation shall be, and it hereby is, authorized to (a) file a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for the Corporation, in the United States Bankruptcy Court for the Southern District of New York or such other court as the appropriate officer or officers of the Corporation shall determine to be appropriate (the "Bankruptcy Court"); and (b) direct certain of its wholly-owned subsidiaries to file chapter 11 petitions for relief under the Bankruptcy Code in the Bankruptcy Court (the "Subsidiary Petitions"). The Corporation is further authorized to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing and the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof;

**FURTHER RESOLVED**, that the chief executive officer, chief financial officer, general counsel or any other officer of the Corporation (collectively, the "Designated Officers") shall be, and each of them, acting alone, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Corporation to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition and the Subsidiary Petitions to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or Subsidiary Petitions or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute, acknowledge, deliver and verify any and all other documents necessary or appropriate in connection therewith or to administer the Corporation's or its subsidiaries' chapter 11 cases in such form or forms as any such Designated Officer may approve; and the actions of any Designated Officer taken pursuant to this resolution, including, the execution, acknowledgment,

delivery and verification of the Petition and Subsidiary Petitions and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Designated Officer's approval and the necessity or desirability thereof;

**FURTHER RESOLVED**, that the Designated Officers shall be, and each of them hereby is, authorized, directed and empowered to retain, on behalf of, and in the name of, the Corporation: (a) Jones Day; (b) Alvarez & Marsal North America, LLC; (c) Rothschild, Inc.; (d) McKinsey Recovery & Transformation Services U.S., LLC; (e) Prime Clerk LLC and (f) such additional professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, auditors, consultants or brokers, in each case as in such Designated Officer's judgment may be necessary or desirable in connection with the Corporation's chapter 11 case and other related matters, on such terms as such officer shall approve and such Designated Officer's retention thereof shall constitute conclusive evidence of such officer's approval and the necessity or desirability thereof;

**FURTHER RESOLVED**, that the law firm Jones Day and any additional co-counsel or special or local counsel selected by a Designated Officer, if any, shall be, and hereby are, authorized, empowered and directed to represent the Corporation, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code;

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the Designated Officers and their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Corporation, to take or cause to be taken any and all such further actions, to execute, acknowledge, deliver and verify any and all such agreements, certificates, instruments, amendments and other documents and to pay all expenses, including filing fees, in each case as in such officer's judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that all acts heretofore lawfully done or actions heretofore lawfully taken or to be taken by any officer of the Corporation in connection with the purpose, intent or implementation of these resolutions in all respects are hereby ratified, confirmed and approved; and

**FURTHER RESOLVED**, that any Designated Officer is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Designated Officer, a true copy of the foregoing resolutions.

*[Signature Pages Foll*ow]

In WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of this 14th day of September, 2014.

Daniel E. Freiman

Treasurer, Vice President – Corporate
Development & Investor Relations of
NII Holdings, Inc.