UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
NII Holdings, Inc., et al.,[1]                                 :   Case No. 14-12611 (SCC)
                                                               :
                         Debtors.                              :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### ORDER APPROVING MOTION OF AURELIUS INVESTMENT, LLC FOR THE ENTRY OF AN ORDER APPROVING SPECIFIED INFORMATION BLOCKING PROCEDURES AND PERMITTING TRADING OF CLAIMS AGAINST THE DEBTORS UPON ESTABLISHMENT OF A SCREENING WALL

Upon the motion (the "Motion") of Aurelius Investment, LLC, for itself and on behalf of its management company (Aurelius Capital Management, LP), and their respective affiliates, funds and managed entities (collectively, "Aurelius"), a member of the Official Committee of Unsecured Creditors ("Committee") appointed in these chapter 11 cases (the "Chapter 11 Cases"), concerning the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its counsel, for the entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), approving specified information blocking procedures and permitting trading in the Covered Claims (as defined below) in certain situations, and the Declarations of Dan Gropper and Dennis Prieto (the "Screening Wall Declarations") attached thereto; and adequate notice of the Motion and the opportunity for a hearing having been provided in conformance with the Order to Show Cause entered by this

---

[1] The Debtors are comprised of the following nine entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); and NII International Services S.à.r.l. (6081). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 1000, Reston, VA 20190.

Court in connection with the Motion; and no objections to the Motion having been filed; and no additional notice of or a hearing on the Motion being required under the circumstances; and, after due deliberation and sufficient cause appearing therefor, the Court being satisfied that the Motion sets forth a valid and proper basis for the relief granted herein, it is hereby:

ORDERED that the Motion is granted, subject to the terms and conditions of this Order; and it is further

ORDERED that the information blocking procedures established by Aurelius, described substantially in the Screening Wall Declarations, which are designed to prevent the misuse of Committee information and which are acceptable to the Office of the United States Trustee (the "U.S. Trustee") or otherwise consistent with those policies and procedures, are hereby approved; and it is further

ORDERED that Aurelius will not violate its duties as a Committee member and, accordingly, will not subject its claims to possible disallowance, subordination, or other adverse treatment, by trading in the Covered Claims during the pendency of the Debtors' Chapter 11 Cases, provided that Aurelius establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declarations or otherwise approved in writing by the U.S. Trustee and ordered by the Court; and it is further

ORDERED that should any entity related to or affiliated with the Debtors file a bankruptcy petition at any time after the entry of this Order, and should Aurelius contemplate trading in that new debtor's Covered Claims, Aurelius shall file additional disclosures articulating the informational blocking procedures that will be implemented by Aurelius that are designed to prevent the misuse of Committee information. Such disclosures shall be accompanied by a proposed order in substantial conformity herewith, and if no objections to

Aurelius's disclosures are filed within ten (10) business days of the filing of such disclosures, the proposed order may be entered by the Court. If objections are filed, then the Court may schedule a hearing on the matter; and it is further

ORDERED that for purposes of this Order, the term "Covered Claims" shall mean any claims against the Debtors or any affiliates of the Debtors, including, without limitation, (i) "Securities" as defined in Section 2(a)(1) of the Securities Act of 1933 (including the following: stocks, notes, bonds, debentures, participation in, or derivatives based upon or relating to, any of the Debtors' or any of their affiliates' debt obligations or equity interests) and (ii) bank debt. Aurelius's trading in the Covered Claims will not constitute a breach of this Order, provided that it establishes and effectively implements and strictly adheres to the information blocking procedures detailed in the Screening Wall Declarations or otherwise approved in writing by the U.S. Trustee; and it is further

ORDERED that in the event that any other individual Aurelius representative is chosen to replace Aurelius's representatives on the Committee, such individual will deliver to the U.S. Trustee, the Debtors and the Committee a declaration affirming his or her compliance with the screening procedures described herein prior to accepting any responsibilities in connection with these Chapter 11 Cases; and it is further

ORDERED that to the extent Aurelius delivers a notice to the U.S. Trustee that Aurelius is in material breach of the information blocking procedures detailed in the Screening Wall Declarations, Aurelius will contemporaneously deliver such notice to the Debtors' counsel; and it is further

3

ORDERED that nothing in this Order shall prejudice the right of the U.S. Trustee to take such action as he deems appropriate in the Chapter 11 Cases, including the removal of any Committee member pursuant to section 1102 of the Bankruptcy Code; and it is further

ORDERED that this Order shall not preclude the Court from taking any action it may deem appropriate in the event that it is determined that a breach of fiduciary duty has occurred as a result of a defect in, or the ineffectiveness of, the implementation of the information blocking procedures herein approved.

Dated:  October 6, 2014
        New York, New York                    /S/ Shelley C. Chapman
                                              UNITED STATES BANKRUPTCY JUDGE