*Presentment Date and Time: October 29, 2014 at 12:00 p.m. (prevailing Eastern Time)*
*Objection Deadline: October 29, 2014 at 11:30 a.m. (prevailing Eastern Time)*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Adam C. Rogoff
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Proposed Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
                                                                :
In re:                                                          :   Chapter 11
                                                                :
NII Holdings, Inc., et al.,                                     :   Case No. 14-12611 (SCC)
                                                                :
                                       Debtors.[1]              :   (Jointly Administered)
                                                                :
----------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF APPLICATION OF THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE**
**BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE**
**2014 AND 2016 FOR AN ORDER APPROVING THE RETENTION**
**AND EMPLOYMENT OF FTI CONSULTING, INC. AS**
**FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS NUNC PRO TUNC TO OCTOBER 2, 2014**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

          1.     On October 22, 2014, the Official Committee of Unsecured Creditors of
the above-captioned debtors and debtors-in-possession (the "**Committee**"), filed the annexed
*Application of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and*
*1103 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016 for an*
*Order Approving the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to*
*the Official Committee of Unsecured Creditors nunc pro tunc to October 2, 2014*
(the "**Application**").

---

[1] The Debtors are comprised of the following twelve entities: (1) NII Holdings, Inc.; (2) Nextel International
(Services), Ltd; (3) NII Capital Corp.; (4) NII Aviation, Inc.; (5) NII Funding Corp.; (6) NII Global Holdings, Inc.;
(7) NII International Telecom S.C.A.; (8) NII International Holdings S.à r.l. (N/A); (9) NII International Services
S.à. r.l.; (10) Airfone Holdings, LLC; (11) Nextel International (Uruguay), LLC; (12) McCaw International (Brazil),
LLC; and (13) NII Mercosur, LLC.

2.    Attached as **Exhibit A** to the Application is a proposed order granting the relief sought in the Application (the "**Proposed Order**").

3.    The Committee will present the Proposed Order to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 623, One Bowling Green, New York, New York 10004-1408, for signature on **October 29, 2014 at 12:00 p.m.** (prevailing Eastern Time) (the "**Presentment Date**").

4.    Objections, if any, to the Proposed Order must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, include the ECF docket number to which the filing relates in the upper right hand corner of the caption and be filed with the Bankruptcy Court and must be served on: (a) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq. and Brian Masumoto, Esq.); (b) the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 1000, Reston, VA 20190 (Attn: General Counsel); (c) counsel to the Debtors, Jones Day, 222 East 41st Street, New York, NY 10017 (Attn: Scott J. Greenberg, Esq. and George R. Howard, Esq.); and (d) counsel to the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Adam C. Rogoff, Esq. and Anu Yerramalli, Esq.), **not later than 11:30 a.m. (ET) on October 29, 2014** (the "**Objection Deadline**").

5.    Objections not served and filed on or before the Objection Deadline may not be considered by the Court. Unless an objection is received by the Objection Deadline, the Order may be signed and entered on the Presentment Date without further notice of hearing.

6.    Copies of the Application and Proposed Order may be obtained from the Court's website at http://ecf.nysb.uscourts.gov or, free of charge, at http://cases.primeclerk.com/nii.

Dated: October 22, 2014
      New York, New York

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        /s/ Kenneth H. Eckstein
        Kenneth H. Eckstein
        Adam C. Rogoff
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 715-9100
        Facsimile: (212) 715-8000

        *Proposed Counsel for the Official Committee of Unsecured Creditors*

- 2 -

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| NII Holdings, Inc., et al., | : | Case No. 14-12611 (SCC) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

----------------------------------------------------------- X

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 2016 FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO OCTOBER 2, 2014**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned proceedings (the "**Chapter 11 Cases**") of NII Holdings, Inc. and twelve of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**")[1], by and through its proposed counsel, respectfully submits this application (the "**Application**") for the entry of an order (the "**Order**"), in substantially the form attached hereto as Exhibit A, authorizing the retention of FTI Consulting, Inc., together with its wholly owned subsidiaries ("**FTI**"), as financial advisor to the Committee.  In support of the Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are comprised of the following twelve entities:  (1) NII Holdings, Inc.; (2) Nextel International (Services), Ltd; (3) NII Capital Corp.; (4) NII Aviation, Inc.; (5) NII Funding Corp.; (6) NII Global Holdings, Inc.; (7) NII International Telecom S.C.A.; (8) NII International Holdings S.à r.l. (N/A); (9) NII International Services S.à. r.l.; (10) Airfone Holdings, LLC; (11) Nextel International (Uruguay), LLC; (12) McCaw International (Brazil), LLC; and (13) NII Mercosur, LLC.

