**Hearing Date and Time:  November 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline:  November 6, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Scott J. Greenberg

- and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
NII Holdings, Inc., <u>et al.</u>,[1]         :    Case No. 14-12611 (SCC)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
-------------------------------------------------------------x

## NOTICE OF MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER ESTABLISHING PROCEDURES FOR THE SALE, TRANSFER OR <u>ABANDONMENT OF MISCELLANEOUS AND DE MINIMIS ASSETS</u>

---

[1]    The Debtors are comprised of the following thirteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); and NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 1000, Reston, VA 20190.

**PLEASE TAKE NOTICE** that a hearing on the *Motion of Debtors and Debtors in Possession for an Order Establishing Procedures for the Sale, Transfer or Abandonment of Miscellaneous and De Minimis Assets* (the "<u>Motion</u>") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), One Bowling Green, Courtroom No. 623, New York, New York 10004, on **November 13, 2014, at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion must be made in writing, with a hard copy to Chambers, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York and be filed with the Bankruptcy Court and must be served on: (a) the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.); (b) the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 1000, Reston, VA  20190 (Attn:  General Counsel); and (c) Jones Day, 222 East 41st Street, New York, New York  10017 (Attn:  Scott J. Greenberg, Esq. and George R. Howard, Esq.), not later than **4:00 p.m. (Eastern Time) on November 6, 2014** (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that only those objections that are timely filed, served, and received will be considered at the hearing.  If no objections are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court a final order substantially in the form attached to the Motion, which order shall be submitted and may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained from

the Court's website at http://ecf.nysb.uscourts.gov or, free of charge, at

http://cases.primeclerk.com/nii/.

Dated:  October 23, 2014                         Respectfully submitted,
        New York, New York

                                                  /s/   Carl E. Black
                                                 Scott J. Greenberg
                                                 JONES DAY
                                                 222 East 41st Street
                                                 New York, New York  10017
                                                 Telephone:  (212) 326-3939
                                                 Facsimile:  (212) 755-7306

                                                  - and -

                                                 David G. Heiman (admitted *pro hac vice*)
                                                 Carl E. Black (admitted *pro hac vice*)
                                                 JONES DAY
                                                 North Point
                                                 901 Lakeside Avenue
                                                 Cleveland, Ohio  44114
                                                 Telephone:  (216) 586-3939
                                                 Facsimile:  (216) 579-0212

                                                 ATTORNEYS FOR DEBTORS AND
                                                 DEBTORS IN POSSESSION

**Hearing Date and Time:  November 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline:  November 6, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Scott J. Greenberg

 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| NII Holdings, Inc., <u>et al.</u>,[1] | : | Case No. 14-12611 (SCC) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
-------------------------------------------------------------x

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER ESTABLISHING PROCEDURES FOR THE SALE, TRANSFER OR ABANDONMENT OF MISCELLANEOUS AND DE MINIMIS ASSETS

---

[1]    The Debtors are comprised of the following thirteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses):  NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); and NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079).  The location of the Debtors' corporate headquarters and the Debtors' service address is:  1875 Explorer Street, Suite 1000, Reston, VA  20190.

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

NII Holdings, Inc. ("NII Holdings") and twelve of its direct and indirect

subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully

represent as follows:

**Background**

1.       On September 15, 2014 (the "Petition Date"), certain of the Debtors

(the "Original Debtors") commenced these cases by filing voluntary petitions for relief under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On October 8, 2014,

four of the Original Debtors' affiliates also filed chapter 11 bankruptcy petitions in this District.

All of the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being administered jointly.

2.       On September 29, 2014, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors

(the "Creditors' Committee") in these chapter 11 cases pursuant to section 1102 of the

Bankruptcy Code.

3.       The Debtors are authorized to continue to operate their business and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

4.       NII Holdings is the ultimate parent and holding company for its debtor and

non-debtor affiliates.  Certain of the Debtors' non-debtor affiliates (the "Operating Companies")

provide wireless communication services under the Nextel™ brand name for businesses and

consumers in Latin America.

