UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                       :

In re:                                        :    Chapter 11

NII Holdings, Inc., et al.,[1]          :    Case No. 14-12611 (SCC)

            Debtors.           :    (Jointly Administered)

-------------------------------------------------------------x

**ORDER APPROVING THE EX PARTE MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018, FOR AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL CERTAIN PORTIONS OF THEIR MOTION FOR ENTRY OF AN ORDER APPROVING (I) THEIR KEY EMPLOYEE INCENTIVE PLAN, (II) CASH BONUS INCENTIVE PAYMENTS FOR CERTAIN EMPLOYEES AND (III) POTENTIAL SEVERANCE PAYMENTS TO CERTAIN EMPLOYEES**

This matter coming before the Court on the Ex Parte Motion of Debtors and Debtors in Possession, Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, for an Order Authorizing Them to File Under Seal Certain Portions of Their Motion for Entry of an Order Approving (I) Their Key Employee Incentive Plan, (II) Cash Bonus Incentive Payments for Certain Employees and (III) Potential Severance Payments for Certain Employees (the "Ex Parte Motion"),[2] filed by the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors"); the Court having reviewed the Ex Parte Motion; and it appearing that pursuant to Bankruptcy Rule 9018, no notice of the relief requested in the

---

[1]    The Debtors are comprised of the following thirteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 1000, Reston, VA 20190.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Emergency Motion.

NYI-524626326v1

Ex Parte Motion need be provided; and the Court having determined that the legal and factual bases set forth in the Ex Parte Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Ex Parte Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018, the Debtors are authorized to (a) publicly file a version of the Cumberland Declaration with Confidential Information redacted and (b) file an unredacted version of the Cumberland Declaration under seal.

3. The unredacted Cumberland Declaration (and any information derived from such pleading) shall remain confidential, be filed under seal and shall be served on and made available only to (a) the Debtors, (b) the U.S. Trustee, (c) counsel to the Committee and (d) such other parties as ordered by this Court or as agreed to in writing by the Debtors.

4. Except as otherwise agreed to by the Debtors, any pleadings filed by a third party in these cases that reference or disclose any of the Confidential Information contained in the Cumberland Declaration shall be filed under seal and served only on those parties authorized to receive the unredacted Cumberland Declaration as provided in paragraph 3 of this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Ex Parte Motion.

6.   The Court retains jurisdiction to enforce this Order and the confidentiality of the Confidential Information in the Cumberland Declaration, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: December 10, 2014
      New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE