UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
NII Holdings, Inc., et al.,[1] : Case No. 14-12611 (SCC)
         Debtors. :
: (Jointly Administered)
:
------------------------------------------------------------x

**ORDER APPROVING (I) THE DEBTORS'
KEY EMPLOYEE INCENTIVE PLAN, (II) CASH BONUS
INCENTIVE PAYMENTS FOR CERTAIN EMPLOYEES AND
(III) POTENTIAL SEVERANCE PAYMENTS TO CERTAIN EMPLOYEES**

      This matter coming before the Court on the Motion of Debtors and Debtors in Possession for Entry of an Order Approving (I) Their Key Employee Incentive Plan, (II) Cash Bonus Incentive Payments for Certain Employees, and (III) Potential Severance Payments to Certain Employees (the "Motion"), filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion, the Cumberland Declaration and the Smyl Declaration and having considered the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having reviewed the Objection of the United States Trustee to the Motion of the Debtors and Debtors in Possession for Entry of an Order Approving (I) Their Key Employee Incentive Plan, (II) Cash Bonus Incentive Payments for Certain Employees and (III) Potential Severance Payments to Certain Employees [Docket No. 298] (the "U.S. Trustee Objection") filed

---

[1]     The Debtors are comprised of the following thirteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

NYI-524630926v2

by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), the opposition letter filed with the Court by Robert Carter Knobel [Docket No. 287] (the "Knobel Opposition"), the Debtors' Supplement to and Omnibus Reply of the Debtors and Debtors in Possession to the Objections to Approval of (I) Their Key Employee Incentive Plan, (II) Cash Bonus Incentive Payments for Certain Employees, and (III) Potential Severance Payments to Certain Employees [Docket No. _____] (the "Reply")[2] and the Supplemental Declaration of Brian Cumberland attached to the Reply as Exhibit A (the "Supplemental Cumberland Declaration"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the Debtors' implementation of the Modified KEIP is not designed primarily for retentive effect and is justified by the facts and circumstances in that it is narrowly tailored to incentivize insider, senior management employees who are vital to the successful implementation of the Debtors' business plan, the Debtors' restructuring and the maximization of value for the benefit of all parties in interest and (f) the Severance Plan is generally applicable to all of the Debtors' employees and any Severance Payments that may become due and owing to the Severance Plan Participants and authorized pursuant to this Order will not be greater than ten times the mean severance paid to the Debtors' non-management employees in the 2014 calendar year; and the Court finding that the relief sought in the Motion as modified by the Reply is in the best interests of the Debtors, their estates, creditors and all parties in interest, and the Court having determined that the legal and factual bases set forth in the Motion, the Cumberland Declaration, the Reply, the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or the Reply, as applicable.

Supplemental Cumberland Declaration and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good and sufficient cause appearing therefore;

      IT IS HEREBY ORDERED THAT:

      1.      The Motion is GRANTED as set forth herein.

      2.      The Debtors are authorized, but not directed, to make payments to the Other Employees under the Cash Bonus Incentive Plan.

      3.      Pursuant to section 503(c)(3) of the Bankruptcy Code, the Modified KEIP for the Senior Management Employees is approved in its entirety and the Debtors are authorized to implement the Modified KEIP.

      4.      The Severance Plan for the Severance Plan Participants is hereby approved pursuant to section 503(c)(2) of the Bankruptcy Code; provided that under no circumstances shall any Severance Payment to a Severance Plan Participant exceed $840,758, which is equal to the amount that is ten times the mean severance paid to the Debtors' non-management employees during the 2014 calendar year; provided further that any Severance Payment must be made in accordance with the Debtors' severance policy filed with the Court on November 26, 2014. Any Severance Payments as provided for herein that may become due and owing to Severance Plan Participants during these chapter 11 cases shall be treated as an administrative expense of the Debtors' estates.

      5.      The authorization hereunder to make payments to the Senior Management Employees pursuant to the Modified KEIP or to the Other Employees pursuant to the Cash Bonus Incentive Plan shall not create any obligation on the part of the Debtors or their officers, directors, attorneys or agents to make payments under the Modified KEIP or the Cash Bonus Incentive Plan, respectively, and any payments provided for hereunder shall be subject to the

participants meeting the necessary conditions under the Modified KEIP or the Cash Bonus Incentive Plan, as applicable.

6. The Compensation Committee is authorized to review the performance metrics (including the types of metrics and the measurement of any such metric) under the Cash Bonus Incentive Plan and to make any adjustments the Compensation Committee deems necessary in its reasonable business judgment; *provided*, *however*, the Debtors shall provide the Creditors' Committee and the U.S. Trustee seven (7) business days' notice prior to the implementation of any such changes and shall await either approval of the Court or the Creditor Committees' consent prior to implementation of such changes.

7. The Debtors are authorized to execute and deliver all instruments and documents, and take all such other actions as may be necessary or appropriate to implement, effectuate and fully perform under and in accordance with this Order, the Modified KEIP, the Cash Bonus Incentive Plan and the Severance Plan, including, without limitation, making the payments under the Modified KEIP and the Cash Bonus Incentive Plan.

8. Any payments made pursuant to this Order, the Modified KEIP, the Cash Bonus Incentive Plan and the Severance Plan shall be paid by NII Holdings, and any such payments will not later be charged to NII International Telecom S.C.A. absent further order of the Court.

9. Any payments made pursuant to the Restructuring Metric component of the Modified KEIP due to a sale of assets are subject to the Creditors' Committee's review and consent upon seven (7) business days' notice prior to any such payment being made.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
December 23, 2014

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE