JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Scott J. Greenberg
Lisa Laukitis


 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)


Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
NII Holdings, Inc., et al.,[1]                               :    Case No. 14-12611 (SCC)
                                                             :
                                    Debtors.                 :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### NOTICE OF FILING OF CLEAN AND BLACKLINE VERSIONS OF REVISED PROPOSED ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING THE FORM AND MANNER OF SERVICE OF DISCLOSURE STATEMENT NOTICE, (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN OF REORGANIZATION AND (IV)  SCHEDULING HEARING ON CONFIRMATION OF PLAN OF REORGANIZATION

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On December 22, 2014, NII Holdings, Inc. ("NII Holdings") and certain of

its direct and indirect subsidiaries, as debtors and debtors in possession (collectively,

the "Debtors"), together with the official committee of unsecured creditors appointed in these

chapter 11 cases (the "Creditors' Committee"), filed the *Motion for an Order (I) Approving*

*Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement*

*Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject*

*Plan of Reorganization, (IV) Approving Related Notice and Rights Offering Procedures and*

*(V) Scheduling Hearing on Confirmation of Plan of Reorganization* [Docket No. 326]

(the "Disclosure Statement Motion").

2.      The Disclosure Statement Motion included a proposed order (i) granting

the Disclosure Statement Motion, (ii) approving the adequacy of the disclosure statement filed on

December 22, 2014 (the "Initial Disclosure Statement") [Docket No. 323], (iii) approving

solicitation and notice procedures with respect to the confirmation of the plan filed on

December 22, 2014 (the "Initial Plan") [Docket No. 322], (iv) approving forms of ballots and

notices in connection therewith, (v) approving the scheduling of certain dates in connection with

confirmation of the Prior Plan and (vi) granting related relief (the "Original Proposed Disclosure

Statement Order").  The Disclosure Statement Motion also included certain exhibits

(collectively, the "Motion Exhibits").

3.      On January 27, 2015, the Debtors filed the *Motion of Debtors and Debtors*

*in Possession for (I) an Order (A) Approving Bidding Procedures for the Sale of NII Mexico,*

*(B) Approving Bidder Protections and (C) Scheduling a Final Sale Hearing and Approving the*

*Form and Manner of Notice Thereof; and (II) an Order (A) Authorizing the Sale of NII Mexico*

-2-

*Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Dismissing the Bankruptcy Case of Nextel International (Uruguay), LLC and (C) Granting Related Relief* [Docket No. 406] (the "Sale Motion").  The Sale Motion contemplates the sale of the Debtors' interest in their non-debtor operations in Mexico (collectively, the "Sale Transaction") free and clear of liens, claims, interests and encumbrances.

4.    Following the filing of the Sale Motion, the Debtors re-engaged with their major stakeholders in an effort to gain support for an amended version of the Initial Plan that would allow the Plan Debtors to emerge from chapter 11 based on revised claim treatments and other material terms, including necessary modifications to account for the Sale Transaction.

5.    These subsequent negotiations resulted in the execution of a plan support agreement signed by certain of the Debtors (the "Plan Debtors"), the Committee (together with the Plan Debtors, the "Plan Proponents") and holders of over 70% in amount of the Capco Notes (collectively, the 7.625% unsecured notes, the 8.875% unsecured notes and the 10% unsecured notes issued by NII Capital Corp.) and approximately 72% in amount of the Luxco Notes (collectively, the 7.875% unsecured notes and the 11.375% unsecured notes issued by NII International Telecom S.C.A.) (the "Plan Support Agreement").  On March 5, 2015, the Debtors filed the *Notice of Filing of the Plan Support Agreement and Plan Term Sheet* [Docket No. 506], appended as Exhibit A to which is the Plan Support Agreement (which includes the plan term sheet appended as Exhibit 1 thereto).

6.    Contemporaneously with the filing of this notice, the Plan Proponents have filed the *First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors* (the "Plan") and the related *First Amended Disclosure Statement for First Amended Joint Plan of Reorganization*

-3-

*Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of*

*Unsecured Creditors* (the "Disclosure Statement"), each of which reflects modifications in

accordance with the Plan Support Agreement.

       7.     A hearing to consider the Disclosure Statement Motion originally was

scheduled for January 28, 2015 at 10:00 a.m. (Eastern Time).  The deadline for responses to the

Motion was no later than 4:00 p.m. (Eastern Time) on January 20, 2015.  After several

consensual adjournments, the Debtors and certain parties in interest have agreed to further

adjourn the hearing on the Disclosure Statement Motion to **April 20, 2015 at 2:00 p.m. (Eastern**

**Time)**.  The deadline for responses to the Disclosure Statement Motion, if any, has been

extended to **April 6, 2015 at 4:00 p.m. (Eastern Time)**.

       8.     In light of the Disclosure Statement and the Plan, the Plan Proponents

revised the Original Proposed Disclosure Statement Order and the applicable Motion Exhibits to

conform to the Disclosure Statement and the Plan.  Accordingly, the Plan Proponents hereby file

(i) a revised *Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of*

*Service of Disclosure Statement Notice, (III) Establishing Procedures for Solicitation and*

*Tabulation of Votes to Accept or Reject Plan of Reorganization, and (IV) Scheduling Hearing on*

*Confirmation of Plan of Reorganization* (the "Revised Proposed Disclosure Statement Order"),

attached hereto as Exhibit 1, which includes appended thereto amended Motion Exhibits, and

(ii) a blackline of the Revised Proposed Disclosure Statement Order and related Motion Exhibits,

marked to show changes against the Original Proposed Disclosure Statement Order and related

Exhibits, attached hereto as Exhibit 2.

       9.     The applicable Motion Exhibits have now been appended as exhibits to

the Revised Proposed Disclosure Statement Order, as follows:

- Exhibit A to the Disclosure Statement Motion (Notice of Disclosure Statement Hearing) is now attached, as amended, as <u>Exhibit A</u> to the Revised Proposed Disclosure Statement Order.

- Exhibit B to the Disclosure Statement Motion (Proposed Ballots) is now attached, as amended, as <u>Exhibit B</u> to the Revised Proposed Disclosure Statement Order.

- Exhibit C to the Disclosure Statement Motion (Proposed Tabulation Rules) is now attached, as amended, as <u>Exhibit C</u> to the Revised Proposed Disclosure Statement Order.

- Exhibit D to the Disclosure Statement Motion (Proposed Confirmation Hearing Notice) is now attached, as amended, as <u>Exhibit D</u> to the Revised Proposed Disclosure Statement Order.

- Exhibit E to the Disclosure Statement Motion (Proposed Solicitation Package and General Procedures) is now attached, as amended, as <u>Exhibit E</u> to the Revised Proposed Disclosure Statement Order.

- Exhibit F to the Disclosure Statement Motion (Noteholder Solicitation Procedures) is now attached, as amended, as <u>Exhibit F</u> to the Revised Proposed Disclosure Statement Order.

- Exhibit G to the Disclosure Statement Motion (Notice of Non-Voting Status) is now attached, as amended, as <u>Exhibit G</u> to the Revised Proposed Disclosure Statement Order.

- Exhibit H to the Disclosure Statement Motion (Rights Offering Procedures) has been deleted in its entirety.

10.    In addition, the Revised Proposed Disclosure Statement Order seeks the following deadlines in connection the solicitation of the Plan:

- April 6, 2015:  Deadline for objections to the Disclosure Statement;

- April 17, 2015:  Deadline for replies to objections to the Disclosure Statement;

- April 20, 2015:  Record date for voting purposes;

- April 20, 2015:  Disclosure Statement hearing;

- April 27, 2015:  Commencement of Plan solicitation period and date of service of solicitation packages;

- May 6, 2015:  Date of publication of the notice of the confirmation hearing on the Plan;

- May 13, 2015:  Deadline for motions pursuant to Bankruptcy Rule 3018;

- May 20, 2015:  Voting deadline;

- May 20, 2015:  Deadline for objections to confirmation of the Plan;

- May 27, 2015:  Deadline for filing of the declaration of the Plan Debtors' voting agent certifying the amount and number of allowed claims of each class accepting or rejecting the Plan;

- June 1, 2015:  Deadline for Plan Proponents' reply to any objections to confirmation of the Plan; and

- June 3, 2015:  Hearing on confirmation of the Plan.


Dated:  March 13, 2015
        New York, New York

Respectfully submitted,

  /s/    Scott J. Greenberg
Scott J. Greenberg
Lisa Laukitis
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

  - and -

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

NYI-524645368v1

## EXHIBIT 1

**Revised Proposed Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
NII Holdings, Inc., et al.,[1]                               :    Case No. 14-12611 (SCC)
                                                             :
                          Debtors.                           :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING THE FORM
AND MANNER OF SERVICE OF DISCLOSURE STATEMENT NOTICE, (III)
ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES TO ACCEPT OR REJECT PLAN OF REORGANIZATION, AND (IV)
SCHEDULING HEARING ON CONFIRMATION OF PLAN OF REORGANIZATION**

This matter coming before the Court on the Motion for an Order (I) Approving

Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement

Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject

Plan of Reorganization, (IV) Approving Related Notice and Rights Offering Procedures and

(V) Scheduling Hearing on Confirmation of Plan of Reorganization [Docket No. 326]

(the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively,

the "Debtors");[2] the Court having reviewed the Motion and having heard the statements of

counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing");

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities
(the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII
Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation,
Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A.
(7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone
Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC
(1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate
headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion or the
applicable exhibits to the Motion, or, if not defined therein, the Disclosure Statement and the First
Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the
Official Committee of Unsecured Creditors (the "Plan").

the Court having reviewed the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors (the "Disclosure Statement") filed by certain of the Debtors (the "Plan Debtors") and the Official Committee of Unsecured Creditors (together, the "Plan Proponents"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY FOUND AND CONCLUDED, as follows:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    Notice of the Motion and the Hearing and the relief granted herein was adequate under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

D.    The Disclosure Statement, as filed with the Court on March 13, 2015, contains adequate information within the meaning of section 1125 of the Bankruptcy Code

E.    The Solicitation Procedures and the Confirmation Procedures provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Bankruptcy Rules, including, without limitation, Bankruptcy Rules 2002, 3017, 3018 and 3020 and Local Bankruptcy Rules 3017-1, 3018-1, and 3020-1.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.  Any objections or
responses to the Disclosure Statement or the Motion that have not been withdrawn, waived or
settled prior to the entry of this order are hereby OVERRULED.

2.      The form of the Disclosure Statement Notice and the manner in which it
was served and published is approved in its entirety.

3.      The Disclosure Statement is approved, pursuant to section 1125 of the
Bankruptcy Code; provided that, the Plan Proponents (a) are authorized to make non-material
revisions, updates and corrections to the Disclosure Statement and the Plan and (b) shall file a
copy of the final Disclosure Statement and any amended Plan with the Court.

4.      The Solicitation Procedures (and the form and manner of notice thereof),
including the form of Ballots, the Voting Deadline, the Solicitation Packages, the Record Date of
April 20, 2015 for Plan voting, the Tabulation Rules, the form and manner of service of the
Notice of Non-Voting Status, the Noteholders Solicitation Procedures and the other procedures
described in the Motion, are approved.  The Plan Proponents are authorized to make non-
substantive modifications to the Solicitation Procedures.  The requirements of Local Bankruptcy
Rule 3018-1(b) are waived to the extent they are inconsistent with the relief granted in this
paragraph.

5.      The Confirmation Procedures, including the Confirmation Hearing Notice,
and the form and manner of service and publication of the Confirmation Hearing Notice as
described in the Motion, are approved.  Without limiting the foregoing, the Debtors are
authorized to publish a notice of the Confirmation Hearing, the Confirmation Objection Deadline
and the Voting Deadline (which may be substantially in the form of the Confirmation Hearing

Notice) by May 6, 2015, or such other day that is not less than twenty-eight days before the

commencement of the Confirmation Hearing, one time in the global edition of *The Wall Street*

*Journal* and the national edition of *USA Today*. Additionally, the Plan Proponents shall publish

the Confirmation Hearing Notice on the Debtors' restructuring website at

cases.primeclerk.com/nii.

6.      The Plan Debtors shall file all exhibits to the Plan with the Court and

make them available for review on their restructuring website at cases.primeclerk.com/nii

no later than seven days before the Confirmation Hearing.

7.      With respect to a transferred Claim, the transferee will be entitled to

receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if:

(a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e)

had been completed prior to the Record Date or (b) the transferee filed by the Record Date

(i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and

(ii) a sworn statement of the transferor supporting the validity of the transfer.

8.      The temporary allowance of Claims for voting purposes does not

constitute an allowance of such Claims for purposes of receiving distributions under the Plan and

is without prejudice to the rights of the Plan Proponents in any other context, including the right

of the Plan Proponents to contest the amount, validity or classification of any Claim for purposes

of allowance and distribution under the Plan. If the holder of a Claim wishes to challenge either

(a) the classification of such Claim or (b) the allowance of such Claim for voting purposes in

accordance with the Tabulation Rules, the claimholder must file a motion, pursuant to

Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim in a different amount or

classification for purposes of voting to accept or reject the Plan and serve such motion on the

counsel for each of the Plan Proponents so that it is received by the later of (a) May 13, 2015 or (b) ten days after the date of service of a notice of objection, if any, to such Claim. Unless the Court orders otherwise, a Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Rules.

9. Notwithstanding anything in the Solicitation Procedures to the contrary, any creditor that submits a timely and properly completed Ballot to the Voting Agent or a Master Ballot Agent, as applicable, may change the vote reflected on such Ballot after the Voting Deadline only with the approval of the Court. If the Voting Agent or a Master Ballot Agent receives from a creditor more than one timely and properly completed Ballot with respect to the same Claim, and no order of the Court allowing such creditor to change its vote has been entered after the Voting Deadline (or, with respect to creditors that are beneficial owners of Notes held in street name by a Master Ballot Agent, after the applicable mailing deadline established by such Master Ballot Agent), the last such timely and properly executed Ballot received by the Voting Agent or Master Ballot Agent by the Voting Deadline shall be deemed to reflect the voter's intent. In such circumstance, the Voting Agent or a Master Ballot Agent, as applicable, shall have the authority to determine which Ballot was the last to be received.

10. The Confirmation Hearing is scheduled to be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 623 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on June 3, 2015, at 10:00 a.m., Eastern time. The Confirmation Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

11.     Objections to confirmation of the Plan, if any, must:  (a) be in writing;

(b) state the name and address of the objecting party and the nature of the Claim or Interest of

such party; (c) state with particularity the basis and nature of any objection to the confirmation of

the Plan; and (d) be filed with the Court and served on the following parties so that they are

received no later than 4:00 p.m., Eastern time, on May 20, 2015, or such other date established

by the Plan Proponents that is at least twenty-eight days after service of the Solicitation Packages:

(i)      the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

(ii)     counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman and Carl E. Black, Esq.);

(iii)    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.);

(iv)     counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

(v)      counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

(vi)     counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

(vii)    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

(viii)   Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

(ix)     Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

(x)     counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

(xi)    the SEC; and

(xii)   all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

For purposes of filing pleadings in these cases, the address of the Court is One Bowling Green, New York, New York 10004-1408. Attorneys may also file pleadings on the Court's Document Filing System (ECF) by completing and submitting the Electronic Filing Registration Form, available on the Court's website at http://www.nysb.uscourts.gov.

12.     Unless otherwise permitted or directed by the Court, (a) the Debtors shall file the Tabulation Declaration no later than May 27, 2015 and (b) the Plan Proponents may file a consolidated reply to any objections to the Plan no later than June 1, 2015. The requirements of Local Bankruptcy Rule 3018-1(a) are waived to the extent they are inconsistent with the relief granted in this paragraph.

13.     The Plan Proponents are authorized to take (or refrain from taking) any action and expend such funds as necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further Order of the Court.

14.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
        _____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT A</u>**

