JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Scott J. Greenberg
Lisa Laukitis

 - and -

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re: : Chapter 11
:
NII Holdings, Inc., et al.,[1] : Case No. 14-12611 (SCC)
:
               Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

## NOTICE OF DISMISSAL OF
## BANKRUPTCY CASE OF NEXTEL INTERNATIONAL (URUGUAY), LLC

---

[1] The Debtors in the jointly administered bankruptcy cases are comprised of the following fourteen entities (the last four digits of their respective U.S. taxpayer identification numbers follow in parentheses): NII Holdings, Inc. (1412); Nextel International (Services), Ltd. (6566); NII Capital Corp. (6843); NII Aviation, Inc. (6551); NII Funding Corp. (6265); NII Global Holdings, Inc. (1283); NII International Telecom S.C.A. (7498); NII International Holdings S.à r.l. (N/A); NII International Services S.à r.l. (6081); Airfone Holdings, LLC (1746); Nextel International (Uruguay), LLC (5939); McCaw International (Brazil), LLC (1850); NII Mercosur, LLC (4079); and NIU Holdings LLC (5902).  The location of the Debtors' corporate headquarters and the Debtors' service address is: 1875 Explorer Street, Suite 800, Reston, VA 20190.

**PLEASE TAKE NOTICE THAT:**

1. On October 8, 2014, Nextel International (Uruguay), LLC (the "Company Parent") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Company Parent's bankruptcy case, Case No. 14-12844 (SCC) (the "Company Parent Case"), is being administered jointly under Case No. 14-12611 (SCC) (the "Chapter 11 Cases").

2. On January 27, 2015, the debtors and debtors in possession (collectively, the "Debtors") in the Chapter 11 Cases, including the Company Parent, filed a motion [Docket No. 406] seeking the entry of an order (the "Sale Order")[2] (i) approving that certain Purchase and Sale Agreement (collectively with all exhibits and schedules thereto and all ancillary documents and agreements (including the Transition Services Agreement and Escrow Agreement), and as any may be further amended, modified or supplemented in accordance with the terms hereof and thereof, the "Purchase Agreement"), dated as of January 26, 2015, by and among NIHD Telecom Holdings B.V., NIU Holdings LLC ("Seller"), Company Parent, Comunicaciones Nextel de México, S.A. de C.V., NII International Telecom S.C.A., NII International Holdings S.à.r.l., NII Global Holdings, Inc., NII Capital Corp., NII Holdings, Inc. and New Cingular Wireless Services, Inc.; (ii) authorizing all of the transactions contemplated by the Purchase Agreement, including the sale by Seller of the membership interests in Company Parent free and clear of all 363 Interests[3] (the "Sale") pursuant to and in accordance with the Purchase Agreement;

---

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Sale Order. To the extent this Dismissal Notice is inconsistent in any respect with the Sale Order, the terms of the Sale Order shall govern.

[3] The term "363 Interests" means interests, as such term is used in section 363(f) of the Bankruptcy Code, and which includes all Encumbrances and Liabilities (each as defined in the Purchase Agreement), whether direct or indirect, absolute, contingent, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, material or non-material, disputed or undisputed, known or unknown, matured or unmatured, liquidated or unliquidated, arising or imposed by

(iii) approving the assumption by Seller and novation by Company Parent of all Company Parent 363 Interests[4] and enjoining the enforcement of Company Parent 363 Interests against Company Parent; (iv) subject to the occurrence of the Closing, authorizing and directing the dismissal of the Company Parent Case pursuant to section 1112(b) of the Bankruptcy Code; and (v) granting certain related relief.

3. On February 17, 2015, the Debtors filed on the docket of the Chapter 11 Cases a notice regarding (i) the Sale and (ii) the proposed dismissal of the Company Parent Case [Docket No. 473] (the "Sale and Dismissal Notice"). On February 20, 2015, the Sale and Dismissal Notice was served via first-class mail on the parties identified on the Creditor Matrix Service List attached as Exhibit A to the *Affidavit of Service* [Docket No. 496].

4. On February 23, 2015, a publication version of the Sale and Dismissal Notice (the "Publication Notice") was published in the global edition of *The Wall Street Journal* and in *Reforma*, a leading newspaper in Mexico. See *Affidavit of Publication* [Docket No. 494]. In addition, the Publication Notice was published on the Debtors' case website at http://cases.primeclerk.com/nii.

5. On March 23, 2015, the Court entered the Sale Order [Docket No. 575] in the Chapter 11 Cases. It is anticipated that the Closing of the Sale will occur on approximately April 30, 2015.

6. In accordance with paragraph 13 of the Sale Order and pursuant to sections 105(a) and 363 of the Bankruptcy Code, upon the consummation of the transactions set

---

(continued…)

    agreement, understanding, law, equity, statute, or otherwise, and whether arising prior to, on or after the commencement of any Chapter 11 Cases, which 363 Interests include, without limitations, any claims arising from or in connection with the Funded Debt.

[4]     The term "Company Parent 363 Interests" means all 363 Interests that have been or at any time could be asserted against Company Parent or its assets, including the Company Shares.

forth in the Purchase Agreement, Seller shall assume from Company Parent, and Company Parent shall have been deemed to novate, all Company Parent 363 Interests to Seller, and following such assumption and novation, Company Parent shall have no liability therefor.

7. Pursuant to paragraph 15 of the Sale Order, all Company Parent 363 Interests shall attach to the net proceeds of the Sale when received by the Seller, in the order of their priority, with the same validity, force and effect which they now have as against Company Parent and subject to any claims or defenses the Debtors, their estates or other parties may possess with respect to such Interests; *provided* that the Company Parent 363 Interests shall rank senior in right of payment to the Seller 363 Interests.

8. Pursuant to paragraph 34 of the Sale Order, immediately prior to the Closing, the Debtors are authorized and directed to file this notice of dismissal (this "Dismissal Notice") of the Company Parent Case, and upon this filing, the Company Parent Case shall be dismissed pursuant to the terms of the Sale Order and sections 305(a) and 1112(b) of the Bankruptcy Code.

9. Pursuant to paragraph 35 of the Sale Order, the Clerk of the Court is authorized and directed to promptly take all actions to close the Company Parent Case. For the avoidance of doubt, the dismissal of the Company Parent Case will have no effect on the other Chapter 11 Cases with which it is jointly administered.

10. Notwithstanding section 349 of the Bankruptcy Code or otherwise, all orders entered in the Company Parent Case shall survive the dismissal and closing of the Company Parent Case.

11. In respect of the Company Parent Case, the Debtors will pay to the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930 and any applicable

interest pursuant to 31 U.S.C. § 3717 within one (1) business day of the filing of this Dismissal Notice and simultaneously provide to the U.S. Trustee an appropriate affidavit indicating the cash disbursements of Company Parent for the relevant quarterly period. In addition, the Debtors have filed all required reports with the Court.

12. Professional fee administrative claims related to the Company Parent Case may continue to be sought through the filing of appropriate applications in the Chapter 11 Cases; *provided* such claims shall be asserted only against Seller or its other affiliated debtors, and not Company Parent.

13. Copies of this Dismissal Notice and the Sale Order may be obtained from the Court's website at http://ecf.nysb.uscourts.gov or, free of charge, at http://cases.primeclerk.com/nii/.

Dated: April 30, 2015
New York, New York

Respectfully submitted,

  /s/  Scott J. Greenberg
Scott J. Greenberg
Lisa Laukitis
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

- and -

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION