Hearing Date and Time: TBD
Objection Deadline: TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NII HOLDINGS, INC., *et al.*, | Case No. 14-12611 (SCC) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING**
**MOTION OF MOTOROLA SOLUTIONS, INC. FOR ALLOWANCE OF**
**ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)**

    **PLEASE TAKE NOTICE** that on **Monday, July 20, 2015**, the undersigned filed its *Motion of Motorola Solutions, Inc. for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* (the "**Motion**") electronically via the United States Bankruptcy Court, Southern District of New York Official Court Electronic Document Filing System, and served the Motion in accordance with the attached Certificate of Service.

Dated: New York, New York
       July 20, 2015

                                              By: /s/ *Jonathan W. Young*_____

                                          **LOCKE LORD LLP**
                                          Jonathan W. Young (admitted *pro hac vice*)
                                          Michael B. Kind
                                          111 S. Wacker Drive
                                          Chicago, IL 60606
                                          Telephone: (312) 443-0700
                                          Facsimile: (312) 443-0336
                                          jonathan.young@lockelord.com
                                          michael.kind@lockelord.com

                                          and

                                          Jeffrey Kramer
                                          Three World Financial Center Suite 2001
                                          New York, NY 10281-2101
                                          Telephone: (212) 415-8600
                                          Facsimile: (212) 303-2754
                                          jkramer@lockelord.com
                                          *Attorneys for Motorola Solutions, Inc.*

**Certificate of Service**

      I, Jonathan W. Young, an attorney, certify that I caused a copy of the attached *Motion of Motorola Solutions, Inc. for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* to be served on the following party via messenger and by the Court's ECF System on the date hereof.

Scott J. Greenberg, Esq.
Michael J. Cohen, Esq.
George R. Howard, Esq.
JONES DAY
222 East 41st Street
New York, New York 10017

*Attorneys for the Debtors and
Debtors in Possession*

Date: July 20, 2015

    */s/ Jonathan W. Young*
    Jonathan W. Young (admitted *pro hac vice*)
    LOCKE LORD LLP
    111 South Wacker Drive
    Chicago, Illinois 60606
    Telephone: 312-443-0700
    Facsimile: 312-443-0336
    jonathan.young@lockelord.com

**Hearing Date and Time: TBD**
**Objection Deadline: TBD**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NII HOLDINGS, INC., *et al.*, | Case No. 14-12611 (SCC) |
| Debtors. | Jointly Administered |

**MOTION OF MOTOROLA SOLUTIONS, INC. FOR ALLOWANCE OF**
**ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)**

Motorola Solutions, Inc. ("**Motorola**"), by its undersigned counsel, hereby respectfully moves this Court for entry of an order, substantially in the form of the attached proposed order, seeking an administrative expense claim (the "**Motorola Administrative Claim**") for goods and services provided to the above-captioned debtors during the post-petition period. While Motorola understands and expects that the amounts owing will be reconciled and paid in the ordinary course, Motorola is making and filing this claim on a protective basis, in order to reserve and assert all of its rights and claims in this regard. In support of this Motion, Motorola respectfully states as follows.

**Preliminary Statement**

1. Motorola is a counterparty to certain contracts with Debtor NII Holdings, Inc. ("**Holdings**") and others concerning the sale of telecommunications products by Motorola. Throughout the Debtors' chapter 11 proceedings, Motorola has continued to provide goods and services to Holdings pursuant to the terms of the agreements. Accordingly, Motorola has an administrative expense claim against Holdings under the applicable agreements for goods and services provided, allocable to the post-petition period, or otherwise owing under agreements assumed by the Debtors.

2. Motorola is still investigating the prepetition and postpetition amounts owing to it under the Agreements, however, and because this reconciliation is still ongoing, Motorola reserves the right to amend and/or supplement this Administrative Claim to claim any additional amounts it discovers owing to it under the Agreements and to which Motorola is entitled in order to cure the Debtors' default. Therefore, this Administrative Claim is filed in an unliquidated amount for each of the Debtors' proceedings, and has not yet been allocated between the various cases. Motorola reserves the right to amend this Administrative Claim to reflect such allocation or to seek a court order adjudicating such allocation. Because Motorola is currently investigating the elements of this Administrative Claim, this Administrative Claim is being filed, in part, as a protective administrative claim, and is filed to protect Motorola from the potential forfeiture of any and all rights against the Debtors.

## Jurisdiction

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory bases for the relief requested in this Application are section 105(a) and 503(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

## Background

6. Motorola is a supplier of iDEN systems and other telecommunications products and services to Holdings and certain of its operating subsidiaries in Brazil, Mexico and Argentina (the "**Subsidiaries**").

7. The parties' relationship is governed by those certain iDEN Infrastructure Equipment Supply Agreements by and among Holdings, various non-debtor subsidiaries and Motorola dated

June 30, 2000, as amended from time to time, together with all related agreements, schedules, exhibits, purchase orders, licenses and other undertakings between the parties (the "**Agreements**").[1]

8. The Agreements provide, among other things, the terms and conditions for the supply of equipment and services by Motorola to the Debtors and their affiliates, and includes product information as well as pricing and credit terms. The Agreements have been amended to extend the term of the agreements and update products, services and pricing.

9. Among other things, the Agreements provide for iGW License Fees to be paid by Holdings to Motorola. The iGW License Fees for calendar year 2014 are $3,000,000, paid in monthly installments of $250,000.