3.     The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

<u>**BACKGROUND**</u>

4.     On September 15, 2014 and October 8, 2014 (collectively, the "**Petition Date**"), NII Holdings, Inc. and its Debtor-affiliates commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). These Chapter 11 Cases filed on September 15, 2014 have been consolidated for procedural purposes only and are being administered jointly.   An application to jointly administer the four additional cases filed on October 8, 2014 is pending.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.     On the Retention Date, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), pursuant to sections 1102(a) and (b) of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 cases.  The Committee consists of the following five members: (i) Wilmington Trust, National Association; (ii) Capital Research and Management Company; (iii) Aurelius Investment, LLC; (iv) Wilmington Savings Fund Society, FSB; and (v) American Tower do Brasil-Cessao de Infra-Estruturas LTDA.

6.     At a meeting of the Committee held on the Retention Date, the Committee selected Kramer Levin Naftalis & Frankel LLP to serve as its lead counsel.  The Committee has appointed Capital Research and Management Company and Aurelius Investment, LLC, as the co-chairpersons of the Committee.

7.      Subsequently, the Committee elected to retain FTI as its financial advisor on October 2, 2014.

### RELIEF REQUESTED

8.      This Application is submitted by the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), Bankruptcy Rule 2016, Local Rule 2014-1, Local Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 ("**General Order M-447**"), authorizing the Committee to employ and retain FTI as its financial advisor in these Chapter 11 Cases, *nunc pro tunc* to October 2, 2014 (the "**Engagement**") in accordance with the terms and conditions set forth herein and in the declaration of Andrew Scruton (the "**Scruton Declaration**").

9.      The Committee is familiar with the professional standing and reputation of FTI.  The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10.     The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully.  Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

### SCOPE OF SERVICES

11.     FTI will provide such financial advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

a.  Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

b.  Assistance in the preparation of analyses required to assess any proposed financing(s);

c.  Assistance with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

d.  Assistance with the review of the Debtors' proposed key employee retention and other employee benefit programs;

e.  Assistance with the review of the Debtors' analysis of core business assets and the potential disposition or liquidation of non-core assets;

f.  Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

g.  Assistance with the review of the Debtors' corporate structure, including analysis of intercompany activities and claims;

h.  Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

i.  Assistance in the review and monitoring of the asset sale process, including, but not limited to, an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

j.  Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

k.  Assistance in the review of the claims reconciliation and estimation process;

l.  Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

m.  Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same,

as requested;

n.    Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

o.    Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

p.    Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

q.    Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

### FTI's ELIGIBILITY FOR EMPLOYMENT

12.    FTI has informed the Committee that in its view it:

a.    does not hold or represent an interest adverse to the Committee, the Debtors or the estates in the matters for which it is to be retained;

b.    is a "disinterested person" as defined by section 101(14); and

c.    has no connection with the Committee, the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee in these Chapter 11 Cases, except as set forth in the Scruton Declaration.

13.    FTI has informed the Committee that, except as may be set forth in the Scruton Declaration, it does not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code. To the best of the Committee's knowledge and based upon the Scruton Declaration, (a) FTI's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Exhibit B to the Scruton Declaration; and (b) the FTI professionals working on this matter are not relatives of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of New York. FTI has not provided, and will not provide, any professional services to the Debtors, any of the creditors,

other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

14.    FTI has fully informed the Committee of its ongoing representations as described in the Scruton Declaration and the Committee has consented to FTI's continued representation of such entities in matters unrelated to these proceedings.

15.    FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

16.    FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

### TERMS OF RETENTION

17.    FTI is not owed any amounts with respect to pre-petition fees and expenses.

18.    The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

19.    FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.  Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention and defense of fee applications in these cases, subject to Court approval.

20.    The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

**United States**

|                                                | Per Hour (USD) |
| ---------------------------------------------- | -------------- |
| Senior Managing Directors                      | $800-925       |
| Directors/Sr. Directors/Managing Directors     | 580-765        |
| Consultants/Senior Consultants                 | 300-550        |
| Administrative/Paraprofessionals/Associates    | 125-250        |

21.    FTI understands that interim and final fee awards are subject to approval by this Court.

## INDEMNIFICATION

22.    In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI requests that the following indemnification provisions be approved:

(a)    All requests of FTI for payment of indemnity pursuant to this Application shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of this engagement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

(b)    In the event that FTI seeks reimbursement from the Company for reasonable attorneys' fees in connection with a request by FTI for payment of indemnity pursuant to this Application, the invoices and supporting time records from such attorneys shall be included in FTI's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

(c)    FTI shall not be entitled to reimbursement by the Company for any fees, disbursements and other charges of FTI's counsel other than those incurred in connection with a request of FTI for payment of indemnity.