5.      Additional information regarding the background of the Debtors, the reasons for filing these cases and the Debtors' goals for these cases are set forth in the Declaration of Daniel E. Freiman in Support of First Day Motions and in Accordance with Local Bankruptcy Rule 1007-2 [Docket No. 19] (the "<u>Freiman Declaration</u>").

### Jurisdiction

6.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.      By this motion (the "<u>Motion</u>"), the Debtors request the entry of an order, pursuant to sections 105 and 363 of the Bankruptcy Code, (a) approving procedures by which the Debtors may consummate the sale, transfer or abandonment of certain personal property and equipment of limited value (collectively, the "<u>Miscellaneous Assets</u>") without the need for further Court approval and (b) granting certain related relief.

### Facts Relevant to This Motion

8.      As set forth in greater detail in the Freiman Declaration, NII Holdings has reduced its headcount from over 300 employees to just 70 employees as of the Petition Date.  As a result of these changes, the Debtors no longer require various related personal property and equipment such as office furniture and data center and computer equipment.

9.      Accordingly, the Debtors anticipate that during the pendency of these cases they will attempt to sell or transfer Miscellaneous Assets that are no longer necessary to the Debtors' operations.  The Debtors believe that these transactions will involve non-core assets that, in most cases, are of relatively *de minimis* value compared to the Debtors' total asset base.  Nevertheless, many of these transactions arguably may constitute transactions outside of the

ordinary course of the Debtors' business that typically might require Court approval pursuant to section 363(b)(1) of the Bankruptcy Code.[2]  In addition, while the Debtors intend to sell Miscellaneous Assets where possible, if the Debtors are unable to find purchasers for any Miscellaneous Assets, the Debtors are seeking authority to abandon such property pursuant to the procedures outlined below where, in the exercise of their reasonable business judgment, the Debtors determine that the cost of continuing to maintain, relocate and/or store such Miscellaneous Assets outweighs any potential recovery from a future sale or transfer.

10.    Requiring Court approval of every such transaction would be administratively burdensome to the Court and costly for the Debtors' estates, especially in light of the small size of the assets involved.  In certain cases, the costs and delays associated with seeking individual Court approval potentially would eliminate, or substantially undermine, the economic benefits of a sale transaction.  To lessen these burdens and costs, and to obtain more expeditious and cost-effective review by interested parties of transactions involving smaller, less valuable, non-core assets, the Debtors hereby seek the approval of the procedures described herein (the "Miscellaneous Asset Procedures") for the sale, transfer or abandonment of Miscellaneous Assets falling within certain specified economic parameters.

## Miscellaneous Asset Procedures

### *Transactions Subject to the Miscellaneous Asset Procedures*

11.    The Miscellaneous Asset Procedures will apply only to (a) the sale or transfer of Miscellaneous Assets involving, in each case, $250,000 or less in total consideration, as measured by the amount of cash and other consideration to be received by the Debtors on account of the Miscellaneous Assets to be sold or transferred in any one transaction or in any

---

[2]    Section 363(b)(1) of the Bankruptcy Code states that a "trustee after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

series of related transactions and (b) the abandonment of Miscellaneous Assets with a book value of $250,000 or less.

*Notice and Opportunity to Object*

12.     Other than with respect to De Minimis Assets (as defined below), after a Debtor enters into a contract or contracts (or bill of sale or other legal document) contemplating a transaction that is subject to the Miscellaneous Asset Procedures (a "Proposed Sale"), the Debtor will serve a notice of the Proposed Sale (a "Sale Notice") by hand delivery, overnight mail or email on (a) the U.S. Trustee, (b) counsel to the Creditors' Committee and (c) all known parties holding or asserting liens on or other interests in the assets that are the subject of the Proposed Sale and their respective counsel (if known) (collectively, the "Interested Parties").

13.     The Sale Notice will include the following information with respect to the Proposed Sale:

- a description of the assets that are the subject of the Proposed Sale and their location(s);

- the identity of the nondebtor party or parties to the Proposed Sale and any relationships of the party or parties with the Debtors;

- the identities of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction;

- the major economic terms and conditions of the Proposed Sale;[3] and

- instructions consistent with the terms described below regarding the procedures to assert objections to the Proposed Sale ("Objections").