**(Notice of Disclosure Statement Hearing)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  x
                                              :
In re:                                        :   Chapter 11
                                              :
NII Holdings, Inc., et al.,[1]                :   Case No. 14-12611 (SCC)
                                              :
                   Debtors.                   :   (Jointly Administered)
                                              :
------------------------------------------------------------x
```

## NOTICE OF DISCLOSURE STATEMENT HEARING

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.       On December 22, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee") filed:  (a) the Joint Plan of Reorganization Proposed by Debtors and Debtors in Possession and Official Committee of Unsecured Creditors, dated December 22, 2014 [Docket No. 322] (the "Initial Plan"); and (b) a related disclosure statement [Docket No. 323] (the "Initial Disclosure Statement") under section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

2.       On December 22, 2014, the Debtors and the Committee filed the Motion for an Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, (IV) Approving Related Notice and Rights Offering Procedures and (V) Scheduling Hearing on Confirmation of Plan of Reorganization [Docket No. 326] (the "Motion") seeking approval of the Initial Disclosure Statement and approval of Solicitation Procedures and Confirmation Procedures (as such terms are defined in the Motion) in connection with the pursuit of confirmation of the Initial Plan.

---

[1]       The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

3.        On March 13, 2015, the certain of the Debtors (the "Plan Debtors") and the Committee (together, the "Plan Proponents") filed:  (a) the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 [Docket No. 527] (as it may be amended or modified, the "Plan"); and (b) a related Disclosure Statement [Docket No.  527] (as it may be amended or modified, the "Disclosure Statement") under section 1125 of the Bankruptcy Code.

4.        A hearing to consider the approval of the Disclosure Statement and the other relief sought in the Motion (the "Disclosure Statement Hearing") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Court Judge, in Room 623 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York  10004 on April 20, 2015 at 2:00 p.m., Eastern time.

5.        Objections to approval of the Disclosure Statement or the other relief sought in the Motion, or proposed modifications to the Disclosure Statement, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or proposed modification and provide the specific language of any proposed modification, where possible; and (d) be filed with the Bankruptcy Court and served on the following parties so that they are received **no later than 4:00 p.m., Eastern time, on April 6, 2015**:

> i.        the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);
>
> ii.       counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);
>
> iii.      the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq. and Brian Masumoto, Esq.);
>
> iv.       counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;
>
> v.        counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;
>
> vi.       counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

vii.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

viii.    Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

ix.    Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

x.    counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

xi.    the Securities and Exchange Commission; and

xii.    all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

6.    In accordance with Bankruptcy Rule 3017(a), requests for copies of the Disclosure Statement, the Plan or the Motion by parties in interest may be made in writing to NII Ballot Processing c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022. Copies of the Disclosure Statement and the Plan (along with exhibits to each as they are filed with the Court) and the Motion are available for review, without charge, via the internet at cases.primeclerk.com/nii. Any exhibits to the Disclosure Statement that have not already been filed (other than certain Plan Exhibits to be filed in accordance with the Plan), will be filed with the Court before [_____], 2015.

**7.    THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE PROPOSED DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE COURT.**

8.    The Disclosure Statement Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Disclosure Statement Hearing or any continued hearing.

Dated:  **[Date]**, 2015

/s/_____          /s/_____
Scott J. Greenberg                                    Kenneth H. Eckstein
Lisa Laukitis                                              Adam C. Rogoff
JONES DAY                                              Stephen D. Zide
222 East 41st Street                                  KRAMER LEVIN NAFTALIS & FRANKEL
New York, New York  10017                      LLP
Telephone:  (212) 326-3939                     1177 Avenue of the Americas
Facsimile:  (212) 755-7306                      New York, New York 10036
                                                                 Telephone: (212) 715-9100
  - and -                                                   Facsimile: (212) 715-8100

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)         ATTORNEYS FOR THE OFFICIAL
JONES DAY                                              COMMITTEE OF UNSECURED
North Point                                                CREDITORS
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**<u>EXHIBIT B</u>**

**(Proposed Ballots)**

**B-1**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
                                                                :
In re:                                                          :          Chapter 11
                                                                :
NII Holdings, Inc., et al.,[1]                                  :          Case No. 14-12611 (SCC)
                                                                :
                                      Debtors.                  :          (Jointly Administered)
                                                                :
-------------------------------------------------------------- x

**BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN
OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND
DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 3A OR 3D:  SALE-LEASEBACK GUARANTY CLAIMS AGAINST THE DEBTORS**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
> IS [Time], PREVAILING EASTERN TIME, ON [Date]**

Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Plan").  The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order").  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Claim in Class 3A or 3D against the Debtor specified in Item 1 below, as defined in the Plan, as of the Record Date (**[Date]**).  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Plan Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com, or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022 or (b) download such documents (excluding the Ballots) from the Plan Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 3A or 3D under the Plan against the Debtor specified in Item 1 below.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote**.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return the originally signed Ballot to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor New York, NY 10022, so that it is received by the deadline indicated above.  Ballots should not be sent to the Plan Debtors or the Committee.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 THROUGH 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED WITH AN ORIGINAL SIGNATURE ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class 3A or 3D Vote.**  The undersigned, a holder of a Sale-Leaseback Guaranty Claim in the Class and against the Debtor specified below in the amount set forth below votes to (check <u>one</u> box):

☐  **ACCEPT** (vote FOR) the Plan.          ☐  **REJECT** (vote AGAINST) the Plan.

Class: _____

Debtor: _____

Claim Amount: $_____

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.17 OF THE DISCLOSURE STATEMENT. PURSUANT TO ARTICLE IX  OF THE PLAN, IF YOU RECEIVE A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)          **Defined Terms.**  As defined in the Plan:

**1.A.156   "Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)          <u>**Releases by Plan Debtors and Reorganized Debtors.**</u>  **Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Plan Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Plan Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other**

parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Plan Debtors or Reorganized Debtors are a party.

(c)    **Releases by Holders of Claims.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Plan Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(d)    **Exculpation.**  From and after the Effective Date, the Released Parties, the Plan Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives shall have any right of action against any Plan Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(e)    **Injunctions.**  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the Plan Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Plan Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned also acknowledges that the undersigned has cast the same vote with respect to all Claims in a single Class, and that that no other Ballots with respect to the amount of the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

---

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

<div align="right">Sale-Leaseback Guaranty Claim Ballot</div>

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  The Plan Proponents are soliciting votes with respect to the Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as it may be amended from time to time).

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain nondebtor entities.* Complete the Ballot by providing all the information requested and sign, date and return the originally signed Ballot in the enclosed envelope or by regular mail, overnight courier or hand delivery to Prime Clerk LLC (the "Voting Agent") at the applicable following address:

    > **NII Ballot Processing**
    > **c/o Prime Clerk LLC**
    > **830 3rd Avenue, 9th Floor**
    > **New York, NY 10022**

    Ballots must be *received* by the Voting Agent by [Time], Prevailing Eastern Time, on [Date] (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by email, facsimile or other means of electronic submission will not be accepted. *Ballots should not be sent to the Plan Debtors or the Committee.*

4.  You must identify whether your Claim is in Class 3A or 3D on the first line of Item 1 and identify the Debtor you are asserting your Claim against on the second line of Item 1.

5.  If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Class of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting Sale-Leaseback Guaranty Claims against the Debtor and in the Class specified in Item 1 of the Ballot.** Separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan (as applicable). If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

6.  **The following Ballots will NOT be counted:**

    i.  any Ballot received after the Voting Deadline unless (a) the Plan Proponents (in their sole discretion) shall have granted an extension of the Voting Deadline with respect to such Ballot or (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    ii.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    iii.  any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

    iv.  any Ballot sent to the Plan Debtors, the Bankruptcy Court or any other party other than the Voting Agent;

    v.  any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

    vi.  any Ballot transmitted to the Voting Agent by email, facsimile or other means not specifically approved in the Disclosure Statement Order;

    vii.  any unsigned Ballot;

    viii.    any Ballot that does not contain an original signature; or

    ix.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

7.    Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

8.    The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, if any, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.    The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

10.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.

11.    Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY.</u>**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE FOR (I) U.S. CALLERS AT (844) 224-1140 (NII TOLL FREE LINE) AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL <u>NOT</u> ACCEPT BALLOTS BY EMAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR ANY OF THEIR AGENTS OTHER THAN THE VOTING AGENT.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

---

**B-2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                            :
In re:                                      :            Chapter 11
                                            :
NII Holdings, Inc., et al.,[1]              :            Case No. 14-12611 (SCC)
                                            :
                        Debtors.            :            (Jointly Administered)
                                            :
------------------------------------------------------------- x

**BALLOT FOR VOTING TO ACCEPT OR REJECT FIRST AMENDED JOINT PLAN
OF REORGANIZATION OF THE PLAN DEBTORS AND
DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 4A, 4D, 5A, 5B, 5C, 6E CLAIMS – BALLOT FOR BENEFICIAL HOLDERS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY
BEFORE COMPLETING THIS BALLOT.**

---

**TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT TO YOUR
BROKER, BANK, DEALER OR OTHER AGENT OR NOMINEE (EACH, A "MASTER BALLOT AGENT") WITH
ENOUGH TIME TO ALLOW FOR YOUR MASTER BALLOT AGENT TO CAST YOUR VOTE ON A MASTER
BALLOT SO THAT THE MASTER BALLOT IS ACTUALLY RECEIVED BY PRIME CLERK LLC (THE "VOTING
AGENT") PRIOR TO [TIME], PREVAILING EASTERN TIME ON [DATE] (THE "VOTING DEADLINE").  YOUR
BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED IN ACCORDANCE WITH THE FOLLOWING:**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR
MASTER BALLOT AGENT:**

YOU MUST RETURN THIS BALLOT TO YOUR MASTER BALLOT AGENT IN THE ENVELOPE
PROVIDED OR IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR MASTER BALLOT AGENT.

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT:**

YOU MUST RETURN THIS BALLOT DIRECTLY TO THE VOTING AGENT
IN THE ENVELOPE PROVIDED PRIOR TO THE VOTING DEADLINE.

Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of
Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect
to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official
Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Plan").  The Bankruptcy
Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for
First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of
Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Disclosure Statement") as containing
adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement
Order").  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy
Court.

You are receiving this Ballot because you are a holder of a Claim in Class 4A, 4D, 5A, 5B, 5C or 6E, as defined in the Plan, as of the
Record Date (**[Date]**).  **Please see Exhibit A to this Ballot for a list of CUSIPs and applicable Plan Class for each**

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four
digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel
International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII
Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII
International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw
International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the
Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

**CUSIP.**  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD-ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Plan Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, or (b) download such documents (excluding the Ballots) from the Plan Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 4A, 4D, 5A, 5B, 5C or 6E under the Plan.  **Please see Exhibit A to this Ballot for a list of CUSIPs and applicable Plan Class for each CUSIP.**  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot, so that it is received by the deadline indicated above.  Ballots should not be sent to the Plan Debtors, the Committee or the Indenture Trustees.

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN.  HOLDERS SHOULD NOT SURRENDER CERTIFICATES, IF ANY, REPRESENTING THE NOTES AT THIS TIME, AND NEITHER THE PLAN DEBTORS NOR THEIR VOTING AGENT WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

**AGAIN, PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 THROUGH 5.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Classification and Amount.**  The undersigned herby certifies that as of the Record Date, the undersigned was the holder of Claims in the Class indicated on Exhibit A hereto against the applicable Debtor, in the following principal amount (insert amount below).  If your Claims are held by a Master Ballot Agent on your behalf and you do not know the amount of your Claim, please contact your Master Ballot Agent immediately.

$_____

**Item 2.  Vote.**  The holder of the Claims identified in Item 1 above votes to (please check <u>one</u>):

☐  **ACCEPT** (vote FOR) the Plan.              ☐  **REJECT** (vote AGAINST) the Plan.

**YOUR VOTE ON THIS BALLOT FOR CLAIMS IN CLASS 4A, 4D, 5A, 5B, 5C, 6E (AS APPLICABLE) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A 4A, 4D, 5A, 5B, 5C, 6E CLAIM (AS APPLICABLE).**

*ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.*

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.17 OF THE DISCLOSURE STATEMENT.  PURSUANT TO ARTICLE IX OF THE PLAN, IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)      **Defined Terms.**  As defined in the Plan:

1.A.156   **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)      <u>**Releases by Plan Debtors and Reorganized Debtors.**</u>  **Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Plan Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any**

Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Plan Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Plan Debtors or Reorganized Debtors are a party.

(c)     **Releases by Holders of Claims.** Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Plan Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(d)     **Exculpation.** From and after the Effective Date, the Released Parties, the Plan Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives shall have any right of action against any Plan Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(e)     **Injunctions.** As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from

taking any of the following enforcement actions against the Plan Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Plan Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 3.  Certifications and Acknowledgements.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Plan Debtors:

> (i)   that either:  (a) the undersigned is the holder of the Claims being voted or (b) the undersigned is an authorized signatory for a holder of the Claims being voted;

> (ii)   that the undersigned has received a copy of the Disclosure Statement and the solicitation package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;[2]

> (iii)   that the undersigned has cast the same vote with respect to all Claims in a single Class; and

> (iv)   that no other Ballots with respect to the amount of the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

**Item 4.  Certifications as to Notes Held in Additional Accounts**

By completing and returning this Ballot, the undersigned beneficial owner on behalf of which this Ballot is being cast (the "Beneficial Owner") certifies that either: (a) it has not submitted any other Ballots in respect of its Class 4A, 4D, 5A, 5B, 5C or 6E Notes held in other accounts or other record names, or (b) it has provided the information specified in the following table for all other Class 4A, 4D, 5A, 5B, 5C or 6E Notes for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan to the extent such Claims are in the same Class (please use additional sheets of paper if necessary):

<div align="center">

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS **4A, 4D, 5A, 5B, 5C OR 6E** NOTES ON A BALLOT OTHER THAN THIS BALLOT.

</div>

| | Name of Beneficial Owner[3] | Account Number | Principal Amount of other Notes Voted | Class of Other Notes Voted | CUSIP of Other Notes |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |

To be counted, a Beneficial Owner must vote *all* of its Claims within a Class either to accept or reject the Plan.  No split votes will be permitted.

---

[2]   Submission of electronic instructions to your Nominee (if permitted by such Nominee) shall have the same effect as if you had completed and returned a physical Ballot. By making an electronic submission, you are representing that you reviewed the Ballot in its entirety and have received a copy of the Plan and Disclosure Statement for your review and consideration.

[3]   List your name if the Claim is held by you in record name.  If the Claim is held in "street name," please list the name of your Master Ballot Agent.

**Item 5. Acknowledgments.** The undersigned acknowledge(s) and understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

 

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

 

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u>.**

---

**YOUR BALLOT OR THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR MASTER BALLOT AGENT, PLEASE ALLOW SUFFICIENT TIME FOR YOUR MASTER BALLOT AGENT TO RECEIVE YOUR BALLOT, PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN SUCH MASTER BALLOT REFLECTING YOUR VOTE TO THE VOTING AGENT BY THE VOTING DEADLINE.**

---

## VOTING INFORMATION AND INSTRUCTIONS

### FOR COMPLETING THE BALLOT

1.  The Plan Proponents are soliciting votes with respect to the Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as it may be amended from time to time).

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.  To ensure that your vote is counted, you must:  (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your Ballot to the address set forth on the enclosed pre-addressed envelope in accordance with paragraph 4 below.  *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain non-debtor entities.*

4.  <u>Return of Ballots</u>:  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Ballot must be sent in order for it to be received before the Voting Deadline:

    (a) If you have a Master Ballot Agent:  You must return your Ballot in the return envelope addressed to your Master Ballot Agent (or otherwise follow your Master Ballot Agent's instructions) so that it is directly returned to your Master Ballot Agent according to the accompanying instructions provided by your Master Ballot Agent, and in any event <u>in sufficient time to permit your Master Ballot Agent to deliver a Master Ballot including your vote to the Voting Agent prior to the Voting Deadline</u>.

    (b) If you have no Master Ballot Agent:  You must return your Ballot in the return envelope addressed directly to the Voting Agent, so as to be actually received by the Voting Agent on or before the Voting Deadline.

    **Ballots submitted by you or your Master Ballot Agent (if applicable) must be *received* by the Voting Agent by [Time] p.m., Eastern Time, on [Date] (the "Voting Deadline").**  If a Ballot or Master Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent or Master Ballot Agent is enclosed for your convenience.  Ballots submitted by facsimile transmission will not be accepted.  *Ballots should not be sent to the Plan Debtors, the Committee or the Indenture Trustee.*

5.  **The following Ballots will NOT be counted**:

    i.    any Ballot received after the Voting Deadline unless (a) the Plan Proponents shall have granted an extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    ii.   any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    iii.  any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

    iv.   any Ballot sent to a party <u>other</u> than the Voting Agent or Master Ballot Agent, as applicable (<u>e.g.</u>, the Plan Debtors or the Bankruptcy Court);

    v.    any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

    vi.   any Ballot transmitted to the Voting Agent by facsimile or other means not specifically approved in the Disclosure Statement Order;

    vii.  any unsigned Ballot;

    viii. any Ballot that does not contain an original signature; or

NYI-524645388v1

ix.     any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

6.      The method of delivery of a Ballot to the Master Ballot Agent or Voting Agent, as applicable, is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the Master Ballot incorporating the Ballot or the originally executed Ballot, as applicable.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.  After the Voting Deadline, a record holder or beneficial owner may only change its vote reflected on the last such properly-executed Ballot with the approval of the Bankruptcy Court.

8.      **YOUR VOTE ON THIS BALLOT FOR CLAIMS IN CLASS 4A, 4D, 5A, 5B, 5C OR 6E (AS APPLICABLE) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS 4A, 4D, 5A, 5B, 5C, OR 6E CLAIM (AS APPLICABLE).**

9.      You must vote all of your Claims within a Class either to accept or reject the Plan and may not split your vote.

10.     The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  *Holders of Notes should not surrender certificates (if any) representing their Notes at this time, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates transmitted together with a Ballot.*  Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished, if necessary, by the Plan Debtors (or their agent) after Confirmation of the Plan by the Bankruptcy Court.

11.     The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

12.     Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13.     If you hold Claims and/or Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each Class of Claims, coded by Class number, and a set of solicitation materials.  You may also receive more than one Ballot if you:  (a) hold more than one issue of notes issued by one or more of the Plan Debtors; (b) are the beneficial owner of notes issued by a Debtor and held in street name through more than one "Master Ballot Agent" (*i.e.*, a broker, bank, dealer or other agent or nominee); or (c) are the beneficial owner of notes issued by a Debtor and registered in your own name as well as the beneficial owner of notes issued by a Debtor and registered in street name.  Separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan (as applicable).  If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan.  In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

14.     If you have cast additional Ballots on account of the beneficial ownership of any Notes, you must complete Item 4.  With respect to any such additional Ballots, please complete the information requested in Item 4.  One line should be used to identify each such separate account.  Do not include in Item 4 information relating to Claims being voted on the same Ballot in Item 2.  Only information relating to other Ballots voted on account of the beneficial ownership of Notes in Class 4A, 4D, 5A, 5B, 5C, 6E (as applicable) under the Plan should be included in Item 4.  Please note that the information provided in Items 1 and 4 must, taken together, identify *all* of your holdings of Notes giving rise to Class 4A, 4D, 5A, 5B, 5C or 6E Claims.

15.     Your Class 4A, 4D, 5A, 5B, 5C, 6E Claim (as applicable) has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Joint Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to

-8-

contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) [Date] or (b) ten days after the date of service of a notice of an objection, if any, to your Claim. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT,
OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES,
PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE
(I) FOR U.S. CALLERS AT (844) 224-1140 AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE.
BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR TO THE APPLICABLE
INDENTURE TRUSTEES.

---

**YOUR BALLOT OR THE MASTER BALLOT INCORPORATING THE VOTE CAST
BY THIS BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING
DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

---

# EXHIBIT A

*Your Master Ballot Agent may have checked a box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Owner Ballot.*

| | | |
|---|---|---|
| Classes 4A and 4D (Luxco Note Claims) | | |
| ☐ | CUSIP 62914QAA5 / ISIN US62914QAA58 | 11.375% senior notes due 2019 |
| ☐ | CUSIP L67466AA7 / ISIN USL67466AA71 | 11.375% senior notes due 2019 |
| ☐ | CUSIP 62914QAD9 / ISIN US62914QAD97 | 7.875% senior notes due 2019 |
| ☐ | CUSIP L67466AB5 / ISIN USL67466AB54 | 7.875% senior notes due 2019 |
| Classes 5A, 5B and 5C (Capco Note Claims) | | |
| ☐ | CUSIP 67021BAC3 / ISIN US67021BAC37 | 8.875% senior notes due 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |
| ☐ | CUSIP 67021BAE9 / ISIN US67021BAE92 | 7.625% senior notes due 2021 |
| Class 6E (Transferred Guarantor Note Claims) | | |
| ☐ | CUSIP 67021BAC3 / ISIN US67021BAC37 | 8.875% senior notes due 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |

-10-

**B-3**

NYI-524645388v1

Master Ballot

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                      :
In re:                                                :          Chapter 11
                                                      :
NII Holdings, Inc., et al.,[1]                        :          Case No. 14-12611 (SCC)
                                                      :
                                                      :          (Jointly Administered)
                          Debtors.                    :
                                                      :
---------------------------------------------------------------- x

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT
FIRST AMENDED JOINT PLAN OF REORGANIZATION PROPOSED BY THE PLAN
DEBTORS AND DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 4A, 4D, 5A, 5B, 5C, 6E CLAIMS – MASTER BALLOT**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY
BEFORE COMPLETING THIS BALLOT.**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO
AS TO BE ACTUALLY RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT")
BY [TIME] PREVAILING EASTERN TIME ON [DATE] (THE "VOTING DEADLINE")**

---

Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Plan"). The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this master ballot ("Master Ballot") because the Plan Debtors' records indicate that you are a broker, bank, dealer or other agent or nominee (a "Master Ballot Agent") of a beneficial owner of Class 4A, 4D, 5A, 5B, 5C, 6E Claims, as defined in the Plan, as of the Record Date (**[DATE]**) ("Beneficial Owner").[2] **Please see Exhibit A to this Ballot for a list of CUSIPs and applicable Plan Class for each CUSIP.** Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

Master Ballot Agents should use this Master Ballot to cast votes to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received solicitation package materials in

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

[2]    A "Beneficial Owner" means a beneficial owner of publicly-traded Notes whose Claims have not been satisfied prior to the voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Master Ballot Agent (or its own records if it holds such Notes on its own behalf) holding Claims through either Wilmington Savings Fund Society, FSB, U.S. Bank National Association or Wilmington Trust, National Association, in its capacity an indenture trustee for certain Notes.

CD-ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Plan Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, or (b) download such documents (excluding the Ballots) from the Plan Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should immediately distribute the Ballots and the Solicitation Packages to all Beneficial Owners of Claims and take any action required to enable each such Beneficial Owner to vote timely the Claims that it holds.  Any Ballot returned to you by a Beneficial Owner of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Voting Agent, a Master Ballot that reflects the vote of such Beneficial Owners by **[Time]** prevailing Eastern Time on **[Date]** or otherwise validate the Ballot in a manner acceptable to the Voting Agent and provide appropriate instructions to the  Beneficial Owners for completing and returning any pre-validated Ballots.

The Bankruptcy Court may confirm the Plan and thereby bind all holders of Claims.  To have the votes of your Beneficial Owners count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Voting Agent actually receives it on or before the Voting Deadline, which is **[Time]** prevailing Eastern Time on **[Date]** at the following address:

<div align="center">

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

</div>

<div align="center">

**THIS MASTER BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT  OR REJECT THE PLAN.  HOLDERS SHOULD NOT SURRENDER CERTIFICATES, IF ANY,  REPRESENTING THE NOTES AT THIS TIME, AND NEITHER THE PLAN DEBTORS, THE COMMITTEE NOR THEIR VOTING AGENT WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

**AGAIN, PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

</div>

| |
|---|
| PLEASE COMPLETE ITEMS 1 THROUGH 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. |

**Item 1.  Certification of Authority to Vote. The undersigned certifies that as of the Record Date, the undersigned (please check appropriate box):**

☐       Is a broker, bank, or other nominee for the beneficial holders of the principal amount of the
        Notes indicated on Exhibit A attached hereto or otherwise on this Master Ballot in the
        principal amount listed in Item 2 below, and is the registered holder or Master Ballot Agent of such securities, or

☐       Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted
        by a broker, bank, or other nominee that is the registered holder or Master Ballot Agent of the
        principal amount of Notes listed in Item 2 below, or

☐       Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee,
        or a beneficial holder, that is the registered holder or Master Ballot Agent of the principal amount of
        Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial holders of the Notes described in Item 2.

**Item 2.  Votes on the Plan Cast By Beneficial Owners.**  The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Owners of Class 4A, 4D, 5A, 5B, 5C, 6E Claims (as indicated on Exhibit A hereto), as identified by their respective account numbers, that have delivered duly completed Beneficial Ballots to the undersigned voting to accept or reject the Plan.  Any Ballot executed by a holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

(Please complete the information requested below.  Attach additional sheets if necessary.)

| BENEFICIAL OWNER | PRINCIPAL AMOUNT OF NOTES VOTED: | |
| --- | --- | --- |
| | To **ACCEPT** the Plan | To **REJECT** the Plan |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| TOTALS | | |

**THE VOTES OF YOUR BENEFICIAL OWNERS ON THIS BALLOT GIVING RISE TO CLASS 4A, 4D, 5A, 5B, 5C OR 6E CLAIMS (AS APPLICABLE) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOUR BENEFICIAL OWNERS HAVE A CLASS 4A, 4D, 5A, 5B, 5C OR 6E CLAIM.**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.17 OF THE DISCLOSURE STATEMENT.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)    **Defined Terms.**  As defined in the Plan:

1.A.156   **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)    <u>**Releases by Plan Debtors and Reorganized Debtors.**</u>  **Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Plan Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Plan Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Plan Debtors or Reorganized Debtors are a party.**

(c)    <u>**Releases by Holders of Claims.**</u>  **Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Plan Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or**

document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(d)     <u>Exculpation.</u>  From and after the Effective Date, the Released Parties, the Plan Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives shall have any right of action against any Plan Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.D of the Plan shall have no effect on:  (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(e)     <u>Injunctions.</u>  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the Plan Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Plan Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 3.  Additional Ballots Submitted by Beneficial Owners.**  The undersigned certifies that the information provided below (including any information on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Individual Ballot received from a beneficial owner of Class 4A, 4D, 5A, 5B, 5C, 6E Claims (as applicable).

(Please complete the information requested below.  Attach additional sheets if necessary.)

| Your Customer Account Number For Each Beneficial Owner | INFORMATION TO BE TRANSCRIBED FROM ITEM 4 OF BENEFICIAL OWNERS' INDIVIDUAL BALLOTS REGARDING OTHER BALLOTS CAST IN RESPECT OF OTHER CLASS 4A, 4D, 5A, 5B, 5C, 6E CLAIMS | | | | | |
|---|---|---|---|---|---|---|
| | Beneficial Owner's Name | Customer Account Number for Other Account | Name of Broker, Bank, Dealer or Other Agent or Nominee for Other Account (If Applicable) | Principal Amount | Class of Other Notes Voted | CUSIP of Other Notes |
| 1. | | | | | | |
| 2. | | | | | | |

| 3. | | | | | | |
|---|---|---|---|---|---|---|
| 4. | | | | | | |

**Item 4.  Additional Certifications.**  By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Plan Debtors:

i.    that the undersigned has received a copy of the Disclosure Statement and the solicitation package, has delivered the same to the Beneficial Owners listed on the Ballots, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

ii.    that the undersigned has received a completed and signed Ballot from each Beneficial Owner listed in Item 2 of the Master Ballot;

iii.    that the undersigned is the registered holder of the securities being voted;

iv.    that the undersigned has been authorized by each such Beneficial Owner to vote on the Plan;

v.    that the undersigned has properly disclosed: (A) the number of Beneficial Owners who completed Ballots; (B) the respective amounts of such Beneficial Owners' Class 4A, 4D, 5A, 5B, 5C, 6E Claims owned, as the case may be, by each Beneficial Owner who completed a Ballot; (C) each such Beneficial Owner's respective vote concerning the Plan; (D) each such Beneficial Owner's certification as to other Class 4A, 4D, 5A, 5B, 5C, 6E Claims voted, as applicable; and (E) the customer account or other identification number for each such Beneficial Owner;

vi.    that each such Beneficial Owner has certified to the undersigned that it is eligible to vote on the Plan; and it will maintain Ballots and evidence of separate transactions returned by Beneficial Owners (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Bankruptcy Court or the Plan Debtors, as the case may be, if so ordered;

vii.    that the undersigned acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of the undersigned's Class 4A, 4D, 5A, 5B, 5C, 6E Claim(s) (as applicable) as described in the Plan; and

viii.    that the undersigned acknowledges and agrees that the Plan Debtors may make conforming changes to the Plan as may be reasonably necessary; provided, that the Plan Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

_____
Name of Master Ballot Agent

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT
PROMPTLY IN THE ENVELOPE PROVIDED OR TO THE FOLLOWING ADDRESS:**

| BY MAIL: | OR BY E-MAIL: |
|---|---|
| NII Ballot Processing<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 9th Floor<br>New York, NY 10022 | niiballots@primeclerk.com |

**YOUR MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING
DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE MASTER BALLOT

1.  The Plan Proponents are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as it may be amended from time to time).

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.  You should immediately distribute the Ballots and the Solicitation Package to all Beneficial Owners of Claims and take any action required to enable each such Beneficial Owner to vote timely the Claims that it holds.  Any Ballot returned to you by a Beneficial Owner of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Voting Agent, a Master Ballot that reflects the vote of such Beneficial Owners by the Voting Deadline, which is **[Time]** prevailing Eastern Time on **[Date]** or otherwise validate the Ballot in a manner acceptable to the Voting Agent.

4.  With regard to any Ballots returned to you by a Beneficial Owner, you must:  (a) compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Owner; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Voting Agent by the Voting Deadline; and (d) retain such Ballots in your files for a period of one year after the Voting Deadline.  You may be ordered to produce the Ballots to the Plan Debtors or the Bankruptcy Court.

5.  If a Master Ballot is received after the Voting Deadline, it will not be counted unless the Plan Debtors determine otherwise. The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Master Ballot Agent. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Master Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that entities use an overnight or hand delivery service.  In all cases, Master Ballot Agents should allow sufficient time to assure timely delivery.  Delivery of a Master Ballot to the Voting Agent by facsimile shall not be valid.  No Master Ballot should be sent to any of the Plan Debtors, the Committee or their agents (other than the Voting Agent), any indenture trustee or the Plan Debtors' financial or legal advisors and if so sent will not be counted.

6.  Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of votes cast on other Master Ballots.  If two or more Master Ballots are inconsistent, the latest-received properly executed Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s) rather than supersede(s) the earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

7.  If a Beneficial Owner casts more than one Ballot voting the same Claim prior to the mailing deadline set by each Master Ballot Agent, the last such properly-executed Ballot received (as determined by you) should be deemed to reflect such Beneficial Owner's intent to either accept or reject the Plan.

8.  **The votes of your Beneficial Owners on this Ballot for Class 4A, 4D, 5A, 5B, 5C, 6E Claims (as applicable) shall be applied to each Debtor against whom your Beneficial Owners have a Class 4A, 4D, 5A, 5B, 5C, 6E Claim.**

9.  The attached Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan.  *Holders of Class 4A, 4D, 5A, 5B, 5C, 6E Claims should not surrender certificates (if any) representing their Notes at this time, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates transmitted together with a Master Ballot.*  Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Plan Debtors (or their agent), if necessary, after Confirmation of the Plan by the Bankruptcy Court.

10. This Master Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

11.  <u>Please be sure to sign and date your Master Ballot</u>. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

12.  If you are both the Master Ballot Agent and the Beneficial Owner of any of the Notes and you wish to vote the Class 4A, 4D, 5A, 5B, 5C, 6E Claims arising therefrom, you may return an Individual Ballot or Master Ballot for such Class 4A, 4D, 5A, 5B, 5C, 6E Claims.  If you choose to complete an Individual Ballot, please refer to the instructions accompanying the Individual Ballot.

13.  To ensure that the votes on the Master Ballot are counted, you must: (a) complete your Master Ballot in accordance with these instructions; (b) clearly indicate the decision either to accept or reject the Plan in the boxes provided in Item 2 of the Master Ballot; and (c) clearly sign and return your Master Ballot to the address set forth on the enclosed pre-addressed envelope in accordance with paragraph 15 below.

14.  If you believe that you have received this Master Ballot in error, please contact the Voting Agent immediately.

15.  **Return of Ballots**: The Master Ballot <u>must</u> be returned to the Voting Agent so as to be **actually** **received** by the Voting Agent on or before the Voting Deadline, which is **[Time]** prevailing Eastern Time on **[Date]**.  If a Master Ballot is received after the Voting Deadline, it will not be counted.  *Ballots should not be sent to the Plan Debtors or the Indenture Trustee(s).*

| BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY: | OR BY E-MAIL: |
|---|---|
| NII Ballot Processing<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 9th Floor<br>New York, NY 10022 | niiballots@primeclerk.com |

16.  **The following Ballots will NOT be counted**:

  i.  any Ballot received after the Voting Deadline unless (a) the Plan Proponents shall have granted in writing an extension of the Voting Deadline prior to the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

  ii.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

  iii.  any Ballot cast by an Entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

  iv.  any Ballot sent to any party <u>other</u> than the Voting Agent (<u>e.g.</u>, the Plan Debtors or the Bankruptcy Court);

  v.  any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

  vi.  any Ballot transmitted to the Voting Agent by facsimile or other means not specifically approved in the Disclosure Statement Order;

  vii.  any unsigned Ballot;

  viii.  any Ballot that does not contain an amount of Claim denominated in U.S. currency;

  ix.  any Ballot that does not contain an original signature; or

  x.  any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

17.  No fees or commissions or other remuneration will be payable to any broker, bank, dealer or other person in connection with this solicitation.  Upon written request, however, the Plan Debtors will reimburse you for customary mailing and handling expenses incurred by you in forwarding Individual Ballots and accompanying solicitation packages to your client(s).

18.  Please note that Item 2 of the Master Ballot requests that you transcribe information or attach a schedule to the Master Ballot in the indicated format providing information for each individual Beneficial Owner of the Notes on whose behalf you are executing a Master Ballot.  To identify such Beneficial Owners without disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner.  If a single customer has more than one account with the identical registration, only list that customer once in the schedule requested by Item 2.  The total principal amount of all accounts voted with respect to a single customer should be listed in a single schedule entry, so that each line will represent a different beneficial owner.

19.  Please note that Item 3 of the Master Ballot requests that you provide information or attach a schedule to the Master Ballot in the indicated format by transcribing any information provided in Item 4 of each Individual Ballot received from a beneficial owner for which you are executing a Master Ballot.  Please also include your customer account number for each entry in Item 3 of the Master Ballot.

20.  Please note that separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan (as applicable).  However, all holders of any portion of a single Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan.  Any executed Individual Ballot that (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is not timely received by you should not be counted on the Master Ballot as having been cast.

21.  Your Class 4A, 4D, 5A, 5B, 5C, 6E Claim (and any Class 4A, 4D, 5A, 5B, 5C, 6E Claims held by Beneficial Owners), each as applicable, has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot.  The temporary allowance of your Class 4A, 4D, 5A, 5B, 5C, 6E Claim (as applicable) for voting purposes does not constitute an allowance of such Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (e.g., the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

---

**YOUR MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

---

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE (I) FOR U.S. CALLERS AT (844) 224-1140 AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL NOT ACCEPT MASTER BALLOTS BY FACSIMILE.
MASTER BALLOTS SHOULD NOT BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR THE APPLICABLE INDENTURE TRUSTEE.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE PLAN DEBTORS OR THE VOTING AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THE PLAN DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.

# EXHIBIT A

*Please check ONE box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):*

| | | |
|---|---|---|
| | **Classes 4A and 4D (Luxco Note Claims)** | |
| ☐ | CUSIP 62914QAA5 / ISIN US62914QAA58 | 11.375% senior notes due 2019 |
| ☐ | CUSIP L67466AA7 / ISIN USL67466AA71 | 11.375% senior notes due 2019 |
| ☐ | CUSIP 62914QAD9 / ISIN US62914QAD97 | 7.875% senior notes due 2019 |
| ☐ | CUSIP L67466AB5 / ISIN USL67466AB54 | 7.875% senior notes due 2019 |
| | **Classes 5A, 5B and 5C (Capco Note Claims)** | |
| ☐ | CUSIP 67021BAC3 / ISIN US67021BAC37 | 8.875% senior notes due 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |
| ☐ | CUSIP 67021BAE9 / ISIN US67021BAE92 | 7.625% senior notes due 2021 |
| | **Class 6E (Transferred Guarantor Note Claims)** | |
| ☐ | CUSIP 67021BAC3 / ISIN US67021BAC37 | 8.875% senior notes due 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |

**B-4**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                                              :
In re:                                                        :        Chapter 11
                                                              :
NII Holdings, Inc., et al.,[1]                                :        Case No. 14-12611 (SCC)
                                                              :
                              Debtors.                        :        (Jointly Administered)
                                                              :
------------------------------------------------------------- x
```

**BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN
OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND
DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 7A:  CDB DOCUMENTS CLAIMS AGAINST THE DEBTORS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
IS [Time], PREVAILING EASTERN TIME, ON [Date]**

---

Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Plan").  The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order").  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Claim in Class 7A against the Debtor specified in Item 1 below, as defined in the Plan, as of the Record Date (**[Date]**).  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com, or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022 or (b) download such documents (excluding the Ballots) from the Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 7A under the Plan against the Debtor specified in Item 1 below.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return the originally signed Ballot to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor New York, NY 10022, so that it is received by the deadline indicated above.  Ballots should not be sent to the Debtors or the Committee.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED WITH AN ORIGINAL SIGNATURE ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1.  Class 7A Vote.**  The undersigned, a holder of a CDB Documents Claim in the Class and against the Debtor specified below in the amount set forth below votes to (check <u>one</u> box):

☐  **ACCEPT** (vote FOR) the Plan.                    ☐  **REJECT** (vote AGAINST) the Plan.