10. On or about September 15, 2014 (the "**Petition Date**"), Holdings filed a petition under chapter 11 of the Bankruptcy Code.

11. As of the Petition Date, Holdings was indebted to Motorola in the approximate amount of $10,800,000 (the "**Indebtedness**"). On December 19, 2014, Motorola filed a proof of claim (the "**Motorola Claim**"), attached hereto as **Exhibit A**, in the Debtors' bankruptcy case for the amount of the Indebtedness.

12. The basis for the Indebtedness and the Motorola Claim was Amendment 22 of the Master Agreement which requires Holdings and the Subsidiaries to purchase minimum product volumes with respect to various models, including but not limited to the Moto G Ferrari model. In 2014, Holdings and the Subsidiaries were required to purchase certain minimum volume of Moto G Ferrari product and had not yet done so, resulting in an amount due and owing to Motorola of $10.8MM. Moreover, the Motorola Claim stated that, to the extent any portion of the claim was

---

[1] According to their terms, the Agreements are required to be kept confidential. Production of the Agreements shall be subject to entry of appropriate confidentiality orders by the Bankruptcy Court.

entitled to priority, whether under 11 U.S.C. § 503(b)(9) or otherwise, Motorola asserts such priority to the fullest extent possible.

13. On June 19, 2015 the Debtors' First Amended Joint Plan of Reorganization Proposed by the Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors, dated June 19, 2015 [Docket No. 831, Appendix I] (the "**Plan**") was confirmed. *See Order* [Docket No. 831] (the "**Confirmation Order**"). The Plan went effective on June 26, 2015.

14. Motorola submits this Administrative Expense Claim pursuant to the *Notice of (I) Entry of Order Confirming the First Amended Joint Plan of Reorganization Proposed by the Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors and (II) Occurrence of the Effective Date of the Plan*, dated June 26, 2015 [Docket No. 848].

15. As of the date of this Motion, Motorola is continuing to investigate the extent to which it provided goods and services to Holdings under the Agreements that are allocable to the post-petition period, and therefore this Administrative Claim is being asserted in an unliquidated amount. In addition, Motorola is investigating the unfilled purchase commitments and similar obligations under the Agreements, for which Holdings has guaranteed payment and which may also be entitled to administrative expense priority.

**Relief Requested**

16. By this Motion, Motorola seeks an administrative expense claim in an unliquidated amount for goods and services provided to Holdings post-petition (or pursuant to agreements assumed by the Debtors). The goods and services provided to Holdings post-petition directly benefitted Holdings, as it enabled Holdings and its affiliates to maintain their operations and provide services to their customers throughout the bankruptcy proceedings. This Administrative Claim, therefore, asserts a postpetition claim for any obligations owing by the Debtors in connection with

the Motorola Claim to the extent that any of the amounts asserted in the Motorola Claim are entitled to administrative priority pursuant to section 503(b)(9) or sections 503(b) and 507(a) of the Bankruptcy Code or other administrative expense priority.[2]

17.    Section 503(b) of the Bankruptcy Code provides that, upon the request of a party in interest, and "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).  To qualify as an administrative expense under section 503(b)(1)(A), a claimant must demonstrate that the expense arises out of a transaction between the debtors and claimant, and that the transaction directly benefitted the debtors.  *See Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986); *In re Patient Educ. Media, Inc.*, 221 B.R. 97, 101 (Bankr. S.D.N.Y. 1998).

18.    Motorola provides a significant amount of iDEN goods and services used by Holdings and its affiliates on their networks.  By providing goods and services to Holdings post-petition, Motorola enabled Holdings and its affiliates to continue to provide such goods and services to their customer base.  Absent provisions of these goods and services, Holdings likely would have experienced interruption in the iDEN services, and would have been unable to provide suitable products to its customers.  Because Motorola's continued relationship with Holdings post-petition directly benefited Holdings, Motorola is entitled to an administrative expense claim in an unliquidated amount representing the goods and services provided to Holdings between the Petition Date and the date of this Motion.  Motorola also reserves the right to request immediate payment of its Administrative Claim in the event that such claim becomes liquidated.

19.    Because Motorola is continuing to investigate the extent to which it provided goods and services to Holdings under the Agreements that are allocable to the post-petition period and

---

[2] The foregoing relief is without prejudice to any additional claims, rights or remedies that Motorola may have.

because this reconciliation is still ongoing, this Administrative Claim is being asserted in an unliquidated amount. This Administrative Claim, therefore, is being filed, in part, as a protective administrative claim, and is filed to protect Motorola from the potential forfeiture of any and all rights against the Debtors.

## Conclusion

**WHEREFORE**, Motorola respectfully requests that the Court enter an order (i) allowing the Motorola Administrative Claim in an unliquidated amount and (ii) granting such other and further relief as may be just and fitting under the circumstances.

Dated: New York, New York
July 20, 2015

By: /s/ *Jonathan W. Young*

**LOCKE LORD LLP**
Jonathan W. Young
Michael B, Kind
111 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (312) 443-0336
jonathan.young@lockelord.com
michael.kind@lockelord.com

and

Jeffrey Kramer
Three World Financial Center Suite 2001
New York, NY 10281-2101
Telephone: (212) 415-8600
Facsimile: (212) 303-2754
jkramer@lockelord.com

*Attorneys for Motorola Solutions, Inc.*