(d)    In no event shall FTI be indemnified if the Company or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

23.    The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

## NOTICE

24.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been provided to:  (a) the U.S. Trustee; (b) counsel to the Debtors; (c) U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing those certain 8.875% senior unsecured notes due in 2019; (d) Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, New York  10019 (Attn: Elizabeth McColm, Esq.) on behalf of certain noteholders; (e) Akin, Gump, Strauss, Hauer & Feld LLP, One Bryant Park, New York, New York  10036 (Attn:  David Botter, Esq.) on behalf of certain noteholders; (f) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn:  Christopher Marcus, Esq.) on behalf of certain noteholders; and (g) all parties that have filed a request for notice pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice need be given.

## NO PRIOR REQUEST

25.    No previous request for the relief sought herein has been made to this or any other court.

### Conclusion

WHEREFORE, the Committee respectfully requests that the Court enter the

Order granting the relief requested therein and such other and further relief as the Court may

deem proper.

Dated: New York, New York
      October 22, 2014

            **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
            OF NII HOLDINGS, Inc., et al.**

            By: /s/ Dan Gropper

            Aurelius Investment, LLC, solely in its capacity as Co-Chairperson of
            the Committee and not in its individual capacity.
            By:  Aurelius Capital Management, LP, solely as manager and not in its
            individual capacity
            Name:  Dan Gropper
            Title:  Managing Director

            Co-chairperson of the Official Committee of Unsecured Creditors of NII
            Holdings, Inc., et al.

Filed by:
Dated: New York, New York
October 22, 2014

            KRAMER LEVIN NAFTALIS & FRANKEL LLP

            /s/ Kenneth H. Eckstein
            Kenneth H. Eckstein
            Adam C. Rogoff
            1177 Avenue of the Americas
            New York, New York 10036
            Telephone: (212) 715-9100
            Facsimile: (212) 715-8000
            *Proposed Counsel for the Official Committee of Unsecured Creditors*

**No Objection**:

/s/ Susan D. Golden
Office of the United States Trustee
Susan D. Golden
Trial Attorney

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
NII Holdings, Inc., et al.,                                       :    Case No. 14-12611 (SCC)
                                                                  :
                                    Debtors.                      :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------ X

**ORDER AUTHORIZING RETENTION OF**
**FTI CONSULTING, INC. AS FINANCIAL ADVISOR**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the application (the "**Application**")[2] of the Official Committee of
Unsecured Creditors (the "**Committee**") appointed in the above-referenced chapter 11 cases for
an order authorizing the Committee to employ and retain FTI Consulting, Inc. ("**FTI**") as
financial advisor for the Committee, *nunc pro tunc* to October 2, 2014, all as more fully set forth
in the Application; and the Court having subject matter jurisdiction to consider the Application
and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended Standing Order
of Reference to Bankruptcy Court Judges of the District Court for the Southern District of New
York, dated January 31, 2012 (Preska, Acting C.J.); and consideration of the Application and the
relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being
proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of
the Application having been provided, and no other or further notice need be provided; and the
relief requested in the Application being in the best interests of the Committee and the estates
and creditors; and the Court having reviewed the Application and the Scruton Declaration, and
having heard the statements in support of the relief requested therein at a hearing before the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth

in the Application, the Scruton Declaration, and at the Hearing establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court; and the Court being

satisfied based on the representations made in the Application and the Scruton Declaration that

FTI is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and

after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is granted as set forth herein; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings

ascribed to them in the Application; and it is further

ORDERED that in accordance with sections 328(a) and 1103(a) of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the

Committee is authorized to employ and retain FTI as of October 2, 2014 as their financial

advisor on the terms set forth in the Application; and it is further

ORDERED that FTI shall be compensated in accordance with the procedures set

forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be

applicable, from time to time, and such procedures as may be fixed by order of this court; and it

is further

ORDERED that prior to any increases in FTI's rates, FTI shall file a supplemental

affidavit with the Court and provide ten business days' notice to the Debtors, the United States

Trustee and any official committee. The supplemental affidavit shall explain the basis for the

requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and

state whether the Committee has consented to the rate increase. The U.S. Trustee retains all

rights to object to any rate increase on all grounds including, but not limited to, the

reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court

retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

ORDERED that FTI will not charge the Debtors' estates for time spent preparing or reviewing the invoices or time records submitted in support of any monthly fee statements or fee applications, other than in accordance with the U.S. Trustee Guidelines and the Local Rules; and it is further