---

[3]    This information may be provided by attaching the applicable contract or contracts (or other relevant documents) to the Sale Notice. To the extent that the contract or contracts are not attached to the Sale Notice, the Debtors shall also serve a copy of such contract or contracts on counsel to the Creditors' Committee with the Sale Notice.

14.     After determining to abandon any Miscellaneous Assets (the "Proposed Abandonment"), the Debtors will serve a notice (the "Abandonment Notice") by hand delivery, overnight mail or email on the Interested Parties.  The Abandonment Notice will specify:  (a) the Miscellaneous Assets being abandoned; (b) a summary of the justifications for the abandonment; and (c) the identities of any known parties holding or asserting liens or other interests in the relevant Miscellaneous Assets.

15.     Interested Parties will have through 5:00 p.m. (prevailing Eastern Time) on the seventh (7th) day after the date of service of the Sale Notice or Abandonment Notice, as applicable (the "Notice Period") to object to the Proposed Sale or Proposed Abandonment pursuant to the objection procedures described below.  If no Objections are properly asserted prior to expiration of the Notice Period, the applicable Debtor or Debtors will be authorized, without further notice and without further Court approval, to consummate the Proposed Sale in accordance with the terms and conditions of the underlying contract, contracts or other documents or to proceed with the Proposed Abandonment.  In addition, the applicable Debtor or Debtors may consummate a Proposed Sale or Proposed Abandonment prior to expiration of the applicable Notice Period if each Interested Party consents in writing to the Proposed Sale or Proposed Abandonment.  Upon either (a) the expiration of the Notice Period without the receipt of any Objections or (b) the written consent of all Interested Parties, the Proposed Sale or Proposed Abandonment will be deemed final and fully authorized by the Court.

16.     If any significant economic terms of a Proposed Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the applicable Debtor or Debtors must send a revised Sale Notice to all Interested Parties describing the

Proposed Sale, as amended.  If a revised Sale Notice is required, the Notice Period will be

extended for an additional seven (7) days from the date of service of such revised Sale Notice.

***Objection Procedures***

   17. Any Objections to a Proposed Sale or a Proposed Abandonment must be

in writing and served on the Interested Parties, the Debtors, the Debtors' counsel and counsel to

the Creditors' Committee so as to be received by all such parties prior to expiration of the Notice

Period.  Each Objection must state with specificity the grounds for objection.  If an Objection to

a Proposed Sale or Proposed Abandonment is properly served, the Proposed Sale or Proposed

Abandonment may not proceed absent (a) written withdrawal of the Objection, (b) entry of an

order of the Court specifically approving the Proposed Sale or Proposed Abandonment or (c) the

submission of a Consent Order (defined below) in accordance with the procedures described

below.

   18. Any Objections may be resolved without a hearing by an order of the

Court submitted on a consensual basis by the applicable Debtor or Debtors and the objecting

party (a "Consent Order"); provided, however, that if any significant economic terms of a

Proposed Sale are modified by the Consent Order, the applicable Debtor or Debtors must:

(a) prior to submission to the Court of the Consent Order, provide the Interested Parties with

seven (7) business days' notice of the Consent Order and an opportunity to object to the terms

thereof by transmitting a written statement of objection to the Debtors' counsel; and (b) with the

Consent Order, provide the Court with a written certification that (i) such prior notice was given,

and (ii) no Interested Party timely asserted an Objection to the Consent Order.  If the Debtors are

unable to resolve an Objection on a consensual basis, the applicable Debtor or Debtors may

schedule the Proposed Sale or Proposed Abandonment and the Objection for hearing at the next

available omnibus hearing date in these chapter 11 cases by giving at least seven (7) days' written notice of the hearing to any objecting party.

***De Minimis Assets***

19.     Notwithstanding the notice procedures described above, for (a) any asset sale transactions involving less than $50,000 in total consideration as measured by the amount of cash and other consideration to be received by the Debtors on account of the Miscellaneous Assets to be sold or transferred in any one transaction or in any series of related transactions (a "De Minimis Sale") or (b) the abandonment of any asset with a book value of less than $50,000 (a "De Minimis Abandonment"), the applicable Debtor or Debtors will be authorized, without following the notice procedures otherwise required under the Miscellaneous Asset Procedures and without further notice and further Court approval, to consummate the De Minimis Sale or De Minimis Abandonment and such De Minimis Sales or De Minimis Abandonments will be deemed final and fully authorized by the Court.