Class: 7A

Debtor:  NII Holdings, Inc.

Claim Amount: $_____

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.17 OF THE DISCLOSURE STATEMENT. PURSUANT TO ARTICLE IX  OF THE PLAN, IF YOU RECEIVE A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)       **Defined Terms.**  As defined in the Plan:

1.A.156  **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)       <u>**Releases by Plan Debtors and Reorganized Debtors.**</u>  **Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Plan Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Plan Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other**

parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Plan Debtors or Reorganized Debtors are a party.

(c)     <u>Releases by Holders of Claims.</u>  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Plan Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(d)     <u>Exculpation.</u>  From and after the Effective Date, the Released Parties, the Plan Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives shall have any right of action against any Plan Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however</u>, that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(e)     <u>Injunctions.</u>  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the Plan Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Plan Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned also acknowledges that the undersigned has cast the same vote with respect to all Claims in a single Class, and that that no other Ballots with respect to the amount of the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.    The Plan Proponents are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as it may be amended from time to time).

2.    **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.    In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain nondebtor entities.*  Complete the Ballot by providing all the information requested and sign, date and return the originally signed Ballot in the enclosed envelope or by regular mail, overnight courier or hand delivery to Prime Clerk LLC (the "Voting Agent") at the applicable following address:

> **NII Ballot Processing**
> **c/o Prime Clerk LLC**
> **830 3rd Avenue, 9th Floor**
> **New York, NY 10022**

Ballots must be *received* by the Voting Agent by[Time], Prevailing Eastern Time, on [Date] (the "Voting Deadline"). If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, facsimile or other means of electronic submission will not be accepted.  *Ballots should not be sent to the Plan Debtors or the Committee.*

4.    If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Class of Claims, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting CDB Documents Claims against the Debtor and in the Class specified in Item 1 of the Ballot.**  Separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan (as applicable).  If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan.  In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

5.    **The following Ballots will NOT be counted**:

    i.    any Ballot received after the Voting Deadline unless (a) the Plan Proponents (in their sole discretion) shall have granted an extension of the Voting Deadline with respect to such Ballot or (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    ii.    any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    iii.    any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

    iv.    any Ballot sent to the Plan Debtors, the Bankruptcy Court or any other party other than the Voting Agent;

    v.    any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

    vi.    any Ballot transmitted to the Voting Agent by email, facsimile or other means not specifically approved in the Disclosure Statement Order;

    vii.    any unsigned Ballot;

    viii.    any Ballot that does not contain an original signature; or

ix.     any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

6.     Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

7.     The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, if any, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.     The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

9.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.

10.     Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

<u>**PLEASE RETURN YOUR BALLOT PROMPTLY.**</u>

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE FOR (I) U.S. CALLERS AT (844) 224-1140 (NII TOLL FREE LINE) AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL <u>NOT</u> ACCEPT BALLOTS BY EMAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR ANY OF THEIR AGENTS OTHER THAN THE VOTING AGENT.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

**B-5**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------  x
                                              :
In re:                                        :       Chapter 11
                                              :
NII Holdings, Inc., et al.,¹                  :       Case No. 14-12611 (SCC)
                                              :
                    Debtors.                  :       (Jointly Administered)
                                              :
-------------------------------------------------------------  x
```

### BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

### CLASS 8A, 8B, 8C, 8D and 8E (as against NIU Holdings LLC) (collectively "Class 8"):  GENERAL UNSECURED CLAIMS AGAINST THE PLAN DEBTORS

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
IS [Time], EASTERN STANDARD TIME, ON [Date]**

---

Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Plan").  The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order").  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Claim in Class 8 against the Debtor specified in Item 1 below, as defined in the Plan, as of the Record Date (**[Date]**).  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Plan Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com, or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022 or (b) download such documents (excluding the Ballots) from the Plan Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 8 under the Plan against the Debtor specified in Item 1 below.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

---

¹  The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return the originally signed Ballot to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor New York, NY 10022, so that it is received by the deadline indicated above. Ballots should not be sent to the Plan Debtors or the Committee.

<div align="center">

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

</div>

---

PLEASE COMPLETE ITEMS 1 THROUGH 3. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED WITH AN ORIGINAL SIGNATURE ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class 8 Vote.** The undersigned, a holder of a General Unsecured Claim in the Class and against the Plan Debtor specified below in the amount set forth below votes to (check <u>one</u> box):

&#9633;   **ACCEPT** (vote FOR) the Plan.            &#9633;   **REJECT** (vote AGAINST) the Plan.

Class: _____

Debtor: _____

Claim Amount: $_____

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS. IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN ARTICLE IX.A.17 OF THE DISCLOSURE STATEMENT. PURSUANT TO ARTICLE IX OF THE PLAN, IF YOU RECEIVE A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)   **Defined Terms.** As defined in the Plan:

1.A.156   **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)   <u>**Releases by Plan Debtors and Reorganized Debtors.**</u>  **Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Plan Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Plan Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage,**

products liability or similar legal theories of recovery to which the Plan Debtors or Reorganized Debtors are a party.

(c)   **Releases by Holders of Claims.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Plan Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; _provided_, _however_, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(d)   **Exculpation.**  From and after the Effective Date, the Released Parties, the Plan Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives shall have any right of action against any Plan Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, any amendments to any of the Operating Company Credit Agreements, the New NII-ATC Guaranty, the CDB Amended Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; _provided_, _however_, that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(e)   **Injunctions.**  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the Plan Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Plan Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 2.    Voluntary Election of Convenience Claim Treatment.**    By checking the box below, the holder of the General Unsecured Claim identified in Item 1 elects to have its allowed Class 8A, 8B or 8C General Unsecured Claim treated as a Class 9A, 9B or 9C (collectively, "Class 9") Convenience Claim (as applicable) under the Plan and to receive the treatment specified in Section II.C.9 of the Plan.  If the box below is not checked, such holder's allowed Class 8 Claim will receive the treatment specified in Section II.C.8 of the Plan.

☐  **Convenience Claim Treatment**

**Item 3.  Acknowledgments.**    By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned also acknowledges that the undersigned has cast the same vote with respect to all Claims in a single Class, and that that no other Ballots with respect to the amount of the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

---

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

1.   The Plan Proponents are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 (as it may be amended from time to time).

2.   **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.   In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain nondebtor entities.* Complete the Ballot by providing all the information requested and sign, date and return the originally signed Ballot in the enclosed envelope or by regular mail, overnight courier or hand delivery to Prime Clerk LLC (the "Voting Agent") at the applicable following address:

> **NII Ballot Processing**
> **c/o Prime Clerk LLC**
> **830 3rd Avenue, 9th Floor**
> **New York, NY 10022**

**Ballots must be *received* by the Voting Agent by[Time], Eastern Standard Time, on [Date] (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by email, facsimile or other means of electronic submission will not be accepted. *Ballots should not be sent to the Plan Debtors or the Committee.*

4.   You must identify whether your Claim is in Class 8A, 8B, 8C, 8D or 8E (as against NIU Holdings LLC) on the first line of Item 1 and identify the Debtor you are asserting your Claim against on the second line of Item 1.

5.   If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Class of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting General Unsecured Claims against the Debtor and in the Class specified in Item 1 of the Ballot.** Separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan (as applicable). If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

6.   **Election to Opt Out of Class 8.** By checking the box in Item 2 to opt out of Class 8, you irrevocably elect to have your Class 8 Claim treated as a Class 9 Claim. You should consult the Plan for a better understanding of the treatment of Classes 8 and 9 under the Plan.

7.   **The following Ballots will NOT be counted**:

    i.    any Ballot received after the Voting Deadline unless (a) the Plan Proponents (in their sole discretion) shall have granted an extension of the Voting Deadline with respect to such Ballot or (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    ii.   any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    iii.  any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

    iv.   any Ballot sent to the Plan Debtors, the Bankruptcy Court or any other party other than the Voting Agent;

    v.    any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

**Unsecured Claim Ballot**

vi.     any Ballot transmitted to the Voting Agent by email, facsimile or other means not specifically approved in the Disclosure Statement Order;

vii.     any unsigned Ballot;

viii.     any Ballot that does not contain an original signature; or

ix.     any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

8.     Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

9.     The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, if any, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.     The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

11.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.

12.     Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

<u>**PLEASE RETURN YOUR BALLOT PROMPTLY.**</u>

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE FOR (I) U.S. CALLERS AT (844) 224-1140  (NII TOLL FREE LINE) AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL <u>NOT</u> ACCEPT BALLOTS BY EMAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR ANY OF THEIR AGENTS OTHER THAN THE VOTING AGENT.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

# <u>EXHIBIT C</u>

## (Proposed Tabulation Rules)

## PROPOSED TABULATION RULES FOR
## <u>CLAIMS ENTITLED TO VOTE ON THE PLAN</u>

a.      Unless otherwise provided in the Tabulation Rules described below, a Claim (as defined in the Plan) will be deemed temporarily allowed for voting purposes in an amount equal to the amount claimed by the holder of such Claim in any proof of Claim filed by the applicable bar date (or otherwise deemed timely filed under applicable law) to the extent that the proof of Claim specifies a fixed or liquidated amount.  Any additional contingent or unliquidated amounts will be temporarily disallowed for voting purposes.

b.      If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan, if any.

c.      If a Claim for which a proof of Claim has been timely filed is (i) wholly contingent, unliquidated or disputed (upon a reasonable review of the claim and the supporting documentation by the Plan Proponents or the Voting Agent) and/or (ii) does not otherwise specify a fixed or liquidated amount, such wholly contingent, unliquidated or disputed Claim will be temporarily allowed for voting purposes in the amount of $1.00.

d.      If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, or by an agreement between the Plan Proponents and the creditor estimating or otherwise allowing a Claim for voting purposes (an "<u>Estimation Agreement</u>"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court.  The following shall apply to Estimation Agreements:

- With respect to any Estimation Agreement, the Plan Proponents must file a notice of such agreement (an "<u>Estimation Notice</u>") with the Bankruptcy Court and serve such Estimation Notice on the affected creditor and the following parties (collectively, the "<u>Notice Parties</u>"):

    i.      the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

    ii.     counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

    iii.    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq. and Brian Masumoto, Esq.);

    iv.     counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

v.      counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

vi.     counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

vii.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

viii.   Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

ix.     Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

x.      counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

xi.     the Securities and Exchange Commission; and

xii.    all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

- Each Estimation Notice: (i) may address a single Claim or multiple Claims; (ii) shall describe the pertinent terms of the Estimation Agreement between the parties (including the amount(s) in which the creditor's Claim(s) will be temporarily allowed for voting purposes); and (iii) provide that the Notice Parties may file written objections to the Estimation Agreement described therein (an "Estimation Objection") and serve such objection on the Plan Proponents and the Notice Parties no later than 7 days after service of the Estimation Notice (the "Estimation Objection Deadline").

- If no Estimation Objection is filed and served by the Estimation Objection Deadline with respect to a particular Estimation Agreement, the Claim(s) addressed in the relevant Estimation Agreement will be temporarily allowed for voting purposes as set forth in the Estimation Agreement without further action of the parties or the Bankruptcy Court.

- If an Estimation Objection is timely filed and served, and such Estimation Objection is not resolved consensually by the parties, the Claim(s)

addressed in the relevant Estimation Agreement will not be temporarily allowed for voting purposes as set forth therein unless approved by an order of the Bankruptcy Court.  The Plan Proponents may schedule any such Estimation Objection and the related Estimation Agreement for hearing at any omnibus hearing before the Bankruptcy Court on not less than seven business days' notice.  Along with any notice of hearing on a contested Estimation Agreement, the Plan Proponents may file additional briefing in support of the agreement (a "Supplemental Brief"), and parties that filed Estimation Objections will have three business days from the service of the Supplemental Brief to file with the Bankruptcy Court and serve on the Plan Proponents a response to the Supplemental Brief.

e.      If a Claim is (i) either (a) not listed in the Schedules or (b) listed in the Schedules as contingent, unliquidated or disputed and (ii) a proof of Claim was not timely filed or deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, unless the Plan Proponents have consented otherwise in writing, such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).[1]

f.      If a Claim is submitted for resolution pursuant to the ADR Procedures at least 14 days before the Voting Deadline, the Claim will be temporarily allowed in the liquidated, noncontingent and undisputed amount, if any, identified in the Schedules on account of such Claim or, if such Claim is listed in the Schedules as contingent, unliquidated or disputed, the Claim will be temporarily allowed in the amount of $1.00.

g.      If the Plan Proponents have filed and served an objection to a Claim at least 14 days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection.  If an objection does not identify the proposed amount of a Claim (e.g., if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

h.      If the automatic stay has been modified by an order of the Bankruptcy Court at least 14 days before the Voting Deadline to permit a Claim to be adjudicated, in whole or in part, in another court (including an appellate court), such Claim will be temporarily allowed in the liquidated, noncontingent and undisputed amount, if any, identified in the Schedules on account of such Claim or, if such Claim is listed in the Schedules as contingent, unliquidated or disputed, the Claim will be temporarily allowed in the amount of $1.00.

i.      With respect to Notes, holders of such Notes as of the Record Date shall be solicited and cast votes on the Plan in accordance with customary procedures for soliciting and tabulating votes of public securities holders.  For the avoidance of doubt, any proofs of claim

---

[1]      Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

filed by individual Noteholders on their own behalf on account of ownership of the Notes shall be disallowed for voting purposes.   In addition, any proofs of claims filed by individual equity holders on account of their equity ownership shall be disallowed for voting purposes, and such holders will be served with the Notice of Non-Voting Status in accordance with customary procedures for noticing public securities holders.

       j.     If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Plan Proponents have objected to such amended claim.

       k.     For purposes of the numerosity and amount requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan (as applicable).

       l.     If any portion of a single Claim has been transferred to a transferee, all holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (ii) required to vote every portion of such Claim collectively to either accept or reject the Plan.

       m.     If a creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the latest dated properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

       n.     Creditors are required to vote all of their Claims, as the case may be, within a particular Class under the Plan either to accept or reject the Plan and may not split their votes.

       o.     In the event that (i) a Ballot, (ii) group of Ballots within a Plan class received from a single creditor or (iii) a group of Ballots received from the various holders of multiple portions of a single Claim partially rejects and partially accepts the Plan, such Ballots will not be counted.

       p.     Any proof of claim not asserted in U.S. dollars shall be allowed to vote at $1.00 for voting purposes only.

       q.     The Plan Proponents, in their discretion, and subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice.  Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Plan Proponents may, in their discretion, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

       r.     Subject to contrary order of the Court, the Plan Proponents reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in

the opinion of the Plan Proponents, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

        s.    The following additional procedures shall apply with respect to tabulating master ballots:

    (1)    All Master Ballot Agents will be required to retain the Beneficial Owner Ballots cast by their respective Beneficial Owners for inspection for a period of one year following the Voting Deadline.

    (2)    Votes cast by holders of public securities through Master Ballot Agents will be applied to the applicable positions held by such Master Ballot Agents as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent shall not be counted in excess of the amount of public securities held by such Master Ballot Agent as of the Record Date.

    (3)    If conflicting votes or "over-votes" are submitted by a Master Ballot Agent, the Voting Agent shall use reasonable efforts to reconcile discrepancies with such Master Ballot Agent. The submission of a Beneficial Owner Ballot or a Master Ballot reflecting an aggregate amount of voting Claims that exceeds the record position as identified on record and depository listings, respectively, is referred to herein as an "over-vote."

    (4)    If over-votes are submitted by a Master Ballot Agent which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be counted in the same proportion as the votes to accept and to reject the Plan submitted by the Master Ballot Agent, but only to the extent of the Master Ballot Agent's Record Date position in the public securities.

    (5)    For the purposes of tabulating votes, each Beneficial Owner shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted.

    (6)    A single Master Ballot Agent may complete and deliver to the Voting Agent multiple master ballots. Votes reflected on multiple master ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots

are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior received Master Ballot.

## **EXHIBIT D**

**(Proposed Confirmation Hearing Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re:                                              :       Chapter 11
:
NII Holdings, Inc., et al.,[1]                      :       Case No. 14-12611 (SCC)
:
                            Debtors.                :       (Jointly Administered)
:
----------------------------------------------------------------x

### NOTICE OF (A) DEADLINE
### FOR CASTING VOTES TO ACCEPTOR REJECT
### PLAN OF REORGANIZATION, (B) HEARING TO CONSIDER
### CONFIRMATION OF PLAN OF REORGANIZATION AND (C) RELATED MATTERS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.    Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents") filed:  (a) the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors [Docket No.  527] (as the same may be amended or modified, the "Plan") on March 13, 2015; and (b) the related First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors [Docket No.  527] (as the same may be amended or modified, the "Disclosure Statement") on March 13, 2015.[2]

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

[2]    References to Exhibits and capitalized terms not otherwise defined in this Notice have the meanings given to them in the Motion for an Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement Notice (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, (IV) Approving Related Notice and Rights Offering Procedures and (V) Scheduling Hearing on Confirmation of Joint Plan of Reorganization
(Cont.'d)

2.      Pursuant to an order of the Court dated [____] (the "Solicitation Procedures Order"), the Disclosure Statement and certain related materials (collectively, the "Solicitation Materials") have been approved for solicitation of votes to accept or reject the Plan.

3.      A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 623 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") **on June 3, 2015, at 10:00 a.m., Eastern time.**

4.      Pursuant to the Solicitation Procedures Order, the Court approved certain procedures for tabulation of votes to accept or reject the Plan.  If you are the holder of a Claim against one of the Debtors as of April 20, 2015 (the record date as established by the Solicitation Procedures Order) in a class entitled to vote on the Plan, you have received with this Notice a ballot form (a "Ballot") and voting instructions appropriate for your Claim, as well as a copy of the Disclosure Statement and related solicitation materials.  The following procedures apply with respect to voting your Claim:

a.      Except as provided in subparagraph (b) below, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot and return the completed Ballot to the address indicated on the Ballot **so that it is received by 4:00 p.m., Eastern time, on May 20, 2015** (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.  ***You are encouraged to read the voting instructions carefully and review the Disclosure Statement before you vote.***

b.      IF YOUR CLAIM IS BASED ON OBLIGATIONS OWED UNDER A NOTE, SPECIAL VOTING PROCEDURES AND DEADLINES MAY APPLY.  YOU ARE URGED TO READ CAREFULLY ALL INSTRUCTIONS RECEIVED WITH YOUR SOLICITATION MATERIALS TO ENSURE THAT YOUR BALLOT IS PROPERLY COMPLETED AND TIMELY SUBMITTED.

c.      Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with the following tabulation rules approved by the Court in the Solicitation Procedures Order (collectively, the "Tabulation Rules"):

i.      Unless otherwise provided in the Tabulation Rules described below, a Claim will be deemed temporarily allowed for voting purposes in an amount equal to the amount claimed by the holder

---

(the "Motion"), filed by the Debtors on December 22, 2014, or, if not defined therein, in the Plan.  Copies of the Motion are available upon request from the Debtors' counsel.

of such Claim in any proof of Claim filed by the applicable bar date (or otherwise deemed timely filed under applicable law) to the extent that the proof of Claim specifies a fixed or liquidated amount. Any additional contingent or unliquidated amounts will be temporarily disallowed for voting purposes.

ii.    If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan.

iii.    If a Claim for which a proof of Claim has been timely filed is (i) wholly contingent, unliquidated or disputed (upon a reasonable review of the claim and the supporting documentation by the Plan Proponents or the Voting Agent) and/or (ii) does not otherwise specify a fixed or liquidated amount, such wholly contingent, unliquidated or disputed Claim will be temporarily allowed for voting purposes in the amount of $1.00.

iv.    If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, or by an agreement between the Plan Proponents and the creditor estimating or otherwise allowing a Claim for voting purposes (an "Estimation Agreement"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court. The following shall apply to Estimation Agreements:

•    With respect to any Estimation Agreement, the Plan Proponents must file a notice of such agreement (an "Estimation Notice") with the Bankruptcy Court and serve such Estimation Notice on the affected creditor and the following parties (collectively, the "Notice Parties"):

•    the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn: General Counsel);

•    counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: David G. Heiman, Esq. and Carl E. Black, Esq.);

•    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq. and Brian Masumoto, Esq.);

- counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

- counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

- counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

- Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

- Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

- Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

- counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.) ;

- the SEC; and

- all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

- Each Estimation Notice: (i) may address a single Claim or multiple Claims; (ii) shall describe the pertinent terms of the Estimation Agreement between the parties (including the amount(s) in which the creditor's Claim(s) will be

temporarily allowed for voting purposes); and (iii) provide that the Notice Parties may file written objections to the Estimation Agreement described therein (an "Estimation Objection") and serve such objection on the Plan Proponents and the Notice Parties no later than 7 days after service of the Estimation Notice (the "Estimation Objection Deadline").

- If no Estimation Objection is filed and served by the Estimation Objection Deadline with respect to a particular Estimation Agreement, the Claim(s) addressed in the relevant Estimation Agreement will be temporarily allowed for voting purposes as set forth in the Estimation Agreement without further action of the parties or the Bankruptcy Court.

- If an Estimation Objection is timely filed and served, and such Estimation Objection is not resolved consensually by the parties, the Claim(s) addressed in the relevant Estimation Agreement will not be temporarily allowed for voting purposes as set forth therein unless approved by an order of the Bankruptcy Court. The Plan Proponents may schedule any such Estimation Objection and the related Estimation Agreement for hearing at any omnibus hearing before the Bankruptcy Court on not less than 7 business days' notice. Along with any notice of hearing on a contested Estimation Agreement, the Plan Proponents may file additional briefing in support of the agreement (a "Supplemental Brief"), and parties that filed Estimation Objections will have three business days from the service of the Supplemental Brief to file with the Bankruptcy Court and serve on the Plan Proponents a response to the Supplemental Brief.

v.  If a Claim is (i) either (A) not listed in the Schedules or (B) listed in the Schedules as contingent, unliquidated or disputed and (ii) a proof of Claim was not timely filed or deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, unless the Plan Proponents have consented otherwise in writing, such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).

vi.  If a Claim is submitted for resolution pursuant to the ADR Procedures at least 14 days before the Voting Deadline, the Claim will be temporarily allowed in the liquidated, noncontingent and undisputed amount, if any, identified in the Schedules on account of such Claim or, if such Claim is listed in the Schedules as

contingent, unliquidated or disputed, the Claim will be temporarily allowed in the amount of $1.00.

vii.    If the Plan Proponents have filed and served an objection to a Claim at least 14 days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection.  If an objection does not identify the proposed amount of a Claim (e.g., if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

viii.    With respect to Notes, holders of such Notes as of the Record Date shall be solicited and cast votes on the Plan in accordance with customary procedures for soliciting and tabulating votes of public securities holders.  For the avoidance of doubt, any proofs of claim filed by individual Noteholders on their own behalf on account of ownership of the Notes shall be disallowed for voting purposes. In addition, any proofs of claims filed by individual equity holders on account of their equity ownership shall be disallowed for voting purposes, and such holders will be served with the Notice of Non-Voting Status in accordance with customary procedures for noticing public securities holders.

ix.    If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Plan Proponents have objected to such amended claim

x.    For purposes of the numerosity and amount requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan (as applicable).

xi.    Any proof of claim not asserted in U.S. dollars shall be allowed to vote at $1.00 for voting purposes only.

xii.    The Plan Proponents, in their discretion, and subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Plan Proponents may, in their discretion, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Court; provided, however, that such invalid

Ballots shall be documented in the voting results filed with the Court.

xiii.    Subject to contrary order of the Court, the Plan Proponents reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Plan Proponents, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

xiv.    The following additional procedures shall apply with respect to tabulating master ballots:

- All Master Ballot Agents will be required to retain the Beneficial Owner Ballots cast by their respective Beneficial Owners for inspection for a period of one year following the Voting Deadline.

- Votes cast by holders of public securities through Master Ballot Agents will be applied to the applicable positions held by such Master Ballot Agents as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent shall not be counted in excess of the amount of public securities held by such Master Ballot Agent as of the Record Date.

- If conflicting votes or "over-votes" are submitted by a Master Ballot Agent, the Voting Agent shall use reasonable efforts to reconcile discrepancies with such Master Ballot Agent. The submission of a Beneficial Owner Ballot or a Master Ballot reflecting an aggregate amount of voting Claims that exceeds the record position as identified on record and depository listings, respectively, is referred to herein as an "over-vote."

- If over-votes are submitted by a Master Ballot Agent which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be counted in the same proportion as the votes to accept and to reject the Plan submitted by the Master Ballot Agent, but only to the extent of the Master Ballot Agent's Record Date position in the public securities.

- For the purposes of tabulating votes, each Beneficial Owner shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its public securities; any

principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted.

- A single Master Ballot Agent may complete and deliver to the Voting Agent multiple master ballots. Votes reflected on multiple master ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior received Master Ballot.

d.      The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Plan Proponents in any other context, including the right of the Plan Proponents to contest the amount, validity or classification of any Claim for purposes of allowance and distribution under the Plan. If you wish to challenge (i) the classification of your Claim or (ii) the allowance of your Claim for voting purposes in accordance with the Tabulation Rules, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on counsel for each of the Plan Proponents identified below so that it is received by the later of (i) May 13, 2015 or (ii) ten days after the date of service of a notice of objection, if any, to your Claim. Unless the Court orders otherwise, your Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Rules.

5.      Classes 1A – 1E (Priority Claims), 2A – 2E (Secured Claims), 9A – 9C (Convenience Claims), 11A – 11E (Non-Debtor Affiliate Claims) and 13B – 13E (Subsidiary Debtor Equity Interests) under the Plan are unimpaired and, therefore, are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code. Classes 8E (General Unsecured Claims as against NII Mercosur, LLC, Airfone Holdings, LLC or McCaw International (Brazil), LLC), 10A – 10E (Section 510 Claims) and 12A (NII Interests) under the Plan are impaired, but shall not receive any Distribution pursuant to the Plan, and therefore, consistent with section 1126(g) of the Bankruptcy Code, will be deemed to have rejected the Plan. For the foregoing reasons, solicitation of Classes 1A – 1E, 2A – 2E, 8E (as against NII Mercosur, LLC, Airfone Holdings, LLC or McCaw International (Brazil), LLC), 9A – 9C, 10A – 10E, 11A – 11E, 12A and 13B – 13E (collectively, the "Non-Voting Classes") under the Plan is not required, and no Ballots have been proposed for creditors and equity security holders in these classes. Each holder of a claim or interest in the Non-Voting Classes that is not a Debtor or an affiliate of a Debtor will receive a Notice of Non-Voting Status.

6.      In connection with confirmation of the Plan, the Plan Proponents are seeking approval of certain releases, including releases of certain nondebtor entities, that will

become effective and binding on the Effective Date in accordance with the terms of the Plan and the Confirmation Order.  These releases are described in detail in the Disclosure Statement.

7.    Objections, if any, to the confirmation of the Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Court and served on the following parties **so that they are received no later than 4:00 p.m., Eastern time, on May 20, 2015**:

i.    the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

ii.    counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

iii.    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.);

iv.    counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

v.    counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

vi.    counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

vii.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

viii.    Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

ix.    Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

x.    counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

      xi.        the SEC; and

      xii.      all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

    9.     For purposes of filing pleadings in these cases, the address of the Court is One Bowling Green, New York, New York 10004-1408.  Attorneys may also file pleadings on the Bankruptcy Court's  Document Filing System (ECF) by completing and submitting the Electronic Filing Registration Form, available at http://www.nysb.uscourts.gov.

    10.    Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made in writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022.  In addition, any party may review the Plan, the Disclosure Statement and related exhibits without charge via the internet at cases.primeclerk.com/nii.

    11.    The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

Dated:  **[Date]**, 2015
**[BY ORDER OF THE COURT]**

    /s/ _____

Scott J. Greenberg
Lisa Laukitis
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306


 - and -


David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212


ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

    /s/ _____

Kenneth H. Eckstein
Adam C. Rogoff
Stephen D. Zide
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8100


ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS

**EXHIBIT E**

**(Proposed Solicitation Package and General Procedures)**

## **THE SOLICITATION PACKAGE AND GENERAL PROCEDURES**

        a.      The Solicitation Package, comprised of the materials required to be provided to holders of Claims under Bankruptcy Rule 3017(d), will be mailed to appropriate parties in interest after the Bankruptcy Court has approved the contents of the Disclosure Statement as containing adequate information, as required by section 1125 of the Bankruptcy Code.  Specifically, the Debtors will mail Solicitation Packages or cause such Solicitation Packages to be mailed by U.S. mail, postage prepaid, to holders of Claims in classes entitled to vote on the Plan.

        b.      Solicitation Packages will contain copies of the following items:

      i.      a cover letter describing (1) the contents of the Solicitation Package, (2) the contents of any enclosed CD-ROM and instructions for use of the CD-ROM and (3) information about how to obtain, at no charge, hard copies of any materials provided on the CD-ROM;

      ii.      the Confirmation Hearing Notice;

      iii.      the order approving the Disclosure Statement (excluding the exhibits thereto);

      iv.      the Disclosure Statement together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing, except as set forth below,[1]

---

[1]    The Disclosure Statement and the Plan, including exhibits, are voluminous.  Accordingly, to reduce substantially the administrative costs associated with printing and mailing such a voluminous document, the Debtors may elect to serve the Disclosure Statement and the Plan (including exhibits) via CD-ROM instead of in printed format to all parties (while reserving the right to serve printed copies of the Solicitation Packages, as described below).  This procedure has been approved in other large chapter 11 cases in this District.  See, e.g., In re Excel Mar. Carriers Ltd., No. 13-23060 (RDD) (Bankr. S.D.N.Y. Dec. 10, 2013); In re Old Carco LLC (f/k/a/ Chrysler LLC), Case No. 09-50002 (AJG) (Bankr. S.D.N.Y.  Jan. 21, 2010); In re Frontier Airlines Holdings, Inc., No. 08-11298 (RDD) (Bankr. S.D.N.Y. July 22, 2009); In re Northwest Airlines Corp., No. 05-17930 (ALG) (Bankr. S.D.N.Y. Mar. 30, 2007).

Should the Debtors elect to serve printed copies of the Solicitation Packages, the Debtors propose to exclude from the Solicitation Packages all exhibits to the Plan and the Disclosure Statement that contain publicly available documents previously filed by the Debtors with the United States Securities and Exchange Commission.  Because these publicly-filed documents aggregate hundreds of pages, including them within a paper service of the Solicitation Packages would significantly increase the cost of printing and mailing the Solicitation Packages.

> v.      any letters from (i) the Debtors, recommending acceptance of the Plan and (ii) certain other constituencies setting forth their recommendations with respect to the Plan;[2] and
>
> vi.     for holders of Claims in voting Classes, an appropriate form of Ballot, a pre-paid, pre-addressed Ballot return envelope and such other materials as the Court may direct.

c.      In addition to the service procedures outlined above (and to accommodate creditors who wish to review exhibits not included in the Solicitation Packages in the event of paper service): (a) the Plan, the Disclosure Statement and, once they are filed, all exhibits to both documents will be made available at no charge via the internet at cases.primeclerk.com/nii; (b) the Debtors will provide parties in interest (at no charge) with hard copies of the Plan and/or Disclosure Statement (excluding any publicly filed exhibits) upon written request; and (c) the Debtors will separately file copies of all exhibits to the Plan and Disclosure Statement with the Court no later than seven days before the Confirmation Hearing.

d.      Solicitation Packages for holders of Claims or Interests in the Non-Voting Classes under the Plan will include only the Confirmation Hearing Notice and the Notice of Non-Voting Status.

e.      Except as described above or on Exhibit F, the Solicitation Packages will be mailed not less than twenty-eight days prior to the Confirmation Objection Deadline to:

> i.      the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee");
>
> ii.     all persons or entities that have timely filed proofs of Claim on or before the Record Date (or their transferees in accordance with the Motion);
>
> iii.    all persons or entities identified in the Debtors' respective schedules of assets and liabilities (collectively with any amendments thereto, the "Schedules") as holding liquidated, noncontingent, undisputed Claims as of the Record Date (or their transferees in accordance with the Motion);

---

[2]  The Debtors reserve the right to include letters setting forth recommendations with respect to the Plan in the Solicitation Package.  The Debtors intend to file copies of any such letters with the Court prior to the hearing on the Motion.

iv.      all other known holders of Claims or Interests against the Debtors, if any, as of the Record Date;

v.      all parties in interest that have filed notices in accordance with Bankruptcy Rule 2002 in the Debtors' chapter 11 cases on or before the Record Date; and

vi.      all parties to executory contracts or unexpired leases with the Debtors, as reflected on the Debtors' books and records or the Schedules, (A) that have not previously been assumed and assigned pursuant to an order of the Court and (B) that have not previously been rejected by an order of the Court, or have been rejected but with respect to which the bar date for asserting rejection damages claims has not passed as of the Record Date.

f.      Solicitation Packages will be mailed to known holders of Claims against the Debtors at the following addresses:  (a) for persons or entities that have filed proofs of Claim, at the address provided on the face of the filed proof of Claim; (b) for persons or entities listed on the Debtors' Schedules, at the most current address contained in the Debtors' books and records; and (c) at the address for a Claim transferee set forth in a valid notice of transfer of Claim or the address provided in any requests for notice filed in accordance with Bankruptcy Rule 2002.  Solicitation Packages will be mailed to Noteholders as described on <u>Exhibit F</u>.

g.      On **[Date]**, the Plan Proponents served notice of the hearing to approve the Disclosure Statement (the "<u>Disclosure Statement Notice</u>") on the following parties in accordance with Bankruptcy Rule 2002:  (a) the U.S. Trustee; (b) counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively; (c) counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes; (d) counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes; (e) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York  10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes; (f) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP; (g) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company; (h) counsel for the Creditors' Committee; (i) all persons or entities that have filed proofs of claim in the Debtors' cases that have not been previously disallowed by order of this Court and have been processed by the Debtors' claims agent prior to the mailing of the Disclosure Statement Notice; (j) all persons or entities listed in the Debtors' respective schedules of assets and liabilities, and any amendments thereto (collectively, the "<u>Schedules</u>"); (k) all holders the Debtors' public securities; (l) the

Securities and Exchange Commission (the "SEC"); (l) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases; and (m) any other known holders of claims or potential claims against the Debtors (collectively, the "Notice Parties").

        h.     Given the size of the mailing, the Plan Proponents anticipate that a number of the Disclosure Statement Notices will be returned by the United States Postal Service as undeliverable as a result of incomplete or inaccurate addresses (collectively, the "Undeliverable Addresses").  The Plan Proponents believe that it would be costly and wasteful to mail Solicitation Packages to the Undeliverable Addresses.  Therefore, the Plan Proponents request that they be excused from mailing Solicitation Packages to those entities for which the Plan Proponents have only Undeliverable Addresses unless the Plan Proponents are provided with accurate addresses for such entities, in writing, on or before February 11, 2015.  If a Solicitation Package is returned as undeliverable, the Voting Agent shall resend such Solicitation Package only once, provided that the United States Post Office has included a forwarding address at least seven business days before the Voting Deadline.

## **EXHIBIT F**

**(Noteholder Solicitation Procedures)**

## SPECIAL SOLICITATION PROCEDURES FOR NOTEHOLDERS

a.    The Plan Proponents will cause a Solicitation Package or Packages to be mailed by first class mail, postage prepaid, to (i) each Directly Registered Holder of the Notes and (ii) each Master Ballot Agent for distribution to Beneficial Owners as of the Record Date, in the manner described below.

b.    Pursuant to Bankruptcy Rules 1007(i) and 3017(e), to permit such mailing and facilitate the transmittal of Solicitation Packages to Directly Registered Holders and Beneficial Owners of Notes, the Indenture Trustees will be required to provide the following documents to the Plan Proponents within two (2) business days after the Record Date: (i) a list in appropriate electronic or other format agreed to by the Plan Proponents containing the names, addresses and holdings of the respective Directly Registered Holders (a "Record Holder Register"); or (ii) confirmation that there are no Directly Registered Holders.

c.    Not less than twenty-eight days prior to the Confirmation Objection Deadline, the Debtors (or the Debtors' agent) will send each Directly Registered Holder (if any) a Solicitation Package containing the Beneficial Owner Ballot. The Beneficial Owner Ballot must be completed and returned to the Voting Agent so that it is received prior to the Voting Deadline.

d.    The Voting Agent will deliver to each Master Ballot Agent a Master Ballot[1] and the requisite number of Solicitation Packages with the appropriate Beneficial Owner Ballots.

e.    The Master Ballot Agents will be required to distribute the Solicitation Packages they receive as promptly as possible to the Beneficial Owners for whom they provide services.  In particular, to obtain the votes of the Beneficial Owners, the Master Ballot Agents will include as part of each Solicitation Package sent to a Beneficial Owner a Beneficial Owner Ballot and a pre-paid return envelope provided by and addressed to the Master Ballot Agent.  The Beneficial Owners then must return the Beneficial Owner Ballots to the Master Ballot Agent in the manner and by the deadline directed by the Master Ballot Agent in the instructions accompanying the Beneficial Owner Ballots.[2]  Upon receipt of the completed Beneficial Owner Ballots from the Beneficial Owners, the Master Ballot Agent will summarize the votes of its respective Beneficial Owners on a Master Ballot in accordance with the instructions attached to the

---

[1]    In accordance with customary securities solicitation procedures, the Master Ballots will be distributed to Master Ballot Agents approximately seven (7) days after the initial solicitation mailing.

[2]    Prior to distributing the Beneficial Owner Ballots, the Master Ballot Agents will be required to fill in the information on the Beneficial Owner Ballots regarding the manner and deadline for submission of such Ballots.  See the Beneficial Owner Ballots attached hereto as part of Exhibit B.

Master Ballot.  See the Master Ballots attached as part of Exhibit B.  The Master Ballot
Agent must return the Master Ballot to the Voting Agent so that it is received prior to the
Voting Deadline.

       f.     Upon written request, the Debtors will reimburse such entities (or
their agents) in accordance with customary procedures for their reasonable, actual and
necessary out-of-pocket expenses incurred in performing the tasks described above.  No
other fees, commissions or other remuneration will be payable to any Master Ballot
Agent (or their agents or intermediaries) in connection with the distribution of
Solicitation Packages to Beneficial Owners or the completion of Master Ballots.

       g.     With respect to the tabulation of Ballots cast by Directly
Registered Owners and Beneficial Owners of Notes, the following procedures will apply:

     i.     All Master Ballot Agents will be required to retain the Beneficial
Owner Ballots cast by their respective Beneficial Owners for
inspection for a period of one year following the Voting Deadline.

     ii.     Votes cast by holders of public securities through Master Ballot
Agents will be applied to the applicable positions held by such
Master Ballot Agents as of the Record Date, as evidenced by the
record and depository listings.  Votes submitted by a Master Ballot
Agent shall not be counted in excess of the amount of public
securities held by such Master Ballot Agent as of the Record Date.

     iii.     If conflicting votes or "over-votes" are submitted by a Master
Ballot Agent, the Voting Agent shall use reasonable efforts to
reconcile discrepancies with such Master Ballot Agent.  The
submission of a Beneficial Owner Ballot or a Master Ballot
reflecting an aggregate amount of voting Claims that exceeds the
record position as identified on record and depository listings,
respectively, is referred to herein as an "over-vote."

     iv.     If over-votes are submitted by a Master Ballot Agent which are not
reconciled prior to the preparation of the certification of vote
results, the votes to accept and to reject the Plan shall be counted in
the same proportion as the votes to accept and to reject the Plan
submitted by the Master Ballot Agent, but only to the extent of the
Master Ballot Agent's Record Date position in the public
securities.

     v.     For the purposes of tabulating votes, each Beneficial Owner shall
be deemed (regardless of whether such holder includes interest in
the amount voted on its Ballot) to have voted only the principal
amount of its public securities; any principal amounts thus voted
may be thereafter adjusted by the Voting Agent, on a proportionate
basis to reflect the corresponding claim amount, including any

accrued but unpaid prepetition interest, with respect to the securities thus voted.

vi.    A single Master Ballot Agent may complete and deliver to the Voting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior received Master Ballot.

vii.    The tabulation of votes by Directly Registered Holders and Beneficial Owners will be subject to the additional provisions contained in <u>Exhibit C</u>.

**<u>EXHIBIT G</u>**

**(Notice of Non-Voting Status)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re:                                                        :    Chapter 11
:
NII Holdings, Inc., et al.,[1]                                :    Case No. 14-12611 (SCC)
:
Debtors.                                  :    (Jointly Administered)
:
---------------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS UNDER JOINT PLAN OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.        On September 15, 2014, certain of the Debtors (the "Original Debtors") commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On October 8, 2014, four of the Original Debtors' affiliates also filed chapter 11 bankruptcy petitions.

2.        On **[Date]**, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement Notice; (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization and (IV) Scheduling Hearing on Confirmation of Plan of Reorganization [Docket No. [____]] (the "Solicitation Procedures Order").

3.        Among other things, the Solicitation Procedures Order:  (a) approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 [Docket No. 527] (as the same may be amended or modified,

---

[1]        The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

the "Disclosure Statement"); (b) established certain procedures (collectively, the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 [Docket No. 527] (as the same may be amended or modified, the "Plan"); (c) approved the contents of the proposed solicitation packages to be distributed to the Debtors' stakeholders and other parties in interest who are entitled to vote in connection with the solicitation of votes on the Plan (collectively, the "Solicitation Packages"); and (d) scheduled a hearing on confirmation of the Plan (the "Confirmation Hearing") and approved certain related notice procedures.

4.      Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and/or the Solicitation Procedures Order, the Plan Proponents:  (a) are required to provide Solicitation Packages to all creditors and equity security holders entitled to vote on the Plan; and (b) are not required to provide Solicitation Packages to holders of claims or interests in classes under the Plan that are conclusively presumed to either accept or reject the Plan (collectively, the "Non-Voting Classes").

5.      **UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IN CLASSES 1A – 1E, 2A – 2E, 8E (AS AGAINST NII MERCOSUR, LLC, AIRFONE HOLDINGS, LLC OR MCCAW INTERNATIONAL (BRAZIL), LLC), 9A – 9C, 10A – 10E, 11A – 11E, 12A AND 13B – 13E, IS/ARE  NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**  Accordingly, pursuant to the Solicitation Procedures approved at paragraph [__] of the Solicitation Procedures Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Disclosure Statement and the Plan.  Should you wish to obtain a copy of either the Disclosure Statement or the Plan, copies of either document (including any exhibits thereto) are available at no charge via the internet at cases.primeclerk.com/nii.  Copies of either the Disclosure Statement or the Plan (excluding any publicly-filed exhibits thereto) are also available upon a written request made to the NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022.

6.      If you wish to challenge the Plan Proponents' classification of your Claim, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "Rule 3018 Motion"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) March 4, 2015 or (b) ten days after the date of service of a notice of an objection, if any, to your Claim or Interest.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to May 20, 2015 (i.e., the last date fixed for creditors to vote to accept or reject the Plan).  Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

7.      The Confirmation Hearing will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 623 of the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 **on June 3, 2015, at 10:00 a.m., Eastern time**.  The Confirmation Hearing may be continued from time to time

without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

8.      Objections, if any, to the confirmation of the Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court at the address set forth in the preceding paragraph and served on the following parties **so that they are received no later than 4:00 p.m., Eastern time, on May 20, 2015**:

    (i)    the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

    (ii)    counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

    (iii)    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.);

    (iv)    counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

    (v)    counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

    (vi)    counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

    (vii)    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

    (viii)    Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

    (ix)    Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

(x)     counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel
        LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn:
        Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

(xi)    the SEC; and

(xii)   all other parties in interest that have filed requests for notice pursuant to
        Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

Dated:  **[Date]**, 2015

**[BY ORDER OF THE COURT]**

___/s/_____          ___/s/_____
Scott J. Greenberg                 Kenneth H. Eckstein
Lisa Laukitis                      Adam C. Rogoff
JONES DAY                          Stephen D. Zide
222 East 41st Street               KRAMER LEVIN NAFTALIS & FRANKEL
New York, New York  10017          LLP
Telephone:  (212) 326-3939         1177 Avenue of the Americas
Facsimile:  (212) 755-7306         New York, New York 10036
                                   Telephone: (212) 715-9100
                                   Facsimile: (212) 715-8100
 - and -

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)    ATTORNEYS FOR THE OFFICIAL
JONES DAY                                  COMMITTEE OF UNSECURED
North Point                                CREDITORS
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212


ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## **EXHIBIT 2**

**Blackline of Revised Proposed Disclosure Statement Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------x
                                          :
In re:                                    :     Chapter 11
                                          :
NII Holdings, Inc., et al.,[1]            :     Case No. 14-12611 (SCC)
                                          :
                         Debtors.         :     (Jointly Administered)
                                          :
---------------------------------------------------------------x
```