ORDERED that FTI will not charge the Debtors' estates for time spent on clerical or administrative services or duplicate the efforts of any other financial advisor retained by the Committee; and it is further

ORDERED that FTI is hereby authorized to keep reasonably detailed time records in increments of 1/10th of an hour and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested; and it is further

ORDERED that FTI is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applicationms as approved by the Court; and it is further

ORDERED that the following indemnification provisions are approved:

(a)     All requests of FTI for payment of indemnity pursuant to this Application shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of this engagement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

(b)     In the event that FTI seeks reimbursement from the Company for reasonable attorneys' fees in connection with a request by FTI for payment of indemnity pursuant to this Application, the invoices and

supporting time records from such attorneys shall be included in FTI's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

(c)    FTI shall not be entitled to reimbursement by the Company for any fees, disbursements and other charges of FTI's counsel other than those incurred in connection with a request of FTI for payment of indemnity.

(d)    In no event shall FTI be indemnified if the Company or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that FTI is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Application in accordance with Bankruptcy Code sections 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Bankruptcy Rules, and fee and expense guidelines and orders of the Court, including any order of the Court pertaining to monthly interim compensation; and it is further

ORDERED that FTI shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: _____, 2014

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Scruton Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| NII Holdings, Inc., et al., | : | Case No. 14-12611 (SCC) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

--------------------------------------------------------------- X

**DECLARATION IN SUPPORT OF THE APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND
1103 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2014 AND 2016 FOR AN ORDER APPROVING THE RETENTION
AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
_NUNC PRO TUNC_ TO OCTOBER 2, 2014**

I, ANDREW SCRUTON, make this declaration under 28 U.S.C. § 1746, and state the following:

1.     My name is Andrew Scruton.  I am over the age of twenty-one and competent to make this declaration.  I am a Senior Managing Director with FTI Consulting, Inc., together with its wholly owned subsidiaries ("**FTI**").  I have been employed in this capacity since 2006.  I am competent to make this declaration (the "**Declaration**") in support of the _Application_ (the "**Application**")[1] _of the Official Committee of Unsecured Creditors, Pursuant to Sections 328 and 1103 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016 for an Order Approving the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to October 2, 2014_ (the "**Engagement**").

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

2.    I submit this Declaration in support of the Application, in compliance with sections 328(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and to provide the disclosure required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

3.    Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.[2]

### FTI's Disclosure Procedures and Disinterestedness

4.    In connection with the preparation of this Declaration, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding claims against or interests in the Debtors that were made reasonably known to FTI.  A list of the parties reviewed is attached hereto as **Exhibit A**.  FTI's review, completed under my supervision, consisted of a query of the Exhibit A parties within an internal computer database containing names of individuals and entities that are present or recent former clients of FTI.  A list of such relationships that FTI identified during this process is annexed hereto as **Exhibit B**.

5.    Based on the results of its review, FTI does not have a relationship with any of the parties on Exhibit A in matters related to these proceedings.  FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtors' cases for the entities listed on Exhibit B.  FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications, and/or economic consulting services.   To the best of my knowledge, FTI does not hold or represent any

---

[2]    Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

interest adverse to the estate, nor does FTI's involvement in these cases compromise its ability to

continue such consulting services.

6.      As a result of FTI's review, the following connections warrant disclosure:

a.      It is my understanding that Sprint Corporation ("**Sprint**") is a former
affiliate and former shareholder of NII Holdings, Inc.  Sprint sold its stake
in NII Holdings, Inc. in 2006.  In addition, Sprint licenses the use of the
Nextel brand to NII Holdings, Inc.  FTI has performed and continues to
perform various consulting services on behalf of Sprint.

b.      Judge Gropper is related to an FTI employee in our forensic and litigation
consulting segment.  He is not part of the engagement team and FTI will
institute ethical wall procedures with respect to this FTI employee.

c.      Further, as part of its diverse practice, FTI appears in numerous cases,
proceedings and transactions that involve many different professionals,
including attorneys, accountants and financial consultants, who may
represent claimants and parties-in-interest in the Debtors' cases. Also, FTI
has performed in the past, and may perform in the future, advisory
consulting services for various attorneys and law firms, and has been
represented by several attorneys, law firms and financial institutions, some
of whom may be involved in these proceedings.  In addition, FTI has in
the past, may currently and will likely in the future be working with or
against other professionals involved in these cases in matters unrelated to
the Debtors and these cases. Based on our current knowledge of the
professionals involved, and to the best of my knowledge, none of these
relationships create interests adverse to the estate, and none are in
connection with these cases.