***Effects of Sale***

20.     Buyers of any assets sold pursuant to the Miscellaneous Asset Procedures will take title to the assets free and clear of liens, claims, encumbrances and other interests, pursuant to section 363(f) of the Bankruptcy Code.  All such liens, claims, encumbrances and other interests will attach to the proceeds of the sale to the extent applicable state law, any relevant security agreement (or both) provide for the continuation of such liens, claims, encumbrances and other interests, with the same validity and priority as with respect to the assets. In addition, the Debtors propose that all buyers of any assets sold pursuant to the Miscellaneous Asset Procedures be entitled to the protections of section 363(m) of the Bankruptcy Code.

*Reporting Requirements*

21.    The Debtors will provide, to the extent practicable, a written report or reports, within twenty (20) days after each calendar month concerning any such sales, transfers, or abandonments made pursuant to the Miscellaneous Asset Procedures (including the names of the purchasing parties and the types and amounts of the sales or abandonments) to the U.S. Trustee and counsel to the Creditors' Committee.  No such reports will be provided, however, for any month where there are no such sales, transfers or abandonments.

<u>Argument</u>

*Approval of Sales under Section 363(b) of the Bankruptcy Code*

22.    Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  The notice and hearing requirements contained in section 363(b)(1) are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

23.    Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor.  <u>See</u> <u>In re Chateaugay Corp.</u>, 973 F.2d 141 (2d Cir. 1992) (approval of section 363(b) sale is appropriate if good business reasons exist for such sale); <u>see also</u> <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983).  Courts will generally accord significant deference to a debtor's business judgment to sell assets outside the ordinary course of business.  <u>See</u> <u>In re W.A. Mallory Co., Inc.</u>, 214 B.R. 834, 836-37 (Bankr. E.D. Va.

1997) ("[G]reat deference is given to a business in determining its own best interests."); see also In re Global Crossing, Ltd., 295 B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the Debtors and their advisors, so long as they have satisfied the requirements articulated in the case law.").

***Approval of Abandonment under Section 554(a) of the Bankruptcy Code***

24.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Section 554(a) of the Bankruptcy Code thus requires two showings. First, the property to be abandoned must be property of the estate. 11 U.S.C. §§ 541 and 554. Second, the property to be abandoned must be burdensome or of inconsequential value or benefit to the debtor's estate. In re Grossinger's Assocs., 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995). The debtor-in-possession is afforded significant discretion in determining the value and benefits of particular property for purposes of the decision to abandon it. In re Interpictures Inc., 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("abandonment is in the discretion of the [debtor], bounded only by that of the court"). This right to abandon exists so that "burdensome property" can be removed and the "best interests of the estate" will be furthered. South Chicago Disposal, Inc. v. LTV Steel Co., Inc. (In re Chateaugay Corp.), 130 B.R. 162, 166 (S.D.N.Y. 1991) (quoting In re New York Investors Mutual Group, Inc., 143 F. Supp. 51, 54 (S.D.N.Y. 1956)).

25.    The Debtors expect to take all reasonable steps to sell Miscellaneous Assets. The costs associated with sales of certain Miscellaneous Assets, however, may exceed any possible proceeds thereof. The inability to consummate a commercially reasonable sale of Miscellaneous Assets would indicate that such assets have no meaningful monetary value.

Further, the costs of storing and maintaining such assets may burden the Debtors' estates.

Accordingly, the abandonment of Miscellaneous Assets pursuant to the procedures set forth

herein is in the best interests of the Debtors' estates and should be approved.

### *Limiting Notice*

26.    Generally, Rules 2002(a)(2) and 2002(i) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") require that a minimum of 21 days' notice of

proposed sales of property outside the ordinary course of business be provided by mail to "the

debtor, the trustee, all creditors and indenture trustees" and any committee appointed under

section 1102 of the Bankruptcy Code.  As noted above, the "notice" required by

section 363(b)(1) of the Bankruptcy Code is "such notice as is appropriate in the particular

circumstances."  11 U.S.C. § 102(1)(A).  Pursuant to Bankruptcy Rule 2002(i), courts may limit

notice of asset sales outside of the ordinary course of a debtor's business, even without a prior

showing of cause, to the United States Trustee, any official committee appointed under

section 1102 of the Bankruptcy Code and parties who have requested notice pursuant to

Bankruptcy Rule 2002.