<div align="center">

~~ORDER (I) APPROVING DISCLOSURE STATEMENT,~~
ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ~~APPROVING THE~~APPROVING THE FORM AND MANNER OF SERVICE OF
DISCLOSURE STATEMENT NOTICE, (III) ESTABLISHING PROCEDURES FOR
SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN OF
REORGANIZATION,
AND (IV) SCHEDULING ~~(IV) APPROVING RELATED NOTICE AND RIGHTS
OFFERING PROCEDURES AND (V) SCHEDULING~~
HEARING ON CONFIRMATION OF PLAN ~~OF~~OF REORGANIZATION

</div>

This matter coming before the Court on the Motion for ~~Entry of~~ an Order (I)

Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure

Statement Notice~~:~~, (III) Establishing Procedures for Solicitation and Tabulation of Votes to

Accept or Reject Plan of Reorganization, (IV) Approving Related Notice and Rights Offering

Procedures and (V) Scheduling Hearing on Confirmation of Plan of Reorganization [Docket No.

326] (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively,

---

[1]     The Debtors in the jointly administered bankruptcy cases are comprised of the following ~~thirteen~~fourteen
        entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses):
        NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII
        Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International
        Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081);
        Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil),
        LLC (1850); ~~and~~ NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors'
        corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA
        20190.

the "Debtors");[2] the Court having reviewed the Motion and having heard the statements of

counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing");

the Court having reviewed the First Amended Disclosure Statement for First Amended Joint Plan

of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official

Committee of Unsecured Creditors (the "Disclosure Statement") filed by certain of the Debtors

(the "Plan Debtors") and the Official Committee of Unsecured Creditors (together, the "Plan

Proponents"); and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and the Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein;

IT IS HEREBY FOUND AND CONCLUDED, as follows:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.

B.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    Notice of the Motion and the Hearing and the relief granted herein was

adequate under the circumstances and in full compliance with the requirements of the

Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

D.    The Disclosure Statement, as filed with the Court on December

22March 13, 20142015, contains adequate information within the meaning of section 1125 of the

Bankruptcy Code

---

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion or the
applicable exhibits to the Motion, or, if not defined therein, the Disclosure Statement and the First
Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the
Official Committee of Unsecured Creditors (the "Plan").

E.      The Solicitation Procedures and the Confirmation Procedures provide a

fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code

and the applicable Bankruptcy Rules and Local Bankruptcy Rules, including, without limitation,

Bankruptcy Rules 2002, 3017, 3018 and 3020 and Local Bankruptcy Rules 3017-1, 3018-1, and

3020-1.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.  Any objections or

responses to the Disclosure Statement or the Motion that have not been withdrawn, waived or

settled prior to the entry of this order are hereby OVERRULED.

2.      The form of the Disclosure Statement Notice and the manner in which it

was served and published is approved in its entirety.

3.      The Disclosure Statement is approved, pursuant to section 1125 of the

Bankruptcy Code; provided that, the Plan Proponents (a) are authorized to make non-material

revisions, updates and corrections to the Disclosure Statement and the Plan and (b) shall file a

copy of the final Disclosure Statement and any amended Plan with the Court.

4.      The Solicitation Procedures (and the form and manner of notice thereof),

including the form of Ballots, the Voting Deadline, the Solicitation Packages, the Record Date of

~~January 28~~April 20, 2015 for Plan voting, the Tabulation Rules, the form and manner of service

of the Notice of Non-Voting Status, the Noteholders Solicitation ~~Procedures, Rights Offering~~

Procedures and the other procedures described in the Motion, are approved.  The Plan

Proponents are authorized to make non-substantive modifications to the Solicitation Procedures.

The requirements of Local Bankruptcy Rule 3018-1(b) are waived to the extent they are

inconsistent with the relief granted in this paragraph.

NYI-~~524643950~~524645372v1                        -3-

5.    The Confirmation Procedures, including the Confirmation Hearing Notice, and the form and manner of service and publication of the Confirmation Hearing Notice as described in the Motion, are approved.  Without limiting the foregoing, the Debtors are authorized to publish a notice of the Confirmation Hearing, the Confirmation Objection Deadline and the Voting Deadline (which may be substantially in the form of the Confirmation Hearing Notice) by ~~February 9~~May 6, 2015, or such other day that is not less than twenty-eight days before the commencement of the Confirmation Hearing, one time in the global edition of *The Wall Street Journal* and the national edition of *USA Today*.  Additionally, the Plan Proponents shall publish the Confirmation Hearing Notice on the Debtors' restructuring website at cases.primeclerk.com/nii.

6.    The Plan Debtors shall file all exhibits to the Plan with the Court and make them available for review on their restructuring website at cases.primeclerk.com/nii no later than seven days before the Confirmation Hearing.

7.    With respect to a transferred Claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) had been completed prior to the Record Date or (b) the transferee filed by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

8.    The temporary allowance of Claims for voting purposes does not constitute an allowance of such Claims for purposes of receiving distributions under the Plan and is without prejudice to the rights of the Plan Proponents in any other context, including the right of the Plan Proponents to contest the amount, validity or classification of any Claim for purposes

of allowance and distribution under the Plan.  If the holder of a Claim wishes to challenge either (a) the classification of such Claim or (b) the allowance of such Claim for voting purposes in accordance with the Tabulation Rules, the claimholder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the counsel for each of the Plan Proponents so that it is received by the later of (a) ~~March 4~~May 13, 2015 or (b) ten days after the date of service of a notice of objection, if any, to such Claim. Unless the Court orders otherwise, a Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Rules.

9.      Notwithstanding anything in the Solicitation Procedures to the contrary, any creditor that submits a timely and properly completed Ballot to the Voting Agent or a Master Ballot Agent, as applicable, may change the vote reflected on such Ballot after the Voting Deadline only with the approval of the Court.  If the Voting Agent or a Master Ballot Agent receives from a creditor more than one timely and properly completed Ballot with respect to the same Claim, and no order of the Court allowing such creditor to change its vote has been entered after the Voting Deadline (or, with respect to creditors that are beneficial owners of Notes held in street name by a Master Ballot Agent, after the applicable mailing deadline established by such Master Ballot Agent), the last such timely and properly executed Ballot received by the Voting Agent or Master Ballot Agent by the Voting Deadline shall be deemed to reflect the voter's intent. In such circumstance, the Voting Agent or a Master Ballot Agent, as applicable, shall have the authority to determine which Ballot was the last to be received.

10.      The Confirmation Hearing is scheduled to be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 623 of the United States

Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004 on ~~March 25~~June 3, 2015, at 10:00 a.m., Eastern time.  The Confirmation Hearing

may be continued from time to time by the Court without further notice other than the

announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

       11.      Objections to confirmation of the Plan, if any, must:  (a) be in writing;

(b) state the name and address of the objecting party and the nature of the Claim or Interest of

such party; (c) state with particularity the basis and nature of any objection to the confirmation of

the Plan; and (d) be filed with the Court and served on the following parties so that they are

received no later than 4:00 p.m., Eastern time, on ~~March 11~~May 20, 2015, or such other date

established by the Plan Proponents that is at least twenty-eight days after service of the

Solicitation Packages:

       (i)      the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

       (ii)      counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman and Carl E. Black, Esq.);

       (iii)      the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.);

       (iv)      counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

       (v)      counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

       (vi)      counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

(vii)    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

(viii)   Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

(ix)     Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

(x)      counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

(xi)     the SEC; and

(xii)    all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

For purposes of filing pleadings in these cases, the address of the Court is One Bowling Green, New York, New York 10004-1408.  Attorneys may also file pleadings on the Court's Document Filing System (ECF) by completing and submitting the Electronic Filing Registration Form, available on the Court's website at http://www.nysb.uscourts.gov.