7.      As discussed herein, FTI is not believed to be a "creditor" with respect to

fees and expenses of any of the Debtors within the meaning of section 101(10) of the Bankruptcy

Code. Further, neither I nor any other member of the FTI engagement team serving this

Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or

shares of the Debtors' stock.

8.      As such, to the best of my knowledge, FTI does not hold or represent any

interest adverse to the estate, and therefore believes it is eligible to represent the Committee

under Section 1103(a) of the Bankruptcy Code.

9.      It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a supplemental declaration under Bankruptcy Rule 2014(a).

### FTI's RATES AND BILLING PRACTICES

10.      Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines and local rules, FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by FTI, including legal fees related to this retention application and future fee applications as approved by the court. FTI's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application for the employment of FTI. These hourly rates are adjusted periodically.

11.      According to FTI's books and records, during the ninety-day period prior to the Debtors' petition date, FTI performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

12.      To the best of my knowledge, (a) no commitments have been made or received by FTI with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with these chapter 11 cases.

13.      In conclusion, insofar as I have been able to ascertain and subject to the disclosures herein contained, neither FTI nor any employee thereof, represents any interest

- 4 -

adverse to the Committee, the Debtors, or their estates, in the matters upon which FTI is to be

engaged.    Accordingly, I believe that FTI is a "disinterested person" within the meaning of

section 101(14) of the Bankruptcy Code

* * * *

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of October, 2014.

/s/ Andrew Scruton
Andrew Scruton
Senior Managing Director
FTI CONSULTING, INC.
Three Times Square
New York, New York 10036
Telephone: (646) 453 1222

## <u>EXHIBIT A</u>

**Listing of Parties-in-Interest Reviewed for Current and Recent Former Relationships**

**Debtors**
NII Holdings, Inc.
Nextel International (Services), Ltd.
NII Aviation, Inc.
NII Capital Corporation
NII Funding Corporation
NII Global Holdings, Inc.
NII International Holdings S.à r.l.
NII International Services S.à r.l.
NII International Telecom S.C.A.

**Recently Dissolved or Divested Entities**
Conect, S.A.
Cosmofrecuencias S.A. de C.V.
Fonotransportes Nacionales S.A. de C.V.
Fonotransportes S.A. de C.V.
Fundación Nextel para la Acción Comunitaria
Millicom Peru, S.A.
Multifon S.A. de C.V.
Multikom, S.A.
Nextel Chile, S.A.
Nextel Communications Argentina S.R.L.
Nextel del Peru, S.A.
Nextel International Mexico, Ltd.
Nextel S.A. (f/k/a Centennial Cayman
Corporation Chile S.A.)
Nextel Serviços de Telecomunicações Ltda.
Nextel Torres e Equipamentos Ltda.
NII Digital XXI, S. de R.L. de C.V.
NII Mercosur Móviles, S.L.
NII Mercosur Telecom, S.L.
NII PCS S.A. de C.V.
Operadora de Comunicaciones S.A. de C.V.
Radio Movel Digital, S.A.
RMD do Brasil, S.A.
Servicios de Radiocomunicación Movil de
México S. de R.L. de C.V.
Telcom Telecomunicacoes do Brasil Ltda.
Teletransportes Integrales S. de R.L de C.V.

**Non-Debtor Subsidiaries of the Debtors**
Airfone Holdings LLC

Centennial Cayman Corporation
Comunicaciones Nextel de México S.A. de C.V.
Delta Comunicaciones Digitales S. de R.L. de
C.V.
Fundación Nextel, A.C.
Instituto Nextel
Instituto Nextel Esporte e Cultura
Inversiones Nextel de México S. de R.L. de C.V.
McCaw International (Brazil) LLC
Nextel International (Argentina), Ltd.
Nextel International (Indonesia) LLC
Nextel International (Peru) LLC
Nextel International (Uruguay) LLC
Nextel Telecomunicações de Longa Distancia
Ltda.
Nextel Telecomunicações Ltda.
Nextel Telecomunicações, S.A.
Nextel Telecomunicações SMP Ltda.
Nextel Uruguay, S.A.
NIHD Telecom Holdings, B.V.
NII 4G S. de R.L. de C.V.
NII Digital S. de R.L. de C.V.
NII Holdings (Cayman), Ltd.
NII International Mercosur S.à r.l.
NII International Mobile S.à r.l.
NII Mercosur LLC
NII Mexico LLC
NII Telecom S. de R.L. de C.V.
Prestadora de Servicios de Radiocomunicación
S. de R.L. de C.V.
Radiophone S. de R.L. de C.V.
Servicios NII S. de R.L. de C.V.
Sunbird Participações Ltda.
Sunbird Telecomunicações Ltda.