27.    Bankruptcy courts have recognized that, when determining whether notice

is appropriate under the circumstances for purposes of section 102(1)(A) of the Bankruptcy Code,

they are "guided by fundamental notions of procedural due process."  In re Lomas Fin. Corp.,

212 B.R. 46, 54 (Bankr. D. Del. 1997).  Due process "requires that any notice is 'reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action

and afford them an opportunity to present their objections.'"  Id. (quoting Mullane v. Cent.

Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  In sum, if basic due process is afforded

to interested parties and appropriate cause is established, a court may determine that limited

notice of an asset sale is appropriate.

28.    The Debtors seek the approval of the Miscellaneous Asset Procedures to maximize the net value realized from sales of relatively immaterial or *de minimis* assets.  These procedures will accommodate the smooth and timely consummation of such small asset sales. Under the circumstances, the usual process of obtaining Court approval of each Proposed Sale subject to the Miscellaneous Asset Procedures (a) would impose unnecessary administrative burdens on the Court and use valuable Court time at omnibus hearings, (b) would create costs to the Debtors' estates that may undermine or eliminate the economic benefits of the underlying transactions and (c) in some instances may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time.  As such, the Debtors propose to streamline the process as described herein.

29.    For the foregoing reasons, the Debtors submit that:  (a) sufficient cause exists to implement the modified notice provisions proposed herein; and (b) these modified notice procedures will make the sale process for relatively immaterial or *de minimis* assets as efficient as possible, while preserving fully the rights of the Interested Parties.

30.    The Debtors also believe that limiting service of the Sale Notices and Abandonment Notices to the Interested Parties is justified under the circumstances.  The Interested Parties represent the key parties in interest who should receive notice of any Proposed Sale or Proposed Abandonment.  In particular, Sale Notices and Abandonment Notices would be served on the primary parties representing the interests of unsecured creditors of the Debtors' estates, i.e., the U.S. Trustee and counsel to the Creditors' Committee.  Under the circumstances, the Debtors believe that this manner of notice is appropriate and fully preserves necessary due process rights.

*Approval of Transactions Without a Hearing*

31.    The sale of property outside of the ordinary course of business or the abandonment of property may occur only "after notice and a hearing."  11 U.S.C. §§ 363(b)(1) and 554(a).  Such sales or abandonments are authorized without an actual hearing, however, if no party in interest timely requests such a hearing.  11 U.S.C. § 102(1)(B)(i) (notwithstanding any statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").  Moreover, as described above, due process is satisfied if parties in interest are given "an opportunity to present their objections."  Mullane, 339 U.S. at 314 (emphasis added).

32.    The Debtors believe that the Miscellaneous Asset Procedures comport with the hearing requirements of the Bankruptcy Code and due process by providing an opportunity for Interested Parties to present Objections and request a hearing on each Proposed Sale and Proposed Abandonment.  Under these circumstances, a Proposed Sale or Proposed Abandonment may be approved without a hearing if, after being presented with the opportunity to object and seek a determination of the Court, no Interested Party requests a hearing.

33.    With respect to De Minimis Sales and De Minimis Abandonments, the Debtors believe that the opportunity to object to this Motion and the hearing on this Motion are sufficient to satisfy the hearing requirements of the Bankruptcy Code and due process under the circumstances.  The primary parties representing the interests of unsecured creditors of the Debtors' estates (i.e., the U.S. Trustee and counsel to the Creditors' Committee), as well as all parties who have filed a request for notice pursuant to Bankruptcy Rule 2002 in these cases, are being given the opportunity to object to this Motion.

### *Sales Free and Clear of Interests*

34.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if:  (a) applicable nonbankruptcy law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

35.     Assets encumbered by interests held by other parties may be sold pursuant to the Miscellaneous Asset Procedures only to the extent permitted by section 363(f) of the Bankruptcy Code.  As such, the relief requested in this Motion leaves the requirements of section 363(f) of the Bankruptcy Code unaltered.  Moreover, as noted above, the Debtors propose that such interests attach to the proceeds of the sales to the extent provided by applicable state law, any relevant security agreement or both.