12.    Unless otherwise permitted or directed by the Court, (a) the Debtors shall file the Tabulation Declaration no later than ~~March 18~~May 27, 2015 and (b) the Plan Proponents may file a consolidated reply to any objections to the Plan no later than ~~March 23~~June 1, 2015. The requirements of Local Bankruptcy Rule 3018-1(a) are waived to the extent they are inconsistent with the relief granted in this paragraph.

13.    The Plan Proponents are authorized to take (or refrain from taking) any action and expend such funds as necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further Order of the Court.

14.     The Court shall retain jurisdiction to hear and determine all matters arising

from or related to this Order.

Dated:  New York, New York
        _____, ~~2014~~2015

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

| Summary report: | |
|---|---|
| **Litéra® Change-Pro TDC 7.5.0.96 Document comparison done on 3/13/2015 9:30:37 PM** | |
| **Style name:** JD Color With Moves | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:**iw://NYI/NYI/524643950/1 | |
| **Modified DMS:** iw://NYI/NYI/524645372/1 | |
| **Changes:** | |
| Add | 25 |
| Delete | 23 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 48 |

# EXHIBIT A

**(Notice of Disclosure Statement Hearing)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
NII Holdings, Inc., et al.,[1]                          :    Case No. 14-12611 (SCC)
                                                        :
                        Debtors.                        :    (Jointly Administered)
                                                        :
-------------------------------------------------------x
```

## NOTICE OF DISCLOSURE STATEMENT HEARING

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On ~~or about~~ December 22, 2014, the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" ~~and, together with the Debtors, the "Plan Proponents"~~) filed:  (a) the Joint Plan of Reorganization Proposed by Debtors and Debtors in Possession and Official Committee of Unsecured Creditors, dated December 22, 2014 (~~[~~Docket No. ~~[____~~322~~]~~]) (~~as it may be amended or modified,~~ the "Initial Plan"); and (b) a related ~~Disclosure Statement~~ (disclosure statement [Docket No. ~~[____~~323~~]~~]) (~~as it may be amended or modified,~~ the "Initial Disclosure Statement") under section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

2.      On December 22, 2014, the ~~Plan Proponents~~Debtors and the Committee filed the Motion for an Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, (IV) Approving Related Notice and Rights Offering Procedures and (V) Scheduling Hearing on Confirmation of Plan of Reorganization (~~[~~Docket No. ~~[____~~326~~]~~) (the "Motion") seeking approval of the Initial Disclosure Statement and approval of Solicitation Procedures and Confirmation Procedures (as such terms are defined in the Motion) in connection with ~~Plan Proponents'~~the pursuit of confirmation of the Initial Plan.

3.      On March 13, 2015, the certain of the Debtors (the "Plan Debtors") and the Committee (together, the "Plan Proponents") filed:  (a) the First Amended Joint Plan of

---

[1]     The Debtors in the jointly administered bankruptcy cases are comprised of the following ~~thirteen~~fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); ~~and~~NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated March 13, 2015 [Docket No. 527] (as it may be amended or modified, the "Plan"); and (b) a related Disclosure Statement [Docket No. 527] (as it may be amended or modified, the "Disclosure Statement") under section 1125 of the Bankruptcy Code.

34.    A hearing to consider the approval of the Disclosure Statement and the other relief sought in the Motion (the "Disclosure Statement Hearing") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Court Judge, in Room 623 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York  10004 on January 28April 20, 2015 at 10:00 a2:00 p.m., Eastern time.

45.    Objections to approval of the Disclosure Statement or the other relief sought in the Motion, or proposed modifications to the Disclosure Statement, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or proposed modification and provide the specific language of any proposed modification, where possible; and (d) be filed with the Bankruptcy Court and served on the following parties so that they are received **no later than 4:00 p.m., Eastern time, on January 20April 6, 2015**:

    i.    the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

    ii.    counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

    iii.    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq. and Brian Masumoto, Esq.);

    iv.    counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

    v.    counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

    vi.    counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

    vii.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York  10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

       viii.     Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

       ix.     Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

       x.     counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

       xi.     the Securities and Exchange Commission; and

       xii.     all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

     5̶6.     In accordance with Bankruptcy Rule 3017(a), requests for copies of the Disclosure Statement, the Plan or the Motion by parties in interest may be made in writing to NII Ballot Processing c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022. Copies of the Disclosure Statement and the Plan (along with exhibits to each as they are filed with the Court) and the Motion are available for review, without charge, via the internet at cases.primeclerk.com/nii.  Any exhibits to the Disclosure Statement that have not already been filed (other than certain Plan Exhibits to be filed in accordance with the Plan), will be filed with the Court before D̶e̶c̶e̶m̶b̶e̶r̶ ̶3̶1̶[_____], 2015.

     **6̶7.**     **THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN.  VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE PROPOSED DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE COURT.**

     7̶8.     The Disclosure Statement Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Disclosure Statement Hearing or any continued hearing.

Dated:  ~~December 22~~**[Date]**, ~~2014~~2015

  /s/   ~~Scott J. Greenberg~~                /s/   ~~Kenneth H. Eckstein~~

_____                                     _____

Scott J. Greenberg                            Kenneth H. Eckstein
Lisa Laukitis                                   Adam C. Rogoff
JONES DAY                                Stephen D. Zide
222 East 41st Street                        KRAMER LEVIN NAFTALIS & FRANKEL
New York, New York  10017               LLP
Telephone:  (212) 326-3939             1177 Avenue of the Americas
Facsimile:  (212) 755-7306              New York, New York 10036
                                        Telephone: (212) 715-9100 Facsimile: (212)
 - and -                                  715-8100

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)         ATTORNEYS FOR THE OFFICIAL
JONES DAY                              COMMITTEE OF UNSECURED
North Point                               CREDITORS
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# **EXHIBIT B**

**(Proposed Ballots)**

**B-1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                        :
In re:                                  :          Chapter 11
                                        :
NII Holdings, Inc., et al.,¹            :          Case No. 14-12611 (SCC)
                                        :
                         Debtors.       :          (Jointly Administered)
                                        :
------------------------------------------------------------- x
```

<div align="center">

**BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN**
**OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND**
**DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 3A OR 3D:  SALE-LEASEBACK GUARANTY CLAIMS AGAINST THE DEBTORS**

</div>

<div align="center">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN**
**IS [Time], PREVAILING EASTERN TIME, ON [Date]**

</div>

TheCertain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22March 13, 20142015 (as may be amended from time to time, the "Plan").  The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22March 13, 20142015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order").  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Claim in Class 3A or 3D against the Debtor specified in Item 1 below, as defined in the Plan, as of the Record Date (**[Date]**).  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Plan Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com, or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022 or (b) download such documents (excluding the Ballots) from the Plan Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 3A or 3D under the Plan against the Debtor specified in Item 1 below.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

---

¹    The Debtors in the jointly administered bankruptcy cases are comprised of the following thirteenfourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); andNII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 1000800, Reston, VA 20190.

NYI-524631016v1

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return the originally signed Ballot to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor New York, NY 10022, so that it is received by the deadline indicated above.  Ballots should not be sent to the Plan Debtors or the Committee.

<div align="center">

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

</div>

PLEASE COMPLETE ITEMS 1 THROUGH 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED WITH AN ORIGINAL SIGNATURE ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Sale-Leaseback Guaranty Claim Ballot**

**Item 1.  Class 3A or 3D Vote.**  The undersigned, a holder of a Sale-Leaseback Guaranty Claim in the Class and against the Debtor specified below in the ~~aggregate~~ amount set forth below votes to (check **one** box):

☐   **ACCEPT** (vote FOR) the Plan.                    ☐   **REJECT** (vote AGAINST) the Plan.

Class: _____

Debtor: _____

Claim Amount: $_____

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.~~18~~17 OF THE DISCLOSURE STATEMENT. PURSUANT TO ARTICLE IX  OF THE PLAN, IF YOU RECEIVE A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)        **Defined Terms.**  As defined in the Plan:

1.A.~~130~~156        **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting ~~Parties, the Backstop Providers~~Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)        **Releases by Plan Debtors and Reorganized Debtors.  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Plan Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the ~~Backstop Agreement, the~~ Plan, the Exhibits, the Disclosure Statement~~, the Rights Offering, the Rights Offering Documents~~, any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct, (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates,**

including rights of setoff, refund or other adjustments, (d) the rights of the **Plan** Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the **Plan** Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the **Plan** Debtors or Reorganized Debtors are a party.

(c)    **Releases by Holders of Claims.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the **Plan** Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII-ATC~~**NII-ATC** Guaranty, the CDB Amended ~~Guarantees~~**Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order,** any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; **provided, however,** that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct**, (including fraud).**

(d)    **Exculpation.**  From and after the Effective Date, the Released Parties, the **Plan** Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives~~,~~ shall have any right of action against any **Plan** Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken **before the Effective Date** in connection with, related to or arising out of the Chapter 11 Cases**, the Debtors** or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII-ATC~~**NII-ATC** Guaranty, the CDB Amended ~~Guarantees~~**Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order**, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; **provided, however,** that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct **(including fraud).**

(e)    **Injunctions.**  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the **Plan** Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing,

levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any **Plan** Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned also acknowledges that the undersigned has cast the same vote with respect to all Claims in a single Class, and that that no other Ballots with respect to the amount of the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

---

Sale-Leaseback Guaranty Claim Ballot

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  The Plan Proponents are soliciting votes with respect to the Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated ~~December 22~~March 13, ~~2014~~2015 (as it may be amended from time to time).

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain nondebtor entities.*  Complete the Ballot by providing all the information requested and sign, date and return the originally signed Ballot in the enclosed envelope or by regular mail, overnight courier or hand delivery to Prime Clerk LLC (the "Voting Agent") at the applicable following address:

    > **NII Ballot Processing**
    > **c/o Prime Clerk LLC**
    > **830 3rd Avenue, 9th Floor**
    > **New York, NY 10022**

    **Ballots must be *received* by the Voting Agent by [Time], Prevailing Eastern Time, on [Date] (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  Ballots submitted by email, facsimile or other means of electronic submission will not be accepted.  *Ballots should not be sent to the Plan Debtors or the Committee.*

4.  You must identify whether your Claim is in Class 3A or 3D on the first line of Item 1 and identify the Debtor you are asserting your Claim against on the second line of Item 1.

5.  If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Class of Claims, coded by Class number and description, and a set of solicitation materials.  **Each Ballot you receive is for voting only those Claims described on the Ballot.  Please complete and return each Ballot you receive.  The attached Ballot is designated only for voting Sale-Leaseback Guaranty Claims against the Debtor and in the Class specified in Item 1 of the Ballot.**  ~~You must vote all of your~~Separate Claims ~~within~~held by a single ~~Class under the Plan either~~creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan~~.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted~~ (as applicable).  If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan.  In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

6.  **The following Ballots will NOT be counted**:

    i.      any Ballot received after the Voting Deadline unless (a) the Plan Proponents (in their sole discretion) shall have granted an extension of the Voting Deadline with respect to such Ballot or (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    ii.     any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    iii.    any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

    iv.     any Ballot sent to the Plan Debtors, the Bankruptcy Court or any other party other than the Voting Agent;

    v.      any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

vi.        any Ballot transmitted to the Voting Agent by email, facsimile or other means not specifically approved in the Disclosure Statement Order;

vii.       any unsigned Ballot;

viii.      any Ballot that does not contain an original signature; or

ix.        any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

7.    Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

8.    The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, if any, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.    The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

10.   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.

11.   Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

**PLEASE RETURN YOUR BALLOT PROMPTLY.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE FOR (I) U.S. CALLERS AT (844) 224-1140  (NII TOLL FREE LINE) AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY EMAIL OR FACSIMILE TRANSMISSION.
BALLOTS SHOULD NOT BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR ANY OF THEIR AGENTS OTHER THAN THE VOTING AGENT.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

| Summary report: Litéra® Change-Pro TDC 7.5.0.96 Document comparison done on 3/13/2015 7:40:05 PM | |
|---|---|
| **Style name:** JD Color With Moves | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:** iw://NYI/NYI/524631016/1 | |
| **Modified DMS:** iw://NYI/NYI/524631016/3 | |
| **Changes:** | |
| Add | 66 |
| Delete | 37 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 103 |