**Debtors' Attorneys**
Jones Day

**Debtors' Financial Advisors**
Alvarez & Marsal North America

**Debtors' Investment Banker**
Rothschild

- 1 -

**Debtors' Restructuring Consultants**
McKinsey & Company

**Debtors' Current and Recent Former
Officers
and Directors**
Salvador Alvarez
Kevin L. Beebe
Gary D. Begeman
Tahmin O. Clarke
Paulino Do Rego Barros, Jr.
Steven P. Dussek
Juan R. Figuereo
Daniel E. Freiman
Teri Gendron
Robert J Gilker
Donald Guthrie
Gokul V. Hemmady
Charles M. Herington
Carolyn F. Katz
Ricardo Knoepfelmacher
John M. McMahon
Donald Neff
Rosendo G. Parra
Raul Ramirez
John W. Risner
Gregory J. Santoro
Steven M. Shindler
Byron R Siliezar
Shana C. Smith
Dave Truzinski
Lo Van Gemert

**Major Current Business Affiliations
of Debtors' Current Directors**
2bpartners, LLC
Accuride Corporation
Affiniti LLC
Alltel Corporation
Angra Partners Gestao de Recursos, S.A.
Author & Company
Bertin Energia & Participacoes, S.A.
Brinker International, Inc.
Citizen Global
Daylight Partners
Equifax, Inc.
GS Capital Partners, L.P.
Hy Cite Corporation

Junxion, Inc.
Klox Technologies
Molson Coors Brewing Company
Pacific Gas & Electric Company
Parwin Partners
RIME Communications Capital
SBA Communications Corporation
Skyworks Solutions, Inc.
Sting Communications
Stonecreek Entertainment
Syniverse Corporation
Syniverse Holdings, Inc.
Syniverse Technologies LLC
Telecom Transport Management, Inc.
TPG Capital
Trilogy Equity Partners
Vicunha Textil
Vonage Holdings Corporation
Worldfund
Ymax/Magic Jack
Zumba Fitness LLC

**The Debtors' Professionals and Service
Providers**
Accenture LLP
Aguirre Abogados Y Asesores SAC
Alvarez & Marsal North America LLC
Auxis LLC
Baker & McKenzie
Clearwater Analytics LLC
Davis Wright Tremaine LLP
Deloitte & Touche LLP
Deloitte Abogados, S.L.
Deloitte Consulting LLP
Deloitte Tax LLP
Deloitte Tax Products Company LLC
Ernst & Young Product Sales LLC
Estudio Harnecker Carey LTDA.
Experis US, Inc.
Georgeson, Inc.
Greenberg Traurig
Guyer & Regules
Hogans Lovell
Hoyng Monegier LLP
Hunton & Williams LLP
Intertrust
Kineticom, Inc.
KPMG LLP
Lape Mansfield Nakasian & Gibson LLC

Lee Hecht Harrison LLC
Maples and Calder
McGuire Woods LLP
McKinsey Recovery & Transformation Services
McKinsey & Company, Inc.
Novalink Solutions LLC
Palacio Y Asociados Sociedad Civil
Pearl Meyer & Partners LLC
Pinheiro Neto Abogados
Posz Law Group Plc
PricewaterhouseCoopers LLP
Rodrigo, Elias & Medrano Abogados
Rothschild, Inc.
Shefsky & Froelich Ltd.
TK Labs, Inc.
TMG Legal, Inc.
Verizon Business
Williams Mullen
Winston & Strawn LLP

**Known Professionals for Certain
Non-Debtor Parties in Interest**
Metrica Investments LLC

**Depository and Disbursement Banks**
Banque et Caisse d'Epargne de l'Etat
Barclays PLC
Barclays Wealth Management
Deutsche Bank
Deutsche Bank Securities
Deutsche Bank Trust Company Americas
JP Morgan Chase & Co.