### *Protections of Section 363(m) of the Bankruptcy Code*

36.     Section 363(m) of the Bankruptcy Code provides, in relevant part, that the reversal or modification on appeal of an authorization under section 363(b) of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.  See 11 U.S.C. § 363(m).  "Although the Bankruptcy Code does not define the meaning of "goodfaith purchaser," most courts have adopted a traditional equitable definition:  one who purchases the assets for value, in good faith and without notice of adverse claims."  In re Gucci, 126 F.3d 380, 390 (2d Cir. 1997) (internal citations omitted).

37.    Here, the Debtors only intend to sell or transfer Miscellaneous Assets

pursuant to arms' length transactions.  Moreover, Interested Parties will have notice of the

Proposed Sale and an opportunity to object as set forth above.  Therefore, the Debtors request

that any buyer of Miscellaneous Assets pursuant to the Miscellaneous Asset Procedures be

entitled to the protection afforded by section 363(m) of the Bankruptcy Code.

***Approval of Similar Procedures in Other Cases***

38.    In light of the demonstrable benefits of streamlined procedures to sell

small assets and the legal justifications described above, procedures similar to the Miscellaneous

Asset Procedures have been approved in other chapter 11 cases in this district.  See, e.g., In re

LightSquared, Inc., Case No. 12-12080 (Bankr. S.D.N.Y. Aug. 14, 2012) (authorizing the sale or

abandonment of assets valued less than or equal to $500,000 with no advance notice and

authorizing sales greater than $500,000 but less than or equal to $1,000,000 on five business

days' advance notice to interested or affected parties); In re Eastman Kodak Co., Case No. 12-

10202 (Bankr. S.D.N.Y. Feb. 28, 2012) (authorizing sales less than or equal to $3,000,000 with

no advance notice and authorizing sales greater than $3,000,000 and less than or equal to

$10,000,000 on ten days' advance notice to interested or affected parties); In re Hostess Brands,

Inc., Case No. 12-22052, (Bankr. S.D.N.Y. Feb. 22, 2012) (authorizing sales less than $750,000

with no advance notice and authorizing sales greater than or equal to $750,000 and less than or

equal to $4,000,000 on seven days' advance notice to interested or affected parties); In re Borders

Grp., Inc., Case No. 11-10614 (Bankr. S.D. N.Y. May 16, 2011) (authorizing sales less than or

equal to $300,000 with no advance notice and sales greater than $300,000 and less than or equal

to $1,000,000 on five business days' advance notice to interested or affected parties); In re The

Great Atl. & Pac. Tea Co., Case No. 10-24549 (Bankr. S.D.N.Y. Mar. 10, 2011) (authorizing

sales less than $500,000 with no advance notice and authorizing sales greater than $500,000 and

less than or equal to $4,000,000 on seven days' advance notice to interested or affected parties);

In re Insight Health Servs. Holdings Corp., Case No. 10-16564 (Bankr. S.D.N.Y. Jan. 4, 2011)

(authorizing sales less than $500,000 with no advance notice and authorizing sales greater than

or equal to $500,000 and less than or equal to $1,500,000 on seven days' advance notice to

interested or affected parties).

## Notice

39.    No trustee or examiner has been appointed in these chapter 11 cases.

Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Creditors'

Committee; (c) U.S. Bank National Association, solely in its capacity as the trustee under the

indenture governing those certain 8.875% senior unsecured notes due in 2019; (d) Paul, Weiss,

Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, New York  10019

(Attn:  Elizabeth McColm, Esq.) on behalf of certain noteholders; (e) Akin, Gump, Strauss,

Hauer & Feld LLP, One Bryant Park, New York, New York  10036 (Attn:  David Botter, Esq.)

on behalf of certain noteholders; (f) Kirkland & Ellis LLP, 601 Lexington Avenue, New York,

New York  10022 (Attn:  Christopher Marcus, Esq.) on behalf of certain noteholders; and (g) all

parties that have filed a request for notice pursuant to Bankruptcy Rule 2002.  The Debtors

submit that no other or further notice need be provided.