**B-2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------- x
                                    :
In re:                              :        Chapter 11
                                    :
NII Holdings, Inc., et al.,[1]      :        Case No. 14-12611 (SCC)
                                    :
                     Debtors.       :        (Jointly Administered)
                                    :
----------------------------------------------------------- x
```

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT FIRST AMENDED JOINT PLAN**
**~~JOINT PLAN~~ OF REORGANIZATION OF THE PLAN DEBTORS AND**
**DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 4A, 4D, 5A, 5B, 5C, ~~5~~6E, ~~6A, 6B, 6C~~ CLAIMS – BALLOT FOR BENEFICIAL HOLDERS**

</div>

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY**
> **BEFORE COMPLETING THIS BALLOT.**

**TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT TO YOUR BROKER, BANK, DEALER OR OTHER AGENT OR NOMINEE (EACH, A "MASTER BALLOT AGENT") WITH ENOUGH TIME TO ALLOW FOR YOUR MASTER BALLOT AGENT TO CAST YOUR VOTE ON A MASTER BALLOT SO THAT THE MASTER BALLOT IS ACTUALLY RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT") PRIOR TO [TIME], PREVAILING EASTERN TIME ON [DATE] (THE "VOTING DEADLINE"). YOUR BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED IN ACCORDANCE WITH THE FOLLOWING:**

<div align="center">

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR**
**MASTER BALLOT AGENT:**

YOU MUST RETURN THIS BALLOT TO YOUR MASTER BALLOT AGENT IN THE ENVELOPE
PROVIDED OR IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR MASTER BALLOT AGENT.

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO THE VOTING AGENT:**

YOU MUST RETURN THIS BALLOT DIRECTLY TO THE VOTING AGENT
IN THE ENVELOPE PROVIDED PRIOR TO THE VOTING DEADLINE.

</div>

~~The~~Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated ~~December 22~~March 13, ~~2014~~2015 (as may be amended from time to time, the "Plan"). The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated ~~December 22~~March 13, ~~2014~~2015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

---

[1]     The Debtors in the jointly administered bankruptcy cases are comprised of the following ~~thirteen~~fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); ~~and~~ NII Mercosur, LLC (4079); and NIU Holdings LLC (5902). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite ~~1000~~800, Reston, VA 20190.

You are receiving this Ballot because you are a holder of a Claim in Class 4A, 4D, 5A, 5B, 5C, ~~5E, 6A, 6B,~~ or 6~~C~~E, as defined in the Plan, as of the Record Date (**[Date]**).  **Please see <u>Exhibit A</u> to this Ballot for a list of CUSIPs and applicable Plan Class for each CUSIP.**  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD-ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the <u>Plan</u> Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, or (b) download such documents (excluding the Ballots) from the <u>Plan</u> Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent <u>immediately</u> at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 4A, 4D, 5A, 5B, 5C, ~~5E, 6A, 6B,~~ or 6~~C~~E under the Plan.  **Please see <u>Exhibit A</u> to this Ballot for a list of CUSIPs and applicable Plan Class for each CUSIP.**  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot, so that it is received by the deadline indicated above.  Ballots should not be sent to the <u>Plan</u> Debtors, the Committee or the Indenture Trustees.

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT  OR REJECT THE PLAN.  HOLDERS SHOULD NOT SURRENDER CERTIFICATES, IF ANY,  REPRESENTING THE NOTES AT THIS TIME, AND NEITHER THE  <u>PLAN</u> DEBTORS NOR THEIR VOTING AGENT WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

**AGAIN, PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 5. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 2, OR IF BOTH BOXES ARE CHECKED IN ITEM 2, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Voting Classification and Amount.** The undersigned herby certifies that as of the Record Date, the undersigned was the holder of Claims in the Class indicated on Exhibit A hereto against the applicable Debtor, in the following ~~aggregate~~ principal amount (insert amount below). If your Claims are held by a Master Ballot Agent on your behalf and you do not know the amount of your Claim, please contact your Master Ballot Agent immediately.

$_____

**Item 2. Vote.** The holder of the Claims identified in Item 1 above votes to (please check one):

☐  **ACCEPT** (vote FOR) the Plan.            ☐  **REJECT** (vote AGAINST) the Plan.

**YOUR VOTE ON THIS BALLOT FOR CLAIMS IN CLASS 4A, 4D, 5A, 5B, 5C, ~~56~~E, ~~6A, 6B, 6C~~ (AS APPLICABLE) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A 4A, 4D, 5A, 5B, 5C, ~~56~~E, ~~6A, 6B, 6C~~ CLAIM (AS APPLICABLE).**

*ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.*

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS. IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.~~18~~17 OF THE DISCLOSURE STATEMENT. PURSUANT TO ARTICLE IX OF THE PLAN, IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)    **Defined Terms.** As defined in the Plan:

1.A.~~130~~156    **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting ~~Parties, the Backstop Providers~~Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)    **Releases by Plan Debtors and Reorganized Debtors.** Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the **Plan** Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the ~~Backstop Agreement, the~~ Plan, the Exhibits, the Disclosure Statement~~, the Rights Offering, the Rights Offering Documents~~, any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or

in connection with any other obligations arising under the Plan or the obligations assumed thereunder; **provided, however, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Plan Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Plan Debtors or Reorganized Debtors are a party.**

(c)     **Releases by Holders of Claims.  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Plan Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).**

(d)     **Exculpation.  From and after the Effective Date, the Released Parties, the Plan Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives, shall have any right of action against any Plan Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.D of the Plan shall have no effect on:  (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).**

(e)    **Injunctions.** As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the **Plan** Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any **Plan** Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 3.  Certifications and Acknowledgements.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the **Plan** Debtors:

(i)    that either:  (a) the undersigned is the holder of the Claims being voted or (b) the undersigned is an authorized signatory for a holder of the Claims being voted;

(ii)    that the undersigned has received a copy of the Disclosure Statement and the solicitation package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;[2]

(iii)    that the undersigned has cast the same vote with respect to all Claims in a single Class; and

(iv)    that no other Ballots with respect to the amount of the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.

**Item 4.  Certifications as to Notes Held in Additional Accounts**

By completing and returning this Ballot, the undersigned beneficial owner on behalf of which this Ballot is being cast (the "Beneficial Owner") certifies that either: (a) it has not submitted any other Ballots in respect of its Class 4A, 4D, 5A, 5B, 5C, 5E, 6A, 6B or 6CE Notes held in other accounts or other record names, or (b) it has provided the information specified in the following table for all other Class 4A, 4D, 5A, 5B, 5C, 5E, 6A, 6B or 6CE Notes for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan to the extent such Claims are in the same Class (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER CLASS **4A, 4D, 5A, 5B, 5C, 5 OR 6**E, 6A, 6B or 6C NOTES
ON A BALLOT OTHER THAN THIS BALLOT.

| | Name of Beneficial Owner[3] | Account Number | Principal Amount of other Notes Voted | Class of Other Notes Voted | CUSIP of Other Notes |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |

To be counted, a Beneficial Owner must vote *all* of its Claims within a Class either to accept or reject the Plan.  No split votes will be permitted.

---

[2]    Submission of electronic instructions to your Nominee (if permitted by such Nominee) shall have the same effect as if you had completed and returned a physical Ballot. By making an electronic submission, you are representing that you reviewed the Ballot in its entirety and have received a copy of the Plan and Disclosure Statement for your review and consideration.

[3]    List your name if the Claim is held by you in record name.  If the Claim is held in "street name," please list the name of your Master Ballot Agent.

**Beneficial Owner Ballot**

**Item 5.  Acknowledgments.**   The undersigned acknowledge(s) and understand(s) that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT <u>PROMPTLY</u>.**

**YOUR BALLOT OR THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR MASTER BALLOT AGENT, PLEASE ALLOW SUFFICIENT TIME FOR YOUR MASTER BALLOT AGENT TO RECEIVE YOUR BALLOT, PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN SUCH MASTER BALLOT REFLECTING YOUR VOTE TO THE VOTING AGENT BY THE VOTING DEADLINE.**

NYI-4599474524645388v61

## VOTING INFORMATION AND INSTRUCTIONS

### FOR COMPLETING THE BALLOT

1. The Plan Proponents are soliciting votes with respect to the Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated ~~December 22~~March 13, ~~2014~~2015 (as it may be amended from time to time).

2. **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3. To ensure that your vote is counted, you must:  (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and return your Ballot to the address set forth on the enclosed pre-addressed envelope in accordance with paragraph 4 below.  *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain non-debtor entities.*

4. <u>Return of Ballots</u>:  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Ballot must be sent in order for it to be received before the Voting Deadline:

    (a) If you have a Master Ballot Agent:  You must return your Ballot in the return envelope addressed to your Master Ballot Agent (or otherwise follow your Master Ballot Agent's instructions) so that it is directly returned to your Master Ballot Agent according to the accompanying instructions provided by your Master Ballot Agent, and in any event <u>in sufficient time to permit your Master Ballot Agent to deliver a Master Ballot including your vote to the Voting Agent prior to the Voting Deadline</u>.

    (b) If you have no Master Ballot Agent:  You must return your Ballot in the return envelope addressed directly to the Voting Agent, so as to be actually received by the Voting Agent on or before the Voting Deadline.

    **Ballots submitted by you or your Master Ballot Agent (if applicable) must be *received* by the Voting Agent by [Time] p.m., Eastern ~~Standard~~ Time, on [Date] (the "<u>Voting Deadline</u>").**  If a Ballot or Master Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent or Master Ballot Agent is enclosed for your convenience.  Ballots submitted by facsimile transmission will not be accepted.  *Ballots should not be sent to the Plan Debtors, the Committee or the Indenture Trustee.*

5. **The following Ballots will NOT be counted**:

    i.   any Ballot received after the Voting Deadline unless (a) the Plan Proponents shall have granted an extension of the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    ii.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    iii. any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

    iv.  any Ballot sent to a party <u>other</u> than the Voting Agent or Master Ballot Agent, as applicable (<u>e.g.</u>, the Plan Debtors or the Bankruptcy Court);

    v.   any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

    vi.  any Ballot transmitted to the Voting Agent by facsimile or other means not specifically approved in the Disclosure Statement Order;

    vii. any unsigned Ballot;

    viii. any Ballot that does not contain an original signature; or

    ix.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

6.    The method of delivery of a Ballot to the Master Ballot Agent or Voting Agent, as applicable, is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the Master Ballot incorporating the Ballot or the originally executed Ballot, as applicable.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.  After the Voting Deadline, a record holder or beneficial owner may only change its vote reflected on the last such properly-executed Ballot with the approval of the Bankruptcy Court.

8.    **YOUR VOTE ON THIS BALLOT FOR CLAIMS IN CLASS 4A, 4D, 5A, 5B, 5C, ~~5E, 6A, 6B~~ OR 6C~~E~~ (AS APPLICABLE) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOU HAVE A CLASS 4A, 4D, 5A, 5B, 5C, ~~5E, 6A, 6B~~ OR 6C~~E~~ CLAIM (AS APPLICABLE).**

9.    You must vote all of your Claims within a Class either to accept or reject the Plan and may not split your vote.

10.    The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  *Holders of Notes should not surrender certificates (if any) representing their Notes at this time, and neither the* Plan *Debtors nor the Voting Agent will accept delivery of any such certificates transmitted together with a Ballot.*  Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished, if necessary, by the Plan Debtors (or their agent) after Confirmation of the Plan by the Bankruptcy Court.

11.    The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

12.    Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

13.    If you hold Claims and/or Interests in more than one voting Class under the Plan, you may receive a separate Ballot for each Class of Claims, coded by Class number, and a set of solicitation materials.  You may also receive more than one Ballot if you:  (a) hold more than one issue of notes issued by one or more of the Plan Debtors; (b) are the beneficial owner of notes issued by a Debtor and held in street name through more than one "Master Ballot Agent" (*i.e.*, a broker, bank, dealer or other agent or nominee); or (c) are the beneficial owner of notes issued by a Debtor and registered in your own name as well as the beneficial owner of notes issued by a Debtor and registered in street name.  ~~You must vote all of your~~Separate Claims ~~within~~held by a single ~~Class under the Plan either~~creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan.~~  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted~~ (as applicable).  If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan.  In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

14.    If you have cast additional Ballots on account of the beneficial ownership of any Notes, you must complete Item 4.  With respect to any such additional Ballots, please complete the information requested in Item 4.  One line should be used to identify each such separate account.  Do not include in Item 4 information relating to Claims being voted on the same Ballot in Item 2.  Only information relating to other Ballots voted on account of the beneficial ownership of Notes in Class 4A, 4D, 5A, 5B, 5C, 5~~6~~E~~, 6A, 6B, 6C~~ (as applicable) under the Plan should be included in Item 4.  Please note that the information provided in Items 1 and 4 must, taken together, identify *all* of your holdings of Notes giving rise to Class 4A, 4D, 5A, 5B, 5C~~, 5E, 6A, 6B,~~ or 6C~~E~~ Claims.

15.    Your Class 4A, 4D, 5A, 5B, 5C, 5~~6~~E~~, 6A, 6B, 6C~~ Claim (as applicable) has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Joint Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization

and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot.
The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) [Date] or (b) ten days after the date of service of a notice of an objection, if any, to your Claim.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

## <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT,
OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES,
PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE
(I) FOR U.S. CALLERS AT (844) 224-1140 AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE.
BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR TO THE APPLICABLE
INDENTURE TRUSTEES.

---

**YOUR BALLOT OR THE MASTER BALLOT INCORPORATING THE VOTE CAST
BY THIS BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING
DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME
TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

---

## EXHIBIT A

*Your Master Ballot Agent may have checked a box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Owner Ballot.*

| | Classes 4A and 4D (Luxco Note Claims) | |
|---|---|---|
| ☐ | CUSIP 62914QAA5 / ISIN US62914QAA58 | 11.375% senior notes due 2019 |
| ☐ | CUSIP L67466AA7 / ISIN USL67466AA71 | 11.375% senior notes due 2019 |
| ☐ | CUSIP 62914QAD9 / ISIN US62914QAD97 | 7.875% senior notes due 2019 |
| ☐ | CUSIP L67466AB5 / ISIN USL67466AB54 | 7.875% senior notes due 2019 |
| | | |
| | Classes 5A, 5B, and 5C and 5E (Capco 8.875% / 10% Note Claims) | |
| ☐ | CUSIP 67021BAC3 / ISIN US67021BAC37 | 8.875% senior notes due 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |
| ☐ | CUSIP 67021BAE9 / ISIN US67021BAE92 | 7.625% senior notes due 2021 |
| | | |
| | Classes Class 6A, 6B and 6C (Capco 7.625% E (Transferred Guarantor Note Claims) | |
| ☐ | CUSIP 67021BAE9BAC3 / ISIN US67021BAE92BAC37 | 7.625 8.875% senior notes due 2021 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |

**B-3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
In re:                                                     :        Chapter 11
                                                           :
NII Holdings, Inc., et al.,[1]                             :        Case No. 14-12611 (SCC)
                                                           :
                                   Debtors.                :        (Jointly Administered)
                                                           :
---------------------------------------------------------- x

MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT
FIRST AMENDED JOINT PLAN OF REORGANIZATION OF PROPOSED BY THE PLAN
DEBTORS AND DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

CLASS 4A, 4D, 5A, 5B, 5C, 5E, 6A, 6B, 6C E CLAIMS – MASTER BALLOT

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY
BEFORE COMPLETING THIS BALLOT.**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO
AS TO BE ACTUALLY RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT")
BY [TIME] PREVAILING EASTERN TIME ON [DATE] (THE "VOTING DEADLINE")**

---

The Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22 March 13, 2014 2015 (as may be amended from time to time, the "Plan"). The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22 March 13, 2014 2015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this master ballot ("Master Ballot") because the Plan Debtors' records indicate that you are a broker, bank, dealer or other agent or nominee (a "Master Ballot Agent") of a beneficial owner of Class 4A, 4D, 5A, 5B, 5C, 5 6E, 6A, 6B, 6C Claims, as defined in the Plan, as of the Record Date (**[DATE]**) ("Beneficial Owner").[2] **Please see Exhibit A to this Ballot for a list of CUSIPs and applicable Plan Class for each CUSIP.** Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

Master Ballot Agents should use this Master Ballot to cast votes to accept or reject the Plan.

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following thirteen fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079); and NIU Holdings LLC (5902). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 1000 800, Reston, VA 20190.

[2]    A "Beneficial Owner" means a beneficial owner of publicly-traded Notes whose Claims have not been satisfied prior to the voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Master Ballot Agent (or its own records if it holds such Notes on its own behalf) holding Claims through either Wilmington Savings Fund Society, FSB, U.S. Bank National Association or Wilmington Trust, National Association, in its capacity an indenture trustee for certain Notes.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD-ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Plan Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022, or (b) download such documents (excluding the Ballots) from the Plan Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should immediately distribute the Ballots and the Solicitation Packages to all Beneficial Owners of Claims and take any action required to enable each such Beneficial Owner to vote timely the Claims that it holds.  Any Ballot returned to you by a Beneficial Owner of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Voting Agent, a Master Ballot that reflects the vote of such Beneficial Owners by **[Time]** prevailing Eastern Time on **[Date]** or otherwise validate the Ballot in a manner acceptable to the Voting Agent and provide appropriate instructions to the  Beneficial Owners for completing and returning any pre-validated Ballots.

The Bankruptcy Court may confirm the Plan and thereby bind all holders of Claims.  To have the votes of your Beneficial Owners count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Voting Agent actually receives it on or before the Voting Deadline, which is **[Time]** prevailing Eastern Time on **[Date]** at the following address:

<div style="text-align:center">

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

</div>

<div style="text-align:center">

**THIS MASTER BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT  OR REJECT THE PLAN.  HOLDERS SHOULD NOT SURRENDER CERTIFICATES, IF ANY,  REPRESENTING THE NOTES AT THIS TIME, AND NEITHER THE PLAN DEBTORS, THE COMMITTEE NOR THEIR VOTING AGENT WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.**

**AGAIN, PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

</div>

| |
|---|
| PLEASE COMPLETE ITEMS 1 THROUGH 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. |

**Item 1.   Certification of Authority to Vote. The undersigned certifies that as of the Record Date, the undersigned (please check appropriate box):**

☐　　　Is a broker, bank, or other nominee for the beneficial holders of the ~~aggregate~~ principal amount of the Notes indicated on Exhibit A attached hereto or otherwise on this Master Ballot in the ~~aggregate~~ principal amount listed in Item 2 below, and is the registered holder or Master Ballot Agent of such securities, or

☐　　　Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder or Master Ballot Agent of the ~~aggregate~~ principal amount of Notes listed in Item 2 below, or

☐　　　Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial holder, that is the registered holder or Master Ballot Agent of the ~~aggregate~~ principal amount of Notes listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial holders of the Notes described in Item 2.

**Item 2.   Votes on the Plan Cast By Beneficial Owners.**  The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Owners of Class 4A, 4D, 5A, 5B, 5C, ~~5~~6E, ~~6A, 6B, 6C~~ Claims (as indicated on Exhibit A hereto), as identified by their respective account numbers, that have delivered duly completed Beneficial Ballots to the undersigned voting to accept or reject the Plan.  Any Ballot executed by a holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

(Please complete the information requested below.  Attach additional sheets if necessary.)

| BENEFICIAL OWNER | PRINCIPAL AMOUNT OF NOTES VOTED: | |
| --- | --- | --- |
| | To **ACCEPT** the Plan | To **REJECT** the Plan |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| **TOTALS** | | |

**THE VOTES OF YOUR BENEFICIAL OWNERS ON THIS BALLOT GIVING RISE TO CLASS 4A, 4D, 5A, 5B, 5C, ~~5E, 6A, 6B~~ OR 6~~C~~E CLAIMS (AS APPLICABLE) SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM YOUR BENEFICIAL OWNERS HAVE A CLASS 4A, 4D, 5A, 5B, 5C, ~~5E, 6A, 6B,~~ OR 6~~C~~E CLAIM.**

**Master Ballot**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS. IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.~~18~~17 OF THE DISCLOSURE STATEMENT.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)    **Defined Terms.**  As defined in the Plan:

1.A.~~130~~156        **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting ~~Parties, the Backstop Providers~~Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)    **Releases by Plan Debtors and Reorganized Debtors.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the **Plan** Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against **a Debtor, the Estates,** any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the ~~Backstop Agreement, the~~ Plan, the Exhibits, the Disclosure Statement~~, the Rights Offering, the Rights Offering Documents~~, any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; **provided, however,** that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct. **(including fraud),** (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the **Plan** Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any **Plan** Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the **Plan** Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the **Plan** Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the **Plan** Debtors or Reorganized Debtors are a party.

(c)    **Releases by Holders of Claims.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the **Plan** Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the

obligations assumed thereunder; **provided**, **however**, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct **(including fraud)**.

(d)  **Exculpation.** From and after the Effective Date, the Released Parties, the **Plan** Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives, shall have any right of action against any **Plan** Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken **before the Effective Date** in connection with, related to or arising out of the Chapter 11 Cases, **the Debtors** or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII-ATC~~**NII-ATC** Guaranty, the CDB Amended ~~Guarantees~~**Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order**, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; **provided**, **however**, that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct **(including fraud)**.

(e)  **Injunctions.** As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the **Plan** Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities: (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any **Plan** Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 3.  Additional Ballots Submitted by Beneficial Owners.** The undersigned certifies that the information provided below (including any information on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Individual Ballot received from a beneficial owner of Class 4A, 4D, 5A, 5B, 5C, ~~5~~6E~~, 6A, 6B, 6C~~ Claims (as applicable).

(Please complete the information requested below.  Attach additional sheets if necessary.)

| Your Customer Account Number For Each Beneficial Owner | INFORMATION TO BE TRANSCRIBED FROM ITEM 4 OF BENEFICIAL OWNERS' INDIVIDUAL BALLOTS REGARDING OTHER BALLOTS CAST IN RESPECT OF OTHER CLASS 4A, 4D, 5A, 5B, 5C, ~~5~~6E~~, 6A, 6B, 6C~~ CLAIMS | | | | | |
|---|---|---|---|---|---|---|
| | Beneficial Owner's Name | Customer Account Number for Other Account | Name of Broker, Bank, Dealer or Other Agent or Nominee for Other Account (If Applicable) | Principal Amount | Class of Other Notes Voted | CUSIP of Other Notes |

| | | | | | |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

**Item 4.  Additional Certifications.**  By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the <u>Plan</u> Debtors:

     i.      that the undersigned has received a copy of the Disclosure Statement and the solicitation package, has delivered the same to the Beneficial Owners listed on the Ballots, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

     ii.     that the undersigned has received a completed and signed Ballot from each Beneficial Owner listed in Item 2 of the Master Ballot;

     iii.    that the undersigned is the registered holder of the securities being voted;

     iv.    that the undersigned has been authorized by each such Beneficial Owner to vote on the Plan;

     v.    that the undersigned has properly disclosed: (A) the number of Beneficial Owners who completed Ballots; (B) the respective amounts of such Beneficial Owners' Class 4A, 4D, 5A, 5B, 5C, ~~5~~6E~~, 6A, 6B, 6C~~ Claims owned, as the case may be, by each Beneficial Owner who completed a Ballot; (C) each such Beneficial Owner's respective vote concerning the Plan; (D) each such Beneficial Owner's certification as to other Class 4A, 4D, 5A, 5B, 5C, ~~5~~6E~~, 6A, 6B, 6C~~ Claims voted, as applicable; and (E) the customer account or other identification number for each such Beneficial Owner;

     vi.    that each such Beneficial Owner has certified to the undersigned that it is eligible to vote on the Plan; and it will maintain Ballots and evidence of separate transactions returned by Beneficial Owners (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Bankruptcy Court or the <u>Plan</u> Debtors, as the case may be, if so ordered;

     vii.    that the undersigned acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of the undersigned's Class 4A, 4D, 5A, 5B, 5C, ~~5~~6E~~, 6A, 6B, 6C~~ Claim(s) (as applicable) as described in the Plan; and

     viii.   that the undersigned acknowledges and agrees that the <u>Plan</u> Debtors may make conforming changes to the Plan as may be reasonably necessary; provided, that the <u>Plan</u> Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

**Master Ballot**

_____
Name of Master Ballot Agent

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT
PROMPTLY IN THE ENVELOPE PROVIDED OR TO THE FOLLOWING ADDRESS:**

| BY MAIL: | OR BY E-MAIL: |
|---|---|
| NII Ballot Processing<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 9th Floor<br>New York, NY 10022 | niiballots@primeclerk.com |

| |
|---|
| **YOUR MASTER BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN** |

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE MASTER BALLOT

1.  The Plan Proponents are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22March 13, 20142015 (as it may be amended from time to time).

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.  You should immediately distribute the Ballots and the Solicitation Package to all Beneficial Owners of Claims and take any action required to enable each such Beneficial Owner to vote timely the Claims that it holds.  Any Ballot returned to you by a Beneficial Owner of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Voting Agent, a Master Ballot that reflects the vote of such Beneficial Owners by the Voting Deadline, which is **[Time]** prevailing Eastern Time on **[Date]** or otherwise validate the Ballot in a manner acceptable to the Voting Agent.

4.  With regard to any Ballots returned to you by a Beneficial Owner, you must:  (a) compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Owner; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Voting Agent by the Voting Deadline; and (d) retain such Ballots in your files for a period of one year after the Voting Deadline.  You may be ordered to produce the Ballots to the Plan Debtors or the Bankruptcy Court.

5.  If a Master Ballot is received after the Voting Deadline, it will not be counted unless the Plan Debtors determine otherwise.  The method of delivery of Master Ballots to the Voting Agent is at the election and risk of each Master Ballot Agent.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally executed Master Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that entities use an overnight or hand delivery service.  In all cases, Master Ballot Agents should allow sufficient time to assure timely delivery.  Delivery of a Master Ballot to the Voting Agent by facsimile shall not be valid.  No Master Ballot should be sent to any of the Plan Debtors, the Committee or their agents (other than the Voting Agent), any indenture trustee or the Plan Debtors' financial or legal advisors and if so sent will not be counted.

6.  Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of votes cast on other Master Ballots.  If two or more Master Ballots are inconsistent, the latest-received properly executed Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If more than one Master Ballot is submitted and the later Master Ballot(s) supplement(s) rather than supersede(s) the earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

7.  If a Beneficial Owner casts more than one Ballot voting the same Claim prior to the mailing deadline set by each Master Ballot Agent, the last such properly-executed Master Ballot received (as determined by you) should be deemed to reflect such Beneficial Owner's intent to either accept or reject the Plan.

8.  **The votes of your Beneficial Owners on this Ballot for Class 4A, 4D, 5A, 5B, 5C, 56E, 6A, 6B, 6C Claims (as applicable) shall be applied to each Debtor against whom your Beneficial Owners have a Class 4A, 4D, 5A, 5B, 5C, 56E, 6A, 6B, 6C Claim.**

9.  The attached Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plan. *Holders of Class 4A, 4D, 5A, 5B, 5C, 56E, 6A, 6B, 6C Claims should not surrender certificates (if any) representing their Notes at this time, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates transmitted together with a Master Ballot.*  Surrender of securities for exchange pursuant to the Plan may be made only pursuant to a letter of transmittal, which will be furnished by the Plan Debtors (or their agent), if necessary, after Confirmation of the Plan by the Bankruptcy Court.

10.  This Master Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

11. <u>Please be sure to sign and date your Master Ballot</u>. You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, must submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

12. If you are both the Master Ballot Agent and the Beneficial Owner of any of the Notes and you wish to vote the Class 4A, 4D, 5A, 5B, 5C, 56E, 6A, 6B, 6C Claims arising therefrom, you may return an Individual Ballot or Master Ballot for such Class 4A, 4D, 5A, 5B, 5C, 56E, 6A, 6B, 6C Claims.  If you choose to complete an Individual Ballot, please refer to the instructions accompanying the Individual Ballot.

13. To ensure that the votes on the Master Ballot are counted, you must: (a) complete your Master Ballot in accordance with these instructions; (b) clearly indicate the decision either to accept or reject the Plan in the boxes provided in Item 2 of the Master Ballot; and (c) clearly sign and return your Master Ballot to the address set forth on the enclosed pre-addressed envelope in accordance with paragraph 15 below.

14. If you believe that you have received this Master Ballot in error, please contact the Voting Agent immediately.

15. **Return of Ballots**: The Master Ballot <u>must</u> be returned to the Voting Agent so as to be **actually received** by the Voting Agent on or before the Voting Deadline, which is **[Time]** prevailing Eastern Time on **[Date]**.  If a Master Ballot is received after the Voting Deadline, it will not be counted.  *Ballots should not be sent to the Plan Debtors or the Indenture Trustee(s).*

| BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY: | OR BY E-MAIL: |
|---|---|
| NII Ballot Processing c/o Prime Clerk LLC 830 3rd Avenue, 9th Floor New York, NY 10022 | niiballots@primeclerk.com |

16. **The following Ballots will NOT be counted**:

   i.   any Ballot received after the Voting Deadline unless (a) the Plan Proponents shall have granted in writing an extension of the Voting Deadline prior to the Voting Deadline with respect to such Ballot and (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

   ii.  any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

   iii. any Ballot cast by an Entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

   iv.  any Ballot sent to any party <u>other</u> than the Voting Agent (<u>e.g.</u>, the Plan Debtors or the Bankruptcy Court);

   v.   any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

   vi.  any Ballot transmitted to the Voting Agent by facsimile or other means not specifically approved in the Disclosure Statement Order;

   vii. any unsigned Ballot;

   viii. any Ballot that does not contain an amount of Claim denominated in U.S. currency;

   ix.  any Ballot that does not contain an original signature; or

   x.   any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

<div align="right">**Master Ballot**</div>

17.  No fees or commissions or other remuneration will be payable to any broker, bank, dealer or other person in connection with this solicitation.  Upon written request, however, the Plan Debtors will reimburse you for customary mailing and handling expenses incurred by you in forwarding Individual Ballots and accompanying solicitation packages to your client(s).

18.  Please note that Item 2 of the Master Ballot requests that you transcribe information or attach a schedule to the Master Ballot in the indicated format providing information for each individual Beneficial Owner of the Notes on whose behalf you are executing a Master Ballot.  To identify such Beneficial Owners without disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner.  If a single customer has more than one account with the identical registration, only list that customer once in the schedule requested by Item 2.  The total principal amount of all accounts voted with respect to a single customer should be listed in a single schedule entry, so that each line will represent a different beneficial owner.

19.  Please note that Item 3 of the Master Ballot requests that you provide information or attach a schedule to the Master Ballot in the indicated format by transcribing any information provided in Item 4 of each Individual Ballot received from a beneficial owner for which you are executing a Master Ballot.  Please also include your customer account number for each entry in Item 3 of the Master Ballot.

20.  Please note that ~~each Beneficial Owner must vote its entire Class 4A, 4D, 5A, 5B, 5C, 5E, 6A, 6B, or 6C Claim (as applicable) either~~ separate Claims held by a single creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan~~. A beneficial owner may not split its vote. Moreover~~ (as applicable).  However, all holders of any portion of a single Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. ~~Further, for purposes of computing the Master Ballot vote, each voting beneficial owner should be deemed to have voted the full amount of its holdings of Class 4A, 4D, 5A, 5B, 5C, 5E, 6A, 6B or 6C Claims (as applicable) according to your records~~.  Any executed Individual Ballot that (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is not timely received by you should not be counted on the Master Ballot as having been cast.

21.  Your Class 4A, 4D, 5A, 5B, 5C, ~~5~~6~~E, 6A, 6B, 6C~~ Claim (and any Class 4A, 4D, 5A, 5B, 5C, ~~5~~6~~E, 6A, 6B, 6C~~ Claims held by Beneficial Owners), each as applicable, has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot.  The temporary allowance of your Class 4A, 4D, 5A, 5B, 5C, ~~5~~6~~E, 6A, 6B, 6C~~ Claim (as applicable) for voting purposes does not constitute an allowance of such Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

> **YOUR MASTER BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE (I) FOR U.S. CALLERS AT (844) 224-1140 AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL NOT ACCEPT MASTER BALLOTS BY FACSIMILE.
MASTER BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR THE APPLICABLE INDENTURE TRUSTEE.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE PLAN DEBTORS OR THE VOTING AGENT OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THE PLAN DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.

**Master Ballot**

# EXHIBIT A

*Please check ONE box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):*

| | | |
|---|---|---|
| Classes 4A and 4D (Luxco Note Claims) | | |
| ☐ | CUSIP 62914QAA5 / ISIN US62914QAA58 | 11.375% senior notes due 2019 |
| ☐ | CUSIP L67466AA7 / ISIN USL67466AA71 | 11.375% senior notes due 2019 |
| ☐ | CUSIP 62914QAD9 / ISIN US62914QAD97 | 7.875% senior notes due 2019 |
| ☐ | CUSIP L67466AB5 / ISIN USL67466AB54 | 7.875% senior notes due 2019 |
| | | |
| Classes 5A, 5B, and 5C and 5E (Capco 8.875% / 10% Note Claims) | | |
| ☐ | CUSIP 67021BAC3 / ISIN US67021BAC37 | 8.875% senior notes due 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |
| ☐ | CUSIP 67021BAE9 / ISIN US67021BAE92 | 7.625% senior notes due 2021 |
| | | |
| Classes Class 6A , 6B and 6C (Capco 7.625% E (Transferred Guarantor Note Claims) | | |
| ☐ | CUSIP 67021BAE9BAC3 / ISIN US67021BAE92BAC37 | 7.625 8.875% senior notes due 2021 2019 |
| ☐ | CUSIP 67021BAD1 / ISIN US67021BAD10 | 10% senior notes due 2016 |

| Summary report: Litéra® Change-Pro TDC 7.5.0.96 Document comparison done on 3/13/2015 8:19:49 PM | |
|---|---|
| **Style name:** JD Color With Moves | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:**iw://NYI/NYI/524645386/1 | |
| **Modified DMS:** iw://NYI/NYI/524645388/1 | |
| **Changes:** | |
| Add | 202 |
| Delete | 161 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 4 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 367 |

**B-4**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
                                                    :
In re:                                              :          Chapter 11
                                                    :
NII Holdings, Inc., et al.,¹                        :          Case No. 14-12611 (SCC)
                                                    :
                          Debtors.                  :          (Jointly Administered)
                                                    :
------------------------------------------------------------ x
```

**BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN**
**OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND**
**DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 7A:  CDB DOCUMENTS CLAIMS AGAINST THE DEBTORS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN**
**IS [Time], PREVAILING EASTERN TIME, ON [Date]**

---

TheCertain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22March 13, 20142015 (as may be amended from time to time, the "Plan").  The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22March 13, 20142015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on **[Date]** (the "Disclosure Statement Order").  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Claim in Class 7A against the Debtor specified in Item 1 below, as defined in the Plan, as of the Record Date (**[Date]**).  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com, or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022 or (b) download such documents (including the Ballots) from the Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 7A under the Plan against the Debtor specified in Item 1 below.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

---

¹    The Debtors in the jointly administered bankruptcy cases are comprised of the following thirteenfourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 1000800, Reston, VA 20190.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return the originally signed Ballot to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor New York, NY 10022, so that it is received by the deadline indicated above.  Ballots should not be sent to the Debtors or the Committee.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 THROUGH 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED WITH AN ORIGINAL SIGNATURE ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1.  Class 7A Vote.**  The undersigned, a holder of a CDB Documents Claim in the Class and against the Debtor specified below in the ~~aggregate~~ amount set forth below votes to (check <u>one</u> box):

☐  **ACCEPT** (vote FOR) the Plan.                    ☐  **REJECT** (vote AGAINST) the Plan.

Class: 7A

Debtor:  NII Holdings, Inc.

Claim Amount: $_____

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN SECTION IX.A.~~18~~17 OF THE DISCLOSURE STATEMENT. PURSUANT TO ARTICLE IX  OF THE PLAN, IF YOU RECEIVE A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)      **Defined Terms.**  As defined in the Plan:

1.A.~~130~~156        **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting ~~Parties, the Backstop Providers~~<u>Noteholders, the DIP Agent, the DIP Lenders,</u> and the Representatives of each of the foregoing (solely in their capacities as such).

(b)      <u>**Releases by <span style="color:red">Plan</span> Debtors and Reorganized Debtors.**</u>  **Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the <span style="color:red">Plan</span> Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against <span style="color:red">a Debtor, the Estates,</span> any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the <span style="color:red">~~Backstop Agreement, the~~</span> Plan, the Exhibits, the Disclosure Statement<span style="color:red">, the Rights Offering, the Rights Offering Documents</span>, any amendments to any of the Operating Company Credit Agreements, the New <span style="color:red">~~NII ATC~~NII-ATC</span> Guaranty, the CDB Amended <span style="color:red">~~Guarantees~~Guaranty, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order</span>, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; <u>provided</u>, <u>however,</u> that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct<span style="color:red"><u>, (including fraud)</u></span>, (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the <span style="color:red"><u>Plan</u></span> Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any <span style="color:red"><u>Plan</u></span> Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the <span style="color:red"><u>Plan</u></span> Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek**

**sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Plan Debtors or Reorganized Debtors are a party.**

(c)  **Releases by Holders of Claims.  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Plan Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII-ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, (including fraud).**

(d)  **Exculpation.  From and after the Effective Date, the Released Parties, the Plan Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives~~,~~ shall have any right of action against any Plan Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII-ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).**

(e)  **Injunctions.  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the Plan Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Plan Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to**

**assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.**

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned also acknowledges that the undersigned has cast the same vote with respect to all Claims in a single Class, and that that no other Ballots with respect to the amount of the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

---

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

**CDB Documents Claim Ballot**

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

1. The Plan Proponents are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated ~~December 22~~March 13, ~~2014~~2015 (as it may be amended from time to time).

2. **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3. In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain nondebtor entities.* Complete the Ballot by providing all the information requested and sign, date and return the originally signed Ballot in the enclosed envelope or by regular mail, overnight courier or hand delivery to Prime Clerk LLC (the "Voting Agent") at the applicable following address:

> **NII Ballot Processing
> c/o Prime Clerk LLC
> 830 3rd Avenue, 9th Floor
> New York, NY 10022**

**Ballots must be** *received* **by the Voting Agent by[Time], Prevailing Eastern Time, on [Date] (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by email, facsimile or other means of electronic submission will not be accepted. *Ballots should not be sent to the Plan Debtors or the Committee.*

4. If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Class of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting CDB Documents Claims against the Debtor and in the Class specified in Item 1 of the Ballot.** ~~You must vote all of your~~Separate Claims ~~within~~held by a single ~~Class under the Plan either~~creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan~~. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted~~ (as applicable). If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

5. **The following Ballots will NOT be counted:**

   i. any Ballot received after the Voting Deadline unless (a) the Plan Proponents (in their sole discretion) shall have granted an extension of the Voting Deadline with respect to such Ballot or (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

   ii. any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

   iii. any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

   iv. any Ballot sent to the Plan Debtors, the Bankruptcy Court or any other party other than the Voting Agent;

   v. any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

   vi. any Ballot transmitted to the Voting Agent by email, facsimile or other means not specifically approved in the Disclosure Statement Order;

   vii. any unsigned Ballot;

viii.    any Ballot that does not contain an original signature; or

ix.    any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

6.    Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules").  The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

7.    The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, if any, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.    The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

9.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.

10.    Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY.</u>**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE FOR (I) U.S. CALLERS AT (844) 224-1140  (NII TOLL FREE LINE) AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL <u>NOT</u> ACCEPT BALLOTS BY EMAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR ANY OF THEIR AGENTS OTHER THAN THE VOTING AGENT.