**Major Bank Lenders of Non-Debtor Affiliates
(Not Otherwise Listed)**
Banco do Brazil
Caixa

**Issuers of Letters of Credit**
Bank of America, N.A.
Barclays of London

**Banks**
Deutsche Bank Trust Company

**Security Ownership**
Frontier Capital Management Company
UBS Global Asset Management Americas
Blackrock

FMR LLC (Fidelity)
Vanguard Group

**Major Noteholders and Related Parties**
AdvisorShares Trust
Allianz Global Investors Luxembourg
Aurelius Capital Management
BlackRock Fund Advisors
Calvert Group Ltd.
Capital International Fund Management
Capital Research & Management
Capital Research Global Investors
Capital World Investors
CI Investments Inc.
Eaton Vance Management
Fidelity Management & Research
Franklin Advisers, Inc.
JPMorgan Investment Management
Oppenheimer Funds
Principal Management Corporation
Putnam Investment Management
Ridgeworth Capital Management, Inc.
T. Rowe Price Associates, Inc.
Third Avenue Management LLC
U.S. Bank National Association
USAA Investment Management Company
Wilmington Savings Fund Society, FSB

**Largest Unsecured Creditors**
Amazon Web Services
American Express
American Tower Corporation
AT&T Mobility II LLC
Boston Properties Limited Partnership
Caten McGuire LLC
China Development Bank
Cigna Healthcare
Clearwater Analytics
Concur Technologies
Covington & Burling LLP
Deloitte Financial Advisory Services LLP
Ericsson
Ernst & Young LLP
Expesite
Global Crossing Telecommunications Inc.
Impact Office Products
Interstate Relocation
Jose Miguel Porto Urrutia
Motorola Solutions, Inc.

Offix
Oracle America, Inc.
Solo W-2, Inc.
Taft Stettinius & Hollister LLP
Tata Communications
U.S. Bank
UBS Securities LLC
Verizon
XO Communications, LLC

**Official Creditors' Committee Members**
American Tower do Brasil-Cessao de
Infrastructuras LTDA
Aurelius Investment (Aurelius Capital
Management LP)
Capital Research & Management Company
Wilmington Savings Fund Society
Wilmington Trust, National Association

**Official Creditors' Committee Members'
Attorneys and Advisors**
Akin, Gump, Strauss, Hauer & Feld LLP
Andrews Kurth LLP
Blackstone
Houlihan Lokey
Hughes Hubbard & Reed LLP
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Schulte Roth & Zabel LLP

**Official Creditors' Committee Attorneys**
Kramer Levin Naftalis & Frankel LLP

**Parties to Material Contracts, License
Agreements and
Permits (that are not large unsecured
creditors)**
Apple, Inc.
Critical Path, Inc.
FUCATA S.A.
Grupo DEM Argentina S.A.
Grupo Veintitres
Hauwei Technologies Co., Ltd.
Motorola, Inc.
Optimum Advisors
Pragmatic Solutions
Sprint Corporation
Sprint Nextel Corporation
Thexal S.A.
Workday

**U.S. Trustee Employees for the Southern
District of New York**
William K. Harrington
Linda A. Riffkin
Victor Abriano
Catletha Brooks
Maria Catapano
Danny A. Choy
Michael Driscoll
Myrna R. Fields
Richard W. Fox
Susan Golden
Nadkarni Joseph
Nazar Khodorovsky
Anna M. Martinez
Brian S. Masumoto
Ercilia A. Mendoza
Mary V. Moroney
Richard C. Morrissey
Serene Nakano
Andrea B. Schwartz
Paul K. Schwartzberg
Sylvester Sharp
Andy Velez-Rivera
Greg M. Zipes

**Bankruptcy Judges for the
Southern District of New York**
Cecelia G. Morris
Stuart M. Bernstein
Shelley C. Chapman
Robert D. Drain
Robert E. Gerber
Martin Glenn
Allan L. Gropper
Robert E. Grossman
Sean H. Lane

**Major Lesors & Related Entities**
One Freedom Square LLC

**Subtenants**
Science Applications International Corporation

**Insurers, Insurance Brokers
and Third Party Administrators**
ACE American Insurance
Allianz

- 4 -

Aspen
AXA Corporate Solutions
Berkley
Cigna Health and Life Insurance Company
Chartis
Chubb – Federal
Delta Dental
Everest National Insurance
FM Global
Great American Insurance
Hartford - Twin City Fire Insurance
Ironshore
Liberty - Ohio Casualty Insurance Company
Lloyds of London
National Union
National Union Fire Insurance Co. Pittsburgh
North American Elite Company
Swiss Re
Torus
Unum Life Insurance Company
US Specialty/PIA
Professional Insurance Agency (PIA)
Westchester Fire Insurance
Willis of New York, Inc.
XL Group
XL Capital

**Parties in Litigation with the Debtors**
Incentive Travel Solutions LLC
Iron Workers District Counsel of New England
Pension Fund
Rojas, Jose L.