## No Prior Request

40.    No prior request for the relief sought in this Motion has been made to this

or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter an order substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

Dated:  October 23, 2014
       New York, New York

Respectfully submitted,

    /s/   Carl E. Black
Scott J. Greenberg
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

  - and -

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# **EXHIBIT A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
NII Holdings, Inc., et al.,[1]            :    Case No. 14-12611 (SCC)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
-------------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES FOR THE SALE,
TRANSFER OR ABANDONMENT OF MISCELLANEOUS AND DE MINIMIS ASSETS**

This matter coming before the Court on the Motion of Debtors and Debtors in Possession for an Order Establishing Procedures for Sale, Transfer or Abandonment of Miscellaneous and De Minimis Assetss (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the

---

[1]    The Debtors are comprised of the following thirteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses):  NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); and NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079).  The location of the Debtors' corporate headquarters and the Debtors' service address is:  1875 Explorer Street, Suite 1000, Reston, VA  20190.

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Court having determined that the relief requested in the Motion is in the best interests of the

Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Miscellaneous Asset Procedures, as set forth in the Motion, are

approved, as follows:

(a)      The Miscellaneous Asset Procedures shall apply only to (a) the

sale or transfer of Miscellaneous Assets involving, in each case, $250,000 or less

in total consideration, as measured by the amount of cash and other consideration

to be received by the Debtors on account of the Miscellaneous Assets to be sold

or transferred in any one transaction or in any series of related transactions and

(b) the abandonment of Miscellaneous Assets with a book value of $250,000 or

less.

(b)      Other than with respect to De Minimis Assets, after a Debtor enters

into a contract or contracts (or bill of sale or other legal document) contemplating

a Proposed Sale, the Debtors shall serve a Sale Notice by hand delivery, overnight

mail or email on (i) the U.S. Trustee, (ii) counsel to the Creditors' Committee,

Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York,

New York 10036 (Attn: Adam C. Rogoff, Esq., and Anupama Yerramalli, Esq.)

and (iii) all known parties holding or asserting liens on or other interests in the

assets that are the subject of the Proposed Sale and their respective counsel (if

known) (collectively, the "Interested Parties").  To the extent that the relevant

contract or contracts are not attached to the Sale Notice, the Debtors shall also

serve a copy of such contract or contracts on counsel to the Creditors' Committee

with the Sale Notice.

3.      The Sale Notice shall include the following information with respect to the

Proposed Sale:

- a description of the assets that are the subject of the Proposed Sale and their locations;

- the identity of the nondebtor party or parties to the Proposed Sale and any relationships of the party or parties with the Debtors;

- the identities of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction;

- the major economic terms and conditions of the Proposed Sale (which information may be provided by attaching the applicable contract or contracts or other relevant documents to the Sale Notice); and

- instructions consistent with the terms described below regarding the procedures to assert Objections.

4.      After determining to abandon any Miscellaneous Assets (the "Proposed

Abandonment"), the Debtors will serve a notice (the "Abandonment Notice") by hand delivery,

overnight mail or email on the Interested Parties.  The Abandonment Notice will specify:  (a) the

Miscellaneous Assets being abandoned; (b) a summary of the justifications for the abandonment;

and (c) the identities of any known parties holding or asserting liens or other interests in the

relevant Miscellaneous Assets.

5.      Interested Parties will have through 5:00 p.m. (prevailing Eastern Time)

on the seventh (7th) day after the date of service of the Sale Notice or the Abandonment Notice

(the "Notice Period") to object to the Proposed Sale or Proposed Abandonment pursuant to the

objection procedures described below.  If no Objections are properly asserted prior to expiration

of the Notice Period, the applicable Debtor or Debtors will be authorized, without further notice

and without further Court approval, to consummate the Proposed Sale in accordance with the terms and conditions of the underlying contract, contracts or other documents or to proceed with the Proposed Abandonment.  In addition, the applicable Debtor or Debtors may consummate a Proposed Sale or Proposed Abandonment prior to expiration of the applicable Notice Period if each Interested Party consents in writing to the Proposed Sale or Proposed Abandonment.  The Proposed Sale or Proposed Abandonment will be deemed final and fully authorized by the Court upon the occurrence of either:  (a) the expiration of the Notice Period without the receipt of any Objections; or (b) the written consent of all Interested Parties.