<div style="border:1px solid">

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time], PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

</div>

| Summary report: Litéra® Change-Pro TDC 7.5.0.96 Document comparison done on 3/13/2015 8:34:28 PM | |
|---|---|
| **Style name:** JD Color With Moves | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:**iw://NYI/NYI/524630979/1 | |
| **Modified DMS:** iw://NYI/NYI/524645390/1 | |
| **Changes:** | |
| Add | 65 |
| Delete | 34 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 99 |

**B-5**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                  :
In re:                                            :            Chapter 11
                                                  :
NII Holdings, Inc., et al.,[1]                    :            Case No. 14-12611 (SCC)
                                                  :
                                 Debtors.         :            (Jointly Administered)
                                                  :
---------------------------------------------------------------- x

**BALLOT FOR ACCEPTING OR REJECTING FIRST AMENDED JOINT PLAN
OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND
DEBTORS IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 8A, 8B, 8C, 8D and 8E (as against NIU Holdings LLC) (collectively "Class 8"):  GENERAL UNSECURED CLAIMS
AGAINST THE PLAN DEBTORS**

| THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN |
|---|
| IS [Time], EASTERN STANDARD TIME, ON [Date] |

TheCertain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and, together with the Plan Debtors, the "Plan Proponents") are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22March 13, 20142015 (as may be amended from time to time, the "Plan").  The Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22March 13, 20142015 (as may be amended from time to time, the "Disclosure Statement") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [Date] (the "Disclosure Statement Order").  The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot because you are a holder of a Claim in Class 8 against the Debtor specified in Item 1 below, as defined in the Plan, as of the Record Date ([Date]).  Accordingly, you have a right to vote to accept or reject the Plan.  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the solicitation package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials).  If you received solicitation package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation packages, you may (a) contact the Plan Debtors' Voting Agent Prime Clerk LLC, by toll-free telephone for U.S. callers at (844) 224-1140 and for international callers at (917) 962-8496, by e-mail at niiballots@primeclerk.com, or by writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022 or (b) download such documents (excluding the Ballots) from the Plan Debtors' restructuring website at http://cases.primeclerk.com/nii.  Copies of these documents may also be obtained for a fee by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov.  Please be advised that the Voting Agent is not permitted to provide legal advice.

This Ballot may not be used for any purpose other than for casting a vote to accept or reject the Plan, electing certain treatment, and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address or telephone number set forth above.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 8 under the Plan against the Debtor specified in Item 1 below.  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following thirteenfourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); andNII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 1000800, Reston, VA 20190.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan, (ii) is accepted by the holders of at least two-thirds in amount of the Interests in each impaired Class of Interests who vote on the Plan and (iii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return the originally signed Ballot to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor New York, NY 10022, so that it is received by the deadline indicated above.  Ballots should not be sent to the Plan Debtors or the Committee.

<div align="center">

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS <u>BEFORE</u> COMPLETING THIS BALLOT.**

</div>

---

PLEASE COMPLETE ITEMS 1 THROUGH 3.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED WITH AN ORIGINAL SIGNATURE ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class 8 Vote.** The undersigned, a holder of a General Unsecured Claim in the Class and against the Plan Debtor specified below in the ~~aggregate~~ amount set forth below votes to (check **one** box):

☐ **ACCEPT** (vote FOR) the Plan.                ☐ **REJECT** (vote AGAINST) the Plan.

Class: _____

Debtor: _____

Claim Amount: $_____

**ANY BALLOT EXECUTED BY THE HOLDER OF A CLAIM THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN FOR ALL CLAIMS OF ONE CLASS WILL NOT BE COUNTED.**

**THE PLAN CONTAINS A SERIES OF RELEASES THAT ARE PART OF THE OVERALL SETTLEMENT OF VARIOUS POTENTIAL CLAIMS AND INTERESTS.  IN THAT RESPECT, PARTIES SHOULD BE AWARE THAT, IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OCCURS, CERTAIN PARTIES WILL BE GETTING RELEASES AND CERTAIN PARTIES WILL BE GIVING RELEASES AS SET FORTH IN ARTICLE IX OF THE PLAN AND AS FURTHER DESCRIBED IN ARTICLE IX.A.~~18~~17 OF THE DISCLOSURE STATEMENT. PURSUANT TO ARTICLE IX OF THE PLAN, IF YOU RECEIVE A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS OF THE PLAN.**

**THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:**

(a)      **Defined Terms.**  As defined in the Plan:

1.A.~~130~~156          **"Released Parties"** means, collectively and individually, the Plan Proponents, the members of the Creditors' Committee, the Indenture Trustees, the Consenting ~~Parties, the Backstop Providers~~Noteholders, the DIP Agent, the DIP Lenders, and the Representatives of each of the foregoing (solely in their capacities as such).

(b)      **Releases by Plan Debtors and Reorganized Debtors.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the **Plan Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the ~~Backstop Agreement, the~~ Plan, the Exhibits, the Disclosure Statement, ~~the Rights Offering, the Rights Offering Documents~~, any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; provided, however, that the provisions of Section IX.E.1 of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct, (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Plan Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Plan Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Plan Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Plan Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other**

parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the **Plan** Debtors or Reorganized Debtors are a party.

(c)  **Releases by Holders of Claims.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the **Plan** Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Holder of a Claim that votes in favor of the Plan shall be deemed to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, the Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; **provided**, **however**, that the provisions of Section IX.E.2 of the Plan shall have no effect on: (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct, (including fraud).

(d)  **Exculpation.**  From and after the Effective Date, the Released Parties, the **Plan** Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives, shall have any right of action against any **Plan** Debtor, Reorganized Debtor, Released Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan Term Sheet, the Plan Support Agreement, Plan, the Exhibits, the Disclosure Statement, ~~the Backstop Agreement, the Rights Offering, the Rights Offering Documents,~~ any amendments to any of the Operating Company Credit Agreements, the New ~~NII ATC~~NII-ATC Guaranty, the CDB Amended ~~Guarantees~~Guarantee, the Mexico Sale Transaction, the DIP Credit Agreement, the DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed thereunder; **provided**, **however**, that the provisions of Section IX.D of the Plan shall have no effect on: (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan or (2) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

(e)  **Injunctions.**  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the **Plan** Debtors, the Reorganized Debtors, the Released Parties or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any **Plan** Debtor, Reorganized Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

**Item 2.    Voluntary Election of Convenience Claim Treatment.**  By checking the box below, the holder of the General Unsecured Claim identified in Item 1 elects to have its allowed Class 8A, 8B, or 8C, 8D or 8E General Unsecured Claim treated as a Class 9A, 9B, or 9C, 9D or 9E (collectively, "Class 9") Convenience Claim (as applicable) under the Plan and to receive the treatment specified in Section II.C.9 of the Plan.  If the box below is not checked, such holder's allowed Class 8 Claim will receive the treatment specified in Section II.C.8 of the Plan.

☐  **Convenience Claim Treatment**

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned also acknowledges that the undersigned has cast the same vote with respect to all Claims in a single Class, and that that no other Ballots with respect to the amount of the Claims identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier received Ballots are hereby revoked.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

|  |
| --- |
| Name |

|  |
| --- |
| Social Security or Federal Tax I.D. No. (optional) |

|  |
| --- |
| Signature |

|  |
| --- |
| If by Authorized Agent, Name and Title |

|  |
| --- |
| Name of Institution |

|  |
| --- |
| Street Address |

|  |
| --- |
| City, State, Zip Code |

|  |
| --- |
| Telephone Number |

|  |
| --- |
| Email Address |

|  |
| --- |
| Date Completed |

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN THE ORIGINAL BALLOT PROMPTLY IN THE ENVELOPE PROVIDED OR BY REGULAR MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO THE FOLLOWING ADDRESS:**

NII Ballot Processing
c/o Prime Clerk LLC
830 3rd Avenue, 9th Floor
New York, NY 10022

---

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

**Unsecured Claim Ballot**

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1.  The Plan Proponents are soliciting votes with respect to the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated ~~December 22~~March 13, ~~2014~~2015 (as it may be amended from time to time).

2.  **The Bankruptcy Court may confirm the Plan and thereby bind you, if, among other things, the Plan is confirmed. Please review the Disclosure Statement and Plan for more information.**

3.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section IX.E of the Plan, which include the release of claims and causes of action against certain nondebtor entities.* Complete the Ballot by providing all the information requested and sign, date and return the originally signed Ballot in the enclosed envelope or by regular mail, overnight courier or hand delivery to Prime Clerk LLC (the "Voting Agent") at the applicable following address:

    > **NII Ballot Processing**
    > **c/o Prime Clerk LLC**
    > **830 3rd Avenue, 9th Floor**
    > **New York, NY 10022**

    **Ballots must be *received* by the Voting Agent by[Time], Eastern Standard Time, on [Date] (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience. Ballots submitted by email, facsimile or other means of electronic submission will not be accepted. *Ballots should not be sent to the Plan Debtors or the Committee.*

4.  You must identify whether your Claim is in Class 8A, 8B, 8C, 8D or 8E (as against NIU Holdings LLC) on the first line of Item 1 and identify the Debtor you are asserting your Claim against on the second line of Item 1.

5.  If you hold Claims in more than one voting Class under the Plan, you may receive a separate Ballot for each such Class of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only those Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting General Unsecured Claims against the Debtor and in the Class specified in Item 1 of the Ballot.** ~~You must vote all of your~~Separate Claims ~~within~~held by a single ~~Class under the Plan either~~creditor in a particular Class shall not be aggregated, and the votes related to such Claims shall be treated as separate votes to accept or reject the Plan. ~~Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, such Ballots shall not be counted~~ (as applicable). If you hold any portion of a single Claim, you and all other holders of any portion of such Claim will be (a) treated as a single creditor for voting purposes and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan. In the event a group of Ballots received from the various holders of multiple portions of a single Claim partially accepts and partially rejects the Plan, such Ballots shall not be counted.

6.  **Election to Opt Out of Class 8.** By checking the box in Item 2 to opt out of Class 8, you irrevocably elect to have your Class 8 Claim treated as a Class 9 Claim. You should consult the Plan for a better understanding of the treatment of Classes 8 and 9 under the Plan.

7.  **The following Ballots will NOT be counted:**

    i.      any Ballot received after the Voting Deadline unless (a) the Plan Proponents (in their sole discretion) shall have granted an extension of the Voting Deadline with respect to such Ballot or (b) the Bankruptcy Court shall have authorized the counting and/or consideration of such Ballot;

    ii.     any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    iii.    any Ballot cast by an entity that (a) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (b) is not otherwise entitled to vote pursuant to the procedures described in the Disclosure Statement Order;

iv.       any Ballot sent to the Plan Debtors, the Bankruptcy Court or any other party other than the Voting Agent;

v.       any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same Claim;

vi.       any Ballot transmitted to the Voting Agent by email, facsimile or other means not specifically approved in the Disclosure Statement Order;

vii.       any unsigned Ballot;

viii.       any Ballot that does not contain an original signature; or

ix.       any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan for all Claims of one Class.

8.       Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the "Notice of (A) Deadline for Casting Votes to Accept or Reject Proposed Plan of Reorganization, (B) Hearing to Consider Confirmation of Proposed Plan of Reorganization and (C) Related Matters," which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Plan Proponents in any other context (*e.g.*, the right of the Plan Proponents to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) **[Date]** or (b) ten days after the date of service of a notice of an objection, if any, to your Claim. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

9.       The attached Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, if any, and neither the Plan Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

10.       The Ballot does not constitute and shall not be deemed a proof of Claim or Interest or an assertion of a Claim or Interest.

11.       If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly-executed Ballot received by the Voting Agent before the Voting Deadline (as determined by the Voting Agent) will be deemed to reflect your intent to either accept or reject the Plan.

12.       Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the Plan Proponents, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

<u>**PLEASE RETURN YOUR BALLOT PROMPTLY.**</u>

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT, PRIME CLERK LLC, BY TOLL-FREE TELEPHONE FOR (I) U.S. CALLERS AT (844) 224-1140  (NII TOLL FREE LINE) AND (II) FOR INTERNATIONAL CALLERS AT (917) 962-8496.**

THE VOTING AGENT WILL <u>NOT</u> ACCEPT BALLOTS BY EMAIL OR FACSIMILE TRANSMISSION. BALLOTS SHOULD <u>NOT</u> BE SENT TO THE PLAN DEBTORS, THE COMMITTEE OR ANY OF THEIR AGENTS OTHER THAN THE VOTING AGENT.

<div style="border:1px solid black; text-align:center;">

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS [Date], AT [Time] PREVAILING EASTERN TIME TO BE COUNTED TOWARD CONFIRMATION OF THE PLAN**

</div>

| Summary report:<br>**Litéra® Change-Pro TDC 7.5.0.96 Document comparison done on 3/13/2015 8:42:47 PM** | |
|---|---|
| **Style name:** JD Color With Moves | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:**iw://NYI/NYI/4597633/8 | |
| **Modified DMS:** iw://NYI/NYI/524645392/1 | |
| **Changes:** | |
| Add | 78 |
| Delete | 42 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 120 |

# **EXHIBIT C**

## **(Proposed Tabulation Rules)**

## PROPOSED TABULATION RULES FOR
## CLAIMS ENTITLED TO VOTE ON THE PLAN

a.      Unless otherwise provided in the Tabulation Rules described below, a Claim (as defined in the Plan) will be deemed temporarily allowed for voting purposes in an amount equal to the amount claimed by the holder of such Claim in any proof of Claim filed by the applicable bar date (or otherwise deemed timely filed under applicable law) to the extent that the proof of Claim specifies a fixed or liquidated amount.  Any additional contingent or unliquidated amounts will be temporarily disallowed for voting purposes.

b.      If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan, if any.

c.      If a Claim for which a proof of Claim has been timely filed is (i) wholly contingent, unliquidated or disputed (upon a reasonable review of the claim and the supporting documentation by the Plan Proponents or the Voting Agent) and/or (ii) does not otherwise specify a fixed or liquidated amount, such wholly contingent, unliquidated or disputed Claim will be temporarily allowed for voting purposes in the amount of $1.00.

d.      If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, or by an agreement between the Plan Proponents and the creditor estimating or otherwise allowing a Claim for voting purposes (an "Estimation Agreement"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court.  The following shall apply to Estimation Agreements:

- With respect to any Estimation Agreement, the Plan Proponents must file a notice of such agreement (an "Estimation Notice") with the Bankruptcy Court and serve such Estimation Notice on the affected creditor and the following parties (collectively, the "Notice Parties"):

    i.      the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

    ii.     counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Lauktitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

    iii.    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq. and Brian Masumoto, Esq.);

    iv.     counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

v.     counsel to U.S. Bank National Association, solely in its capacity as
       the trustee under the indenture governing the 8.875% Capco Notes;

vi.    counsel to Wilmington Trust, National Association, solely in its
       capacities as the trustee under each indenture governing the
       7.875% Luxco Notes and the 11.375% Luxco Notes;

vii.   Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New
       York  10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus,
       Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

viii.  Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New
       York, New York 10036 (Attn: Daniel H. Golden, Esq. and David
       H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

ix.    Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of
       the Americas, New York, New York  10019 (Attn:  Andrew
       Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities
       managed by Capital Research and Management Company;

x.     counsel to the Creditors' Committee, Kramer Levin Naftalis &
       Frankel LLP, 1177 Avenue of the Americas, New York, New York
       10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide,
       Esq.);

xi.    the Securities and Exchange Commission; and

xii.   all other parties in interest that have filed requests for notice
       pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

- Each Estimation Notice:  (i) may address a single Claim or multiple
  Claims; (ii) shall describe the pertinent terms of the Estimation Agreement
  between the parties (including the amount(s) in which the creditor's
  Claim(s) will be temporarily allowed for voting purposes); and
  (iii) provide that the Notice Parties may file written objections to the
  Estimation Agreement described therein (an "Estimation Objection") and
  serve such objection on the Plan Proponents and the Notice Parties no later
  than 7 days after service of the Estimation Notice (the "Estimation
  Objection Deadline").

- If no Estimation Objection is filed and served by the Estimation Objection
  Deadline with respect to a particular Estimation Agreement, the Claim(s)
  addressed in the relevant Estimation Agreement will be temporarily
  allowed for voting purposes as set forth in the Estimation Agreement
  without further action of the parties or the Bankruptcy Court.

- If an Estimation Objection is timely filed and served, and such Estimation
  Objection is not resolved consensually by the parties, the Claim(s)

addressed in the relevant Estimation Agreement will not be temporarily allowed for voting purposes as set forth therein unless approved by an order of the Bankruptcy Court.  The Plan Proponents may schedule any such Estimation Objection and the related Estimation Agreement for hearing at any omnibus hearing before the Bankruptcy Court on not less than seven business days' notice.  Along with any notice of hearing on a contested Estimation Agreement, the Plan Proponents may file additional briefing in support of the agreement (a "Supplemental Brief"), and parties that filed Estimation Objections will have three business days from the service of the Supplemental Brief to file with the Bankruptcy Court and serve on the Plan Proponents a response to the Supplemental Brief.

e.    If a Claim is (i) either (a) not listed in the Schedules or (b) listed in the Schedules as contingent, unliquidated or disputed and (ii) a proof of Claim was not timely filed or deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, unless the Plan Proponents have consented otherwise in writing, such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).[1]

f.    If a Claim is submitted for resolution pursuant to the ADR Procedures at least 14 days before the Voting Deadline, the Claim will be temporarily allowed in the liquidated, noncontingent and undisputed amount, if any, identified in the Schedules on account of such Claim or, if such Claim is listed in the Schedules as contingent, unliquidated or disputed, the Claim will be temporarily allowed in the amount of $1.00.

g.    If the Plan Proponents have filed and served an objection to a Claim at least 14 days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection.  If an objection does not identify the proposed amount of a Claim (e.g., if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

h.    If the automatic stay has been modified by an order of the Bankruptcy Court at least 14 days before the Voting Deadline to permit a Claim to be adjudicated, in whole or in part, in another court (including an appellate court), such Claim will be temporarily allowed in the liquidated, noncontingent and undisputed amount, if any, identified in the Schedules on account of such Claim or, if such Claim is listed in the Schedules as contingent, unliquidated or disputed, the Claim will be temporarily allowed in the amount of $1.00.

i.    With respect to Notes, holders of such Notes as of the Record Date shall be solicited and cast votes on the Plan in accordance with customary procedures for soliciting and tabulating votes of public securities holders.  For the avoidance of doubt, any proofs of claim filed by individual Noteholders on their own behalf on account of ownership of the Notes shall be disallowed for voting purposes.   In addition, any proofs of claims filed by individual equity

---

[1]    Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

holders on account of their equity ownership shall be disallowed for voting purposes, and such holders will be served with the Notice of Non-Voting Status in accordance with customary procedures for noticing public securities holders.

j.      If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Plan Proponents have objected to such amended claim.

k.      For purposes of the numerosity and amount requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall not be aggregated (based on the reasonable efforts of the Plan Proponents and the Voting Agent) as if such creditor held one Claim in such Class, and the votes related to such Claims shall be treated as a single voteseparate votes to accept or reject the Plan (as applicable).

l.      If any portion of a single Claim has been transferred to a transferee, all holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (ii) required to vote every portion of such Claim collectively to either accept or reject the Plan.

m.      If a creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the latest dated properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

n.      Creditors are required to vote all of their Claims, as the case may be, within a particular Class under the Plan either to accept or reject the Plan and may not split their votes.

o.      In the event that (i) a Ballot, (ii) group of Ballots within a Plan class received from a single creditor or (iii) a group of Ballots received from the various holders of multiple portions of a single Claim partially rejects and partially accepts the Plan, such Ballots will not be counted.

p.      Any proof of claim not asserted in U.S. dollars shall be allowed to vote at $1.00 for voting purposes only.

q.      The Plan Proponents, in their discretion, and subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice.  Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Plan Proponents may, in their discretion, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

r.      Subject to contrary order of the Court, the Plan Proponents reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Plan Proponents, not be in accordance with the provisions of the Bankruptcy

Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

       s.     The following additional procedures shall apply with respect to tabulating master ballots:

     (1)    All Master Ballot Agents will be required to retain the Beneficial Owner Ballots cast by their respective Beneficial Owners for inspection for a period of one year following the Voting Deadline.

     (2)    Votes cast by holders of public securities through Master Ballot Agents will be applied to the applicable positions held by such Master Ballot Agents as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent shall not be counted in excess of the amount of public securities held by such Master Ballot Agent as of the Record Date.

     (3)    If conflicting votes or "over-votes" are submitted by a Master Ballot Agent, the Voting Agent shall use reasonable efforts to reconcile discrepancies with such Master Ballot Agent. The submission of a Beneficial Owner Ballot or a Master Ballot reflecting an aggregate amount of voting Claims that exceeds the record position as identified on record and depository listings, respectively, is referred to herein as an "over-vote."

     (4)    If over-votes are submitted by a Master Ballot Agent which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be counted in the same proportion as the votes to accept and to reject the Plan submitted by the Master Ballot Agent, but only to the extent of the Master Ballot Agent's Record Date position in the public securities.

     (5)    For the purposes of tabulating votes, each Beneficial Owner shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted.

     (6)    A single Master Ballot Agent may complete and deliver to the Voting Agent multiple master ballots. Votes reflected on multiple master ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last properly completed Master Ballot

received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior received Master Ballot.

# **EXHIBIT D**

## **(Proposed Confirmation Hearing Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
NII Holdings, Inc., et al.,[1]          :    Case No. 14-12611 (SCC)
                                        :
                    Debtors.            :    (Jointly Administered)
                                        :
---------------------------------------------------------------x

## NOTICE OF (A) DEADLINE
## FOR CASTING VOTES TO ACCEPTOR REJECT
## PLAN OF REORGANIZATION, (B) HEARING TO CONSIDER
## CONFIRMATION OF PLAN OF REORGANIZATION AND (C) RELATED MATTERS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      ~~The~~Certain of the above-captioned debtors and debtors in possession (collectively, the "Plan Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents") filed:  (a) the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors (~~[ — ~~527]~~)~~ (as the same may be amended or modified, the "Plan") on ~~December 22~~March 13, ~~2014~~2015; and (b) the related First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors (~~[ — ~~527]~~)~~ (as the same may be amended or modified, the "Disclosure Statement") on ~~December 22~~March 13, ~~2014~~2015.[2]

---

[1]     The Debtors in the jointly administered bankruptcy cases are comprised of the following ~~thirteen~~fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); ~~and~~NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

[2]     References to Exhibits and capitalized terms not otherwise defined in this Notice have the meanings given to them in the Motion for an Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement Notice (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, (IV) Approving Related Notice and Rights Offering Procedures and (V) Scheduling Hearing on Confirmation of Joint Plan of Reorganization (the "Motion"), filed by the Debtors on December 22, 2014, or, if not defined therein, in the Plan.  Copies of the Motion are available upon request from the Debtors' counsel.

2.      Pursuant to an order of the Court dated [_____] (the "Solicitation Procedures Order"), the Disclosure Statement and certain related materials (collectively, the "Solicitation Materials") have been approved for solicitation of votes to accept or reject the Plan.

3.      A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 623 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on ~~March 25~~June 3, 2015, at 10:00 a.m., Eastern time.

4.      Pursuant to the Solicitation Procedures Order, the Court approved certain procedures for tabulation of votes to accept or reject the Plan.  If you are the holder of a Claim against one of the Debtors as of ~~January 28~~April 20, 2015 (the record date as established by the Solicitation Procedures Order) in a class entitled to vote on the Plan, you have received with this Notice a ballot form (a "Ballot") and voting instructions appropriate for your Claim, as well as a copy of the Disclosure Statement and related solicitation materials.  The following procedures apply with respect to voting your Claim:

a.      Except as provided in subparagraph (b) below, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot and return the completed Ballot to the address indicated on the Ballot **so that it is received by 4:00 p.m., Eastern time, on ~~March 11~~May 20, 2015** (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.  ***You are encouraged to read the voting instructions carefully and review the Disclosure Statement before you vote.***

b.      IF YOUR CLAIM IS BASED ON OBLIGATIONS OWED UNDER A NOTE, SPECIAL VOTING PROCEDURES AND DEADLINES MAY APPLY.  YOU ARE URGED TO READ CAREFULLY ALL INSTRUCTIONS RECEIVED WITH YOUR SOLICITATION MATERIALS TO ENSURE THAT YOUR BALLOT IS PROPERLY COMPLETED AND TIMELY SUBMITTED.

c.      Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with the following tabulation rules approved by the Court in the Solicitation Procedures Order (collectively, the "Tabulation Rules"):

i.      Unless otherwise provided in the Tabulation Rules described below, a Claim will be deemed temporarily allowed for voting purposes in an amount equal to the amount claimed by the holder of such Claim in any proof of Claim filed by the applicable bar date (or otherwise deemed timely filed under applicable law) to the extent that the proof of Claim specifies a fixed or liquidated amount.  Any additional contingent or unliquidated amounts will be temporarily disallowed for voting purposes.

ii.    If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan.

iii.    If a Claim for which a proof of Claim has been timely filed is (i) wholly contingent, unliquidated or disputed (upon a reasonable review of the claim and the supporting documentation by the Plan Proponents or the Voting Agent) and/or (ii) does not otherwise specify a fixed or liquidated amount, such wholly contingent, unliquidated or disputed Claim will be temporarily allowed for voting purposes in the amount of $1.00.

iv.    If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, or by an agreement between the Plan Proponents and the creditor estimating or otherwise allowing a Claim for voting purposes (an "Estimation Agreement"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Bankruptcy Court.  The following shall apply to Estimation Agreements:

- With respect to any Estimation Agreement, the Plan Proponents must file a notice of such agreement (an "Estimation Notice") with the Bankruptcy Court and serve such Estimation Notice on the affected creditor and the following parties (collectively, the "Notice Parties"):

   - the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn: General Counsel);

   - counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

   - the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.);

   - counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

- counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

- counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

- Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

- Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

- Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

- counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.) ;

- the SEC; and

- all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

- Each Estimation Notice: (i) may address a single Claim or multiple Claims; (ii) shall describe the pertinent terms of the Estimation Agreement between the parties (including the amount(s) in which the creditor's Claim(s) will be temporarily allowed for voting purposes); and (iii) provide that the Notice Parties may file written objections to the Estimation Agreement described therein (an "Estimation Objection") and serve such objection on the Plan Proponents and the Notice Parties no later than 7 days after

service of the Estimation Notice (the "Estimation Objection Deadline").

- If no Estimation Objection is filed and served by the Estimation Objection Deadline with respect to a particular Estimation Agreement, the Claim(s) addressed in the relevant Estimation Agreement will be temporarily allowed for voting purposes as set forth in the Estimation Agreement without further action of the parties or the Bankruptcy Court.

- If an Estimation Objection is timely filed and served, and such Estimation Objection is not resolved consensually by the parties, the Claim(s) addressed in the relevant Estimation Agreement will not be temporarily allowed for voting purposes as set forth therein unless approved by an order of the Bankruptcy Court. The Plan Proponents may schedule any such Estimation Objection and the related Estimation Agreement for hearing at any omnibus hearing before the Bankruptcy Court on not less than 7 business days' notice. Along with any notice of hearing on a contested Estimation Agreement, the Plan Proponents may file additional briefing in support of the agreement (a "Supplemental Brief"), and parties that filed Estimation Objections will have three business days from the service of the Supplemental Brief to file with the Bankruptcy Court and serve on the Plan Proponents a response to the Supplemental Brief.

v. If a Claim is (i) either (A) not listed in the Schedules or (B) listed in the Schedules as contingent, unliquidated or disputed and (ii) a proof of Claim was not timely filed or deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, unless the Plan Proponents have consented otherwise in writing, such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).

vi. If a Claim is submitted for resolution pursuant to the ADR Procedures at least 14 days before the Voting Deadline, the Claim will be temporarily allowed in the liquidated, noncontingent and undisputed amount, if any, identified in the Schedules on account of such Claim or, if such Claim is listed in the Schedules as contingent, unliquidated or disputed, the Claim will be temporarily allowed in the amount of $1.00.

vii. If the Plan Proponents have filed and served an objection to a Claim at least 14 days before the Voting Deadline, such Claim will

be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection. If an objection does not identify the proposed amount of a Claim (e.g., if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

viii.    With respect to Notes, holders of such Notes as of the Record Date shall be solicited and cast votes on the Plan in accordance with customary procedures for soliciting and tabulating votes of public securities holders. For the avoidance of doubt, any proofs of claim filed by individual Noteholders on their own behalf on account of ownership of the Notes shall be disallowed for voting purposes. In addition, any proofs of claims filed by individual equity holders on account of their equity ownership shall be disallowed for voting purposes, and such holders will be served with the Notice of Non-Voting Status in accordance with customary procedures for noticing public securities holders.

ix.    If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Plan Proponents have objected to such amended claim

x.    For purposes of the numerosity and amount requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall not be aggregated (based on the reasonable efforts of the Plan Proponents and the Voting Agent) as if such creditor held one Claim against in such Class, and the votes related to such Claims shall be treated as a single vote separate votes to accept or reject the Plan (as applicable).

xi.    Any proof of claim not asserted in U.S. dollars shall be allowed to vote at $1.00 for voting purposes only.

xii.    The Plan Proponents, in their discretion, and subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Plan Proponents may, in their discretion, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

xiii.   Subject to contrary order of the Court, the Plan Proponents reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Plan Proponents, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Court.

xiv.   The following additional procedures shall apply with respect to tabulating master ballots:

- All Master Ballot Agents will be required to retain the Beneficial Owner Ballots cast by their respective Beneficial Owners for inspection for a period of one year following the Voting Deadline.

- Votes cast by holders of public securities through Master Ballot Agents will be applied to the applicable positions held by such Master Ballot Agents as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Master Ballot Agent shall not be counted in excess of the amount of public securities held by such Master Ballot Agent as of the Record Date.

- If conflicting votes or "over-votes" are submitted by a Master Ballot Agent, the Voting Agent shall use reasonable efforts to reconcile discrepancies with such Master Ballot Agent. The submission of a Beneficial Owner Ballot or a Master Ballot reflecting an aggregate amount of voting Claims that exceeds the record position as identified on record and depository listings, respectively, is referred to herein as an "over-vote."

- If over-votes are submitted by a Master Ballot Agent which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be counted in the same proportion as the votes to accept and to reject the Plan submitted by the Master Ballot Agent, but only to the extent of the Master Ballot Agent's Record Date position in the public securities.

- For the purposes of tabulating votes, each Beneficial Owner shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but

unpaid prepetition interest, with respect to the securities
thus voted.

- A single Master Ballot Agent may complete and deliver to
the Voting Agent multiple master ballots.  Votes reflected
on multiple master ballots shall be counted except to the
extent that they are duplicative of other Master Ballots.  If
two or more Master Ballots are inconsistent, the last
properly completed Master Ballot received prior to the
Voting Deadline shall, to the extent of such inconsistency,
supersede any prior received Master Ballot.

d.       The temporary allowance of your Claim for voting purposes does
not constitute an allowance of your Claim for purposes of receiving distributions under
the Plan and is without prejudice to the rights of the Plan Proponents in any other context,
including the right of the Plan Proponents to contest the amount, validity or classification
of any Claim for purposes of allowance and distribution under the Plan.  If you wish to
challenge (i) the classification of your Claim or (ii) the allowance of your Claim for
voting purposes in accordance with the Tabulation Rules, you must file a motion,
pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order
temporarily allowing your Claim in a different amount or classification for purposes of
voting to accept or reject the Plan and serve such motion on counsel for each of the Plan
Proponents identified below so that it is received by the later of (i) ~~March 4~~May 13, 2015
or (ii) ten days after the date of service of a notice of objection, if any, to your Claim.
Unless the Court orders otherwise, your Claim will not be counted for voting purposes in
excess of the amount determined in accordance with the Tabulation Rules.

5.       Classes 1A – 1E (Priority Claims), 2A – 2E (Secured Claims), 9A – 9E~~C~~
(Convenience Claims), 11A – 11E (Non-Debtor Affiliate Claims) and 13B – 13E (Subsidiary
Debtor Equity Interests) under the Plan are unimpaired and, therefore, are conclusively presumed
to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code. Classes 8E
(General Unsecured Claims as against NII Mercosur, LLC, Airfone Holdings, LLC or McCaw
International (Brazil), LLC), 10A – 10E (Section 510 Claims) and 12A (NII Interests) under the
Plan are impaired, but shall not receive any Distribution pursuant to the Plan, and therefore,
consistent with section 1126(g) of the Bankruptcy Code, will be deemed to have rejected the
Plan.  For the foregoing reasons, solicitation of Classes 1A – 1E, 2A – 2E, 8E (as against NII
Mercosur, LLC, Airfone Holdings, LLC or McCaw International (Brazil), LLC), 9A – 9E~~C~~, 10A
– 10E, 11A – 11E, 12A and 13B – 13E (collectively, the "Non-Voting Classes") under the Plan
is not required, and no Ballots have been proposed for creditors and equity security holders in
these classes.  Each holder of a claim or interest in the Non-Voting Classes that is not a Debtor or
an affiliate of a Debtor will receive a Notice of Non-Voting Status.

6.       In connection with confirmation of the Plan, the Plan Proponents are
seeking approval of certain releases, including releases of certain nondebtor entities, that will
become effective and binding on the Effective Date in accordance with the terms of the Plan and
the Confirmation Order.  These releases are described in detail in the Disclosure Statement.

7.    Objections, if any, to the confirmation of the Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Court and served on the following parties **so that they are received no later than 4:00 p.m., Eastern time, on** ~~March 11~~**May 20, 2015**:

i.      the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

ii.     counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

iii.    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.);

iv.     counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

v.      counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

vi.     counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

vii.    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

viii.   Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

ix.     Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

x.      counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn: Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

xi.     the SEC; and

xii.    all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

89.    For purposes of filing pleadings in these cases, the address of the Court is One Bowling Green, New York, New York 10004-1408.  Attorneys may also file pleadings on the Bankruptcy Court's  Document Filing System (ECF) by completing and submitting the Electronic Filing Registration Form, available at http://www.nysb.uscourts.gov.

910.    Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made in writing to NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022.  In addition, any party may review the Plan, the Disclosure Statement and related exhibits without charge via the internet at cases.primeclerk.com/nii.

1011.    The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

Dated:  **[Date]**, 20142015
**[BY ORDER OF THE COURT]**

_/s/_____          _/s/_____
Scott J. Greenberg                    Kenneth H. Eckstein
Lisa Laukitis                         Adam C. Rogoff
JONES DAY                             Stephen D. Zide
222 East 41st Street                  KRAMER LEVIN NAFTALIS & FRANKEL
New York, New York  10017             LLP
Telephone:  (212) 326-3939            1177 Avenue of the Americas
Facsimile:  (212) 755-7306            New York, New York 10036
                                      Telephone: (212) 715-9100 Facsimile: (212)
    - and -                           715-8100

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)    ATTORNEYS FOR THE OFFICIAL
JONES DAY                             COMMITTEE OF UNSECURED
North Point                          CREDITORS
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

**EXHIBIT E**

**(Proposed Solicitation Package and General Procedures)**

## THE SOLICITATION PACKAGE AND GENERAL PROCEDURES

a.      The Solicitation Package, comprised of the materials required to be provided to holders of Claims under Bankruptcy Rule 3017(d), will be mailed to appropriate parties in interest after the Bankruptcy Court has approved the contents of the Disclosure Statement as containing adequate information, as required by section 1125 of the Bankruptcy Code.  Specifically, the Debtors will mail Solicitation Packages or cause such Solicitation Packages to be mailed by U.S. mail, postage prepaid, to holders of Claims in classes entitled to vote on the Plan.

b.      Solicitation Packages will contain copies of the following items:

i.      a cover letter describing (1) the contents of the Solicitation Package, (2) the contents of any enclosed CD-ROM and instructions for use of the CD-ROM and (3) information about how to obtain, at no charge, hard copies of any materials provided on the CD-ROM;

ii.      the Confirmation Hearing Notice;

iii.      the order approving the Disclosure Statement (excluding the exhibits thereto);

iv.      the Disclosure Statement together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing, except as set forth below,[1]

v.      any letters from (i) the Debtors, recommending acceptance of the Plan and (ii) certain other constituencies setting forth their recommendations with respect to the Plan;[2] and

---

[1]      The Disclosure Statement and the Plan, including exhibits, are voluminous.  Accordingly, to reduce substantially the administrative costs associated with printing and mailing such a voluminous document, the Debtors may elect to serve the Disclosure Statement and the Plan (including exhibits) via CD-ROM instead of in printed format to all parties (while reserving the right to serve printed copies of the Solicitation Packages, as described below).  This procedure has been approved in other large chapter 11 cases in this District.  See, e.g., In re Excel Mar. Carriers Ltd., No. 13-23060 (RDD) (Bankr. S.D.N.Y. Dec. 10, 2013); In re Old Carco LLC (f/k/a/ Chrysler LLC), Case No. 09-50002 (AJG) (Bankr. S.D.N.Y.  Jan. 21, 2010); In re Frontier Airlines Holdings, Inc., No. 08-11298 (RDD) (Bankr. S.D.N.Y. July 22, 2009); In re Northwest Airlines Corp., No. 05-17930 (ALG) (Bankr. S.D.N.Y. Mar. 30, 2007).

Should the Debtors elect to serve printed copies of the Solicitation Packages, the Debtors propose to exclude from the Solicitation Packages all exhibits to the Plan and the Disclosure Statement that contain publicly available documents previously filed by the Debtors with the United States Securities and Exchange Commission.  Because these publicly-filed documents aggregate hundreds of pages, including them within a paper service of the Solicitation Packages would significantly increase the cost of printing and mailing the Solicitation Packages.

      vi.     for holders of Claims in voting Classes, an appropriate form of Ballot, a pre-paid, pre-addressed Ballot return envelope and such other materials as the Court may direct.

      c.     In addition to the service procedures outlined above (and to accommodate creditors who wish to review exhibits not included in the Solicitation Packages in the event of paper service): (a) the Plan, the Disclosure Statement and, once they are filed, all exhibits to both documents will be made available at no charge via the internet at cases.primeclerk.com/nii; (b) the Debtors will provide parties in interest (at no charge) with hard copies of the Plan and/or Disclosure Statement (excluding any publicly filed exhibits) upon written request; and (c) the Debtors will separately file copies of all exhibits to the Plan and Disclosure Statement with the Court no later than seven days before the Confirmation Hearing.

      d.     Solicitation Packages for holders of Claims or Interests in the Non-Voting Classes under the Plan will include only the Confirmation Hearing Notice and the Notice of Non-Voting Status.

      e.     Except as described above or on Exhibit F, the Solicitation Packages will be mailed not less than twenty-eight days prior to the Confirmation Objection Deadline to:

      i.     the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee");

      ii.     all persons or entities that have timely filed proofs of Claim on or before the Record Date (or their transferees in accordance with the Motion);

      iii.     all persons or entities identified in the Debtors' respective schedules of assets and liabilities (collectively with any amendments thereto, the "Schedules") as holding liquidated, noncontingent, undisputed Claims as of the Record Date (or their transferees in accordance with the Motion);

      iv.     all other known holders of Claims or Interests against the Debtors, if any, as of the Record Date;

      v.     all parties in interest that have filed notices in accordance with Bankruptcy Rule 2002 in the Debtors' chapter 11 cases on or before the Record Date; and

---

[2]    The Debtors reserve the right to include letters setting forth recommendations with respect to the Plan in the Solicitation Package. The Debtors intend to file copies of any such letters with the Court prior to the hearing on the Motion.

vi.     all parties to executory contracts or unexpired leases with the Debtors, as reflected on the Debtors' books and records or the Schedules, (A) that have not previously been assumed and assigned pursuant to an order of the Court and (B) that have not previously been rejected by an order of the Court, or have been rejected but with respect to which the bar date for asserting rejection damages claims has not passed as of the Record Date.

f.      Solicitation Packages will be mailed to known holders of Claims against the Debtors at the following addresses:  (a) for persons or entities that have filed proofs of Claim, at the address provided on the face of the filed proof of Claim; (b) for persons or entities listed on the Debtors' Schedules, at the most current address contained in the Debtors' books and records; and (c) at the address for a Claim transferee set forth in a valid notice of transfer of Claim or the address provided in any requests for notice filed in accordance with Bankruptcy Rule 2002.  Solicitation Packages will be mailed to Noteholders as described on Exhibit F.

g.      On **[Date]**, the Plan Proponents served notice of the hearing to approve the Disclosure Statement (the "Disclosure Statement Notice") on the following parties in accordance with Bankruptcy Rule 2002:  (a) the U.S. Trustee; (b) counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively; (c) counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes; (d) counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes; (e) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York  10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes; (f) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP; (g) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company; (h) counsel for the Creditors' Committee; (i) all persons or entities that have filed proofs of claim in the Debtors' cases that have not been previously disallowed by order of this Court and have been processed by the Debtors' claims agent prior to the mailing of the Disclosure Statement Notice; (j) all persons or entities listed in the Debtors' respective schedules of assets and liabilities, and any amendments thereto (collectively, the "Schedules"); (k) all holders the Debtors' public securities; (l) the Securities and Exchange Commission (the "SEC"); (l) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases; and (m) any other known holders of claims or potential claims against the Debtors (collectively, the "Notice Parties").

h.      Given the size of the mailing, the Plan Proponents anticipate that a number of the Disclosure Statement Notices will be returned by the United States Postal

Service as undeliverable as a result of incomplete or inaccurate addresses (collectively, the "Undeliverable Addresses").  The Plan Proponents believe that it would be costly and wasteful to mail Solicitation Packages to the Undeliverable Addresses.  Therefore, the Plan Proponents request that they be excused from mailing Solicitation Packages to those entities for which the Plan Proponents have only Undeliverable Addresses unless the Plan Proponents are provided with accurate addresses for such entities, in writing, on or before February 11, 2015.  If a Solicitation Package is returned as undeliverable, the Voting Agent shall resend such Solicitation Package only once, provided that the United States Post Office has included a forwarding address at least seven business days before the Voting Deadline.

# EXHIBIT F

**(Noteholder Solicitation Procedures)**

## SPECIAL SOLICITATION PROCEDURES FOR NOTEHOLDERS

       a.     The Plan Proponents will cause a Solicitation Package or Packages to be mailed by first class mail, postage prepaid, to (i) each Directly Registered Holder of the Notes and (ii) each Master Ballot Agent for distribution to Beneficial Owners as of the Record Date, in the manner described below.

       b.     Pursuant to Bankruptcy Rules 1007(i) and 3017(e), to permit such mailing and facilitate the transmittal of Solicitation Packages to Directly Registered Holders and Beneficial Owners of Notes, the Indenture Trustees will be required to provide the following documents to the Plan Proponents within two (2) business days after the Record Date:  (i) a list in appropriate electronic or other format agreed to by the Plan Proponents containing the names, addresses and holdings of the respective Directly Registered Holders (a "Record Holder Register"); or (ii) confirmation that there are no Directly Registered Holders.

       c.     Not less than twenty-eight days prior to the Confirmation Objection Deadline, the Debtors (or the Debtors' agent) will send each Directly Registered Holder (if any) a Solicitation Package containing the Beneficial Owner Ballot. The Beneficial Owner Ballot must be completed and returned to the Voting Agent so that it is received prior to the Voting Deadline.

       d.     The Voting Agent will deliver to each Master Ballot Agent a Master Ballot[1] and the requisite number of Solicitation Packages with the appropriate Beneficial Owner Ballots.

       e.     The Master Ballot Agents will be required to distribute the Solicitation Packages they receive as promptly as possible to the Beneficial Owners for whom they provide services.  In particular, to obtain the votes of the Beneficial Owners, the Master Ballot Agents will include as part of each Solicitation Package sent to a Beneficial Owner a Beneficial Owner Ballot and a pre-paid return envelope provided by and addressed to the Master Ballot Agent.  The Beneficial Owners then must return the Beneficial Owner Ballots to the Master Ballot Agent in the manner and by the deadline directed by the Master Ballot Agent in the instructions accompanying the Beneficial Owner Ballots.[2]  Upon receipt of the completed Beneficial Owner Ballots from the Beneficial Owners, the Master Ballot Agent will summarize the votes of its respective Beneficial Owners on a Master Ballot in accordance with the instructions attached to the Master Ballot.  See the Master Ballots attached as part of Exhibit B.  The Master Ballot Agent must return the Master Ballot to the Voting Agent so that it is received prior to the Voting Deadline.

---

[1]    In accordance with customary securities solicitation procedures, the Master Ballots will be distributed to Master Ballot Agents approximately seven (7) days after the initial solicitation mailing.

[2]    Prior to distributing the Beneficial Owner Ballots, the Master Ballot Agents will be required to fill in the information on the Beneficial Owner Ballots regarding the manner and deadline for submission of such Ballots.  See the Beneficial Owner Ballots attached hereto as part of Exhibit B.

f.      Upon written request, the Debtors will reimburse such entities (or their agents) in accordance with customary procedures for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described above.  No other fees, commissions or other remuneration will be payable to any Master Ballot Agent (or their agents or intermediaries) in connection with the distribution of Solicitation Packages to Beneficial Owners or the completion of Master Ballots.

g.      With respect to the tabulation of Ballots cast by Directly Registered Owners and Beneficial Owners of Notes, the following procedures will apply:

i.      All Master Ballot Agents will be required to retain the Beneficial Owner Ballots cast by their respective Beneficial Owners for inspection for a period of one year following the Voting Deadline.

ii.     Votes cast by holders of public securities through Master Ballot Agents will be applied to the applicable positions held by such Master Ballot Agents as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Master Ballot Agent shall not be counted in excess of the amount of public securities held by such Master Ballot Agent as of the Record Date.

iii.    If conflicting votes or "over-votes" are submitted by a Master Ballot Agent, the Voting Agent shall use reasonable efforts to reconcile discrepancies with such Master Ballot Agent.  The submission of a Beneficial Owner Ballot or a Master Ballot reflecting an aggregate amount of voting Claims that exceeds the record position as identified on record and depository listings, respectively, is referred to herein as an "over-vote."

iv.     If over-votes are submitted by a Master Ballot Agent which are not reconciled prior to the preparation of the certification of vote results, the votes to accept and to reject the Plan shall be counted in the same proportion as the votes to accept and to reject the Plan submitted by the Master Ballot Agent, but only to the extent of the Master Ballot Agent's Record Date position in the public securities.

v.      For the purposes of tabulating votes, each Beneficial Owner shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its public securities; any principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted.

vi.    A single Master Ballot Agent may complete and deliver to the Voting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior received Master Ballot.

vii.    The tabulation of votes by Directly Registered Holders and Beneficial Owners will be subject to the additional provisions contained in Exhibit C.

**EXHIBIT G**

**(Notice of Non-Voting Status)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
NII Holdings, Inc., et al.,[1]          :   Case No. 14-12611 (SCC)
                                        :
                        Debtors.        :   (Jointly Administered)
                                        :
--------------------------------------------------------------x
```

**NOTICE OF NON-VOTING STATUS UNDER JOINT PLAN**
**OF REORGANIZATION PROPOSED BY THE PLAN DEBTORS AND DEBTORS**
**IN POSSESSION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

      1.      On September 15, 2014, certain of the Debtors (the "Original Debtors") commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  On October 8, 2014, four of the Original Debtors' affiliates also filed chapter 11 bankruptcy petitions.

      2.      On **[Date]**, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of Disclosure Statement Notice; (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, and (IV) Approving Related Notice and Rights Offering Procedures and (V) Scheduling Hearing on Confirmation of Plan of Reorganization ([Docket No. [___]]) (the "Solicitation Procedures Order").

      3.      Among other things, the Solicitation Procedures Order:  (a) approved the First Amended Disclosure Statement for First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated December 22, 2014 (March 13, 2015 [Docket No. [___527]]) (as the same may be amended or modified, the "Disclosure Statement"); (b) established certain procedures

---

[1]    The Debtors in the jointly administered bankruptcy cases are comprised of the following thirteenfourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); and NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

(collectively, the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the First Amended Joint Plan of Reorganization Proposed by the Plan Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated ~~December 22, 2014~~ (March 13, 2015 [Docket No. ~~[_____527]~~]) (as the same may be amended or modified, the "Plan"); (c) approved the contents of the proposed solicitation packages to be distributed to the Debtors' stakeholders and other parties in interest who are entitled to vote in connection with the solicitation of votes on the Plan (collectively, the "Solicitation Packages"); and (d) scheduled a hearing on confirmation of the Plan (the "Confirmation Hearing") and approved certain related notice procedures.

4.      Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and/or the Solicitation Procedures Order, the Plan Proponents:  (a) are required to provide Solicitation Packages to all creditors and equity security holders entitled to vote on the Plan; and (b) are not required to provide Solicitation Packages to holders of claims or interests in classes under the Plan that are conclusively presumed to either accept or reject the Plan (collectively, the "Non-Voting Classes").

5.      **UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IN CLASSES 1A – 1E, 2A – 2E, 8E (AS AGAINST NII MERCOSUR, LLC, AIRFONE HOLDINGS, LLC OR MCCAW INTERNATIONAL (BRAZIL), LLC), 9A – 9~~E~~C, 10A – 10E, 11A – 11E, 12A AND 13B – 13E, IS/ARE  NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**  Accordingly, pursuant to the Solicitation Procedures approved at paragraph [__] of the Solicitation Procedures Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Disclosure Statement and the Plan.  Should you wish to obtain a copy of either the Disclosure Statement or the Plan, copies of either document (including any exhibits thereto) are available at no charge via the internet at cases.primeclerk.com/nii.  Copies of either the Disclosure Statement or the Plan (excluding any publicly-filed exhibits thereto) are also available upon a written request made to the NII Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, NY 10022.

6.      If you wish to challenge the Plan Proponents' classification of your Claim, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "Rule 3018 Motion"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Plan Proponents so that it is received by the later of (a) March 4, 2015 or (b) ten days after the date of service of a notice of an objection, if any, to your Claim or Interest.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to ~~March 11~~May 20, 2015 (i.e., the last date fixed for creditors to vote to accept or reject the Plan).  Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

7.      The Confirmation Hearing will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Room 623 of the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 **on ~~March 25~~June 3, 2015, at 10:00 a.m., Eastern time**.  The Confirmation Hearing may be continued from time to

time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

8.      Objections, if any, to the confirmation of the Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court at the address set forth in the preceding paragraph and served on the following parties **so that they are received no later than 4:00 p.m., Eastern time, on ~~March 25~~May 20, 2015**:

(i)      the Debtors, c/o NII Holdings, Inc., 1875 Explorer Street, Suite 800, Reston, Virginia 20190 (Attn:  General Counsel);

(ii)     counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Scott J. Greenberg, Esq. and Lisa Laukitis, Esq.); Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn:  David G. Heiman, Esq. and Carl E. Black, Esq.);

(iii)    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan D. Golden, Esq. and Brian Masumoto, Esq.);

(iv)     counsel to Wilmington Savings Fund Society, FSB, solely in its capacities as the trustee under the indentures governing the 10% Capco Notes and the 7.625% Capco Notes, respectively;

(v)      counsel to U.S. Bank National Association, solely in its capacity as the trustee under the indenture governing the 8.875% Capco Notes;

(vi)     counsel to Wilmington Trust, National Association, solely in its capacities as the trustee under each indenture governing the 7.875% Luxco Notes and the 11.375% Luxco Notes;

(vii)    Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn:  Paul M. Basta, Esq. and Christopher Marcus, Esq.) on behalf of the ad hoc group of holders of the Luxco Notes;

(viii)   Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Daniel H. Golden, Esq. and David H. Botter, Esq.) on behalf of Aurelius Capital Management, LP;

(ix)     Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York  10019 (Attn:  Andrew Rosenberg, Esq. and Elizabeth McColm, Esq.) on behalf of entities managed by Capital Research and Management Company;

(x)    counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel
LLP, 1177 Avenue of the Americas, New York, New York 10036 (Attn:
Kenneth H. Eckstein, Esq. and Stephen D. Zide, Esq.);

(xi)    the SEC; and

(xii)    all other parties in interest that have filed requests for notice pursuant to
Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

Dated:  **[Date]**, ~~2014~~2015

**[BY ORDER OF THE COURT]**

   /s/   _____          /s/   _____

Scott J. Greenberg                  Kenneth H. Eckstein
Lisa Laukitis                       Adam C. Rogoff
JONES DAY                           Stephen D. Zide
222 East 41st Street                KRAMER LEVIN NAFTALIS & FRANKEL
New York, New York  10017           LLP
Telephone:  (212) 326-3939          1177 Avenue of the Americas
Facsimile:  (212) 755-7306          New York, New York 10036
                                    Telephone: (212) 715-9100 Facsimile: (212)
   - and -                          715-8100

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)    ATTORNEYS FOR THE OFFICIAL
JONES DAY                           COMMITTEE OF UNSECURED
North Point                         CREDITORS
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## EXHIBIT H

### (Rights Offering Procedures

| Summary report: Litéra® Change-Pro TDC 7.5.0.96 Document comparison done on 3/13/2015 9:26:44 PM | |
|---|---|
| **Style name:** JD Color With Moves | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:**iw://NYI/NYI/524643971/1 | |
| **Modified DMS:** iw://NYI/NYI/524645375/1 | |
| **Changes:** | |
| Add | 104 |
| Delete | 85 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 190 |