**Other Significant Parties-in-Interest (as known)**
Aspiro-TV
Astellia, Inc.
CORPTAX
Google, Inc.
Igloo, Inc.
JDA Software
Oracle America
Qualcomm
Sungard Treas
The NASDAQ ST
Thomson Reuters (GRC)
UBM Techweb
Verticalnet Software
VMWare Intern.
Webfilings
Workday, Inc.
Canon Financial Services

<u>EXHIBIT B</u>

**Listing of Parties-in-Interest Noted for Court Disclosure**

**<u>Relationships in Matters Related to These Proceedings</u>**

**None**

**<u>Relationships in Unrelated Matters</u>**

**Debtors' Attorneys**
Jones Day

**Debtors' Investment Banker**
Rothschild

**Debtors' Restructuring Consultants**
McKinsey & Company

**Major Current Business Affiliations
of Debtors' Current Directors**
Brinker International, Inc.
GS Capital Partners, L.P.
Pacific Gas & Electric Company
TPG Capital

**The Debtors' Professionals and Service Providers**
Accenture LLP
Alvarez & Marsal North America LLC
Baker & McKenzie
Davis Wright Tremaine LLP
Deloitte & Touche LLP
Deloitte Abogados, S.L.
Deloitte Consulting LLP
Deloitte Tax LLP
Deloitte Tax Products Company LLC
Ernst & Young Product Sales LLC
Experis US, Inc.
Georgeson, Inc.
Greenberg Traurig
Hunton & Williams LLP
KPMG LLP
Maples and Calder
McGuire Woods LLP
PricewaterhouseCoopers LLP
Rothschild, Inc.
Verizon Business
Winston & Strawn LLP

**Depository and Disbursement Banks**
Barclays PLC

Barclays Wealth Management
Deutsche Bank
Deutsche Bank Securities
Deutsche Bank Trust Company Americas
JP Morgan Chase & Co.

**Major Bank Lenders of Non-Debtor Affiliates
(Not Otherwise Listed)**
Caixa

**Issuers of Letters of Credit**
Bank of America, N.A.
Barclays of London

**Banks**
Deutsche Bank Trust Company

**Security Ownership**
UBS Global Asset Management Americas
Blackrock
FMR LLC (Fidelity)
Vanguard Group

**Major Noteholders and Related Parties**
Aurelius Capital Management
BlackRock Fund Advisors
Capital Research & Management
Eaton Vance Management
Franklin Advisers, Inc.
JPMorgan Investment Management
Oppenheimer Funds
Putnam Investment Management
T. Rowe Price Associates, Inc.
Third Avenue Management LLC
U.S. Bank National Association
Wilmington Savings Fund Society, FSB

**Largest Unsecured Creditors**
American Express
American Tower Corporation
AT&T Mobility II LLC

- 1 -

Boston Properties Limited Partnership
Cigna Healthcare
Covington & Burling LLP
Deloitte Financial Advisory Services LLP
Ericsson
Ernst & Young LLP
Motorola Solutions, Inc.
Oracle America, Inc.
Taft Stettinius & Hollister LLP
U.S. Bank
UBS Securities LLC
Verizon

**Official Creditors' Committee Members**
Aurelius Capital Management
Capital Research & Management Company
Wilmington Savings Fund Society
Wilmington Trust, National Association

**Official Creditors' Committee Members'**
**Attorneys and Advisors**
Akin, Gump, Strauss, Hauer & Feld LLP
Andrews Kurth LLP
Blackstone
Houlihan Lokey
Hughes Hubbard & Reed LLP
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Schulte Roth & Zabel LLP

**Official Creditors' Committee Attorneys**
Kramer Levin Naftalis & Frankel LLP

**Parties to Material Contracts, License**
**Agreements and**
**Permits (that are not large unsecured creditors)**

Apple, Inc.
Motorola, Inc.
Sprint Corporation
Sprint Nextel Corporation
Workday

**Subtenants**
Science Applications International Corporation

**Insurers, Insurance Brokers**
**and Third Party Administrators**
ACE American Insurance
Allianz
Aspen
AXA Corporate Solutions
Berkley
Cigna Health and Life Insurance Company
Chartis
Ironshore
Lloyds of London
National Union
National Union Fire Insurance Co. Pittsburgh
Swiss Re
Torus
Westchester Fire Insurance

**Other Significant Parties-in-Interest (as known)**
Google, Inc.
Oracle America
Qualcomm
Thomson Reuters (GRC)
Workday, Inc.