6.    If any significant economic terms of a Proposed Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Notice Period, the applicable Debtor or Debtors shall send a revised Sale Notice to all Interested Parties describing the Proposed Sale, as amended.  If a revised Sale Notice is required, the Notice Period shall be extended for an additional seven (7) days from the date of service of the revised Sale Notice.

7.    Any Objections to a Proposed Sale or Proposed Abandonment must be in writing and served on (a) the Interested Parties, (b) the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 1000, Reston, Virginia 20190 (Attn: General Counsel), (c) the Debtors' counsel, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Scott J. Greenberg, Esq. and George R. Howard, Esq.) and Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190 (Attn: Carl E. Black, Esq.) and (d) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Adam C. Rogoff, Esq., and Anupama Yerramalli, Esq.) so as to be received by all such parties prior to expiration of the Notice Period.  Each Objection must state with specificity the grounds for objection.  If an Objection is properly served, the Proposed Sale or Proposed

Abandonment may not proceed absent (a) written withdrawal of the Objection, (b) entry of an order of the Court specifically approving the Proposed Sale or Proposed Abandonment or (c) the submission of a Consent Order in accordance with the procedures described below.  Any Objections may be resolved by a Consent Order without the necessity of a hearing; provided, however, that if any significant economic terms of the Proposed Sale are modified by the Consent Order, the applicable Debtor or Debtors must:  (a) prior to submission to the Court of the Consent Order, provide the Interested Parties with seven (7) business days' notice of the Consent Order and an opportunity to object to the terms thereof by transmitting a written statement of objection to the Debtors' counsel; and (b) with the Consent Order, provide the Court with a written certification that (i) such prior notice was given and (ii) no Interested Party timely asserted an objection to the Consent Order.  If an Objection is not resolved on a consensual basis, the applicable Debtor or Debtors may schedule the Proposed Sale or Proposed Abandonment and the Objection for hearing at the next available omnibus hearing date in these chapter 11 cases by giving at least seven (7) days' written notice of the hearing to any objecting party.

        8.      Notwithstanding the notice procedures described above, for (a) any asset sale transactions involving less than $50,000 in total consideration (a "De Minimis Sale") or (b) the abandonment of any asset with a book value of less than $50,000 (a "De Minimis Abandonment"), the applicable Debtor or Debtors will be authorized, without following the notice procedures otherwise required under the Miscellaneous Asset Procedures and without further notice and further Court approval, to consummate any De Minimis Sale or De Minimis Abandonment and such De Minimis Sales or De Minimis Abandonments will be deemed final and fully authorized by the Court.

9.      Buyers of the assets sold pursuant to this Order will take title to such assets free and clear of liens, claims, encumbrances and other interests under to section 363(f) of the Bankruptcy Code.  All such liens, claims, encumbrances and other interests will attach to the proceeds of the sale to the extent applicable state law, any relevant security agreement (or both) provide for the continuation of such liens, claims, encumbrances and other interests, with the same validity and priority as with respect to the assets.

10.      Sales or transfers of Miscellaneous Assets pursuant to the terms of this Order shall be deemed arm's length transactions, and buyers shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

11.      The Debtors are authorized, but not directed, to pay those reasonable and necessary fees and expenses incurred in connection with any sale, transfer or abandonment authorized pursuant to the terms of this Order, including commission fees to agents, brokers, auctioneers and liquidators, if any.

12.      The Debtors shall provide, to the extent practicable, a written report or reports, within fifteen (15) days after each calendar month concerning any such sales, transfers, or abandonments made pursuant to the terms of this Order (including the names of the purchasing parties and the types and amounts of the sales) to the U.S. Trustee and counsel to the Creditors' Committee; provided, however, that no such report need be provided for any month where there are no such sales, transfers or abandonments.

13.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14.    The Court shall retain jurisdiction to hear and determine all matters arising

from or related to any sales, transfers or abandonments pursuant to the terms of this Order.

Dated: _____, 2014
           